UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                              CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8, *Federal Rules of Civil Procedure*, Defendants ROBERT B. MCCALLUM, JR., CHASE GREGORY, TUCKER GAFFEY, and FRANCO ALMEIDA ("Defendants") answer the numbered paragraphs of the Complaint and assert affirmative defenses as follows:

### JURISDICTION, VENUE, PARTIES

1. It is admitted that Plaintiff seeks to bring a claim for violation of his civil rights under the United States Constitution and Florida law, and that he seeks money damages. It is denied that Defendants are liable therefor.

2. The allegations of paragraph 2 are admitted for jurisdictional purposes only.

3. It is admitted that Plaintiff seeks to bring the designated claims. It is denied Defendants are liable therefor.

4. The allegations of paragraph 4 are admitted for jurisdictional purposes only.

5. The allegations of paragraph 5 are admitted.

6. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 6.

7. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 7.

8. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 8.

9. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 9.

10. It is admitted that Robert B. McCallum, Jr. was the elected Sheriff of Levy County, Florida, at all times material to the Complaint, that all actions by him were under color of law, and that he is the final policy maker for law-enforcement matters for the Levy County Sheriff's Office ("LCSO"), The remaining allegations of paragraph 10 are denied.

11. It is admitted that Chase Gregory was employed as a deputy with the LCSO in May 2019. It is further admitted that Plaintiff seeks to sue him in his individual capacity. The remaining allegations are denied. It is further denied that Defendant Gregory is liable to Plaintiff.

12. The allegations of paragraph 12 are admitted.

13. It is admitted that Tucker Gaffey was employed as a deputy with the LCSO in May 2019. It is further admitted that Plaintiff seeks to sue him in his individual capacity. The remaining allegations are denied. It is further denied that Defendant Gaffey is liable to Plaintiff.

14. The allegations of paragraph 14 are admitted.

15. It is admitted that Franco Almeida was employed as a deputy with the LCSO in May 2019. It is further admitted that Plaintiff seeks to sue him in his individual capacity. The remaining allegations are denied. It is further denied that Defendant Almeida is liable to Plaintiff.

16. The allegations of paragraph 16 are admitted.

17. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 17.

18. The allegations of paragraph 18 are denied.

19. Defendants are without knowledge as to, and therefore deny, any allegations with respect to Plaintiff's engagement of his counsel or entitlement to fees and costs. It is denied that Defendants should be liable for any attorney's fees or costs.

## FACTUAL ALLEGATIONS

20. It is admitted that in the early morning hours of May 25, 2019, a deputy with LCSO took a statement from the victim of an aggravated battery. The

remaining allegations of paragraph 20 are denied.

21.     It is admitted Detective Wilkinson took a statement from a female that she had been beaten by her boyfriend, Terry Dukes, Jr. The remaining allegations of paragraph 21 are denied.

22.     Probable cause existed for the arrest of Terry Dukes, Jr. on May 25, 2019. The remaining allegations of paragraph 22 are denied.

23.     The allegations of paragraph 23 are admitted as to the arrival at 900 Patterson Street; the remaining allegations of paragraph 23 are denied.

24.     Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 24.

25.     It is admitted no warrant existed for Plaintiff's arrest or for a search of his residence in the early morning hours of May 25, 2019. The remaining allegations of paragraph 25 are denied.

26.     The allegations of paragraph 26 are denied.

27.     It is admitted a LCSO report noted LCSO responded to twenty-one investigations involving Terry Dukes Jr. including one on April 18 at 900 Patterson Street. The remaining allegations of paragraph 27 are denied.

28.     It is admitted at least some of Defendants knew Terry Dukes, Jr. and/or what he looked like.

29.     It is admitted Plaintiff and Gregory had previously interacted with

each other. The remaining allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. It is admitted one or more Defendants knocked on the door of the house at 900 Patterson Street and announced their presence. The remaining allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. It is denied that Plaintiff was hard of hearing. Defendants are without knowledge as to, and therefore deny, the remaining allegations of paragraph 33.

34. It is admitted Plaintiff walked to the back door and opened it. The remaining allegations of paragraph 34 are denied.

35. It is admitted Plaintiff was naked. The remaining allegations of paragraph 35 are denied.

36. It is admitted Plaintiff walked to a bedroom after opening the back door. The remaining allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. It is admitted Defendant Gregory entered the house after Plaintiff opened the back door. The remaining allegations of paragraph 38 are denied.

39. It is admitted that deputies advised the back door was opened, that Gregory entered the house, and that Gaffey and Almeida entered the house. The

remaining allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The Fourth Amendment and case law speak for themselves, and Defendants deny any allegation inconsistent therewith.

42. The allegations of paragraph 42 are denied.

43. It is admitted the investigative report included the language quoted in paragraph 43. The remaining allegations of paragraph 43 are denied.

44. It is admitted the quoted language is included in Defendant Gregory's narrative regarding the events of May 25, 2019. The remaining allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. It is admitted the quoted language is included in Defendant Gaffey's narrative regarding the events of May 25, 2019. The remaining allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are admitted.

49. The allegations of paragraph 49 are denied as stated.

50. The allegations of paragraph 50 are admitted.

51. The allegations of paragraph 51 are denied.

52. It is admitted that no warrant existed for Plaintiff or Terry Dukes Jr.

in the early morning hours of May 25, 2019. The remaining allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. It is admitted deputies followed the direction they saw the unidentified male walk. The remaining allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are denied.

60. It is admitted Gregory ordered Plaintiff to the floor.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are admitted.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. It is admitted Plaintiff said he needed to go to work that morning. The remaining allegations of paragraph 65 are denied.

66. It is admitted that after Gregory's use of the Taser, Plaintiff was on the floor in a bedroom, that he was naked, and that he asked to put pants on. The remaining allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

72. It is admitted Gregory had been advised that Terry Dukes Jr. had used MDMA ("molly") and that he knew it to induce users to act erratically. The remaining allegations of paragraph 72 are denied.

73. It is admitted Gregory entered the bedroom where Plaintiff was. The remaining allegations of paragraph 73 are denied.

74. It is admitted Plaintiff was allowed to put pants on. The remaining allegations of paragraph 74 are denied.

75. The allegations of paragraph 75 are admitted.

76. It is admitted Plaintiff remained outside in handcuffs until EMS personnel arrived and removed a Taser probe from his chest. The remaining allegations of paragraph 76 are denied.

77. It is admitted Plaintiff said he would "own Levy County" and made other statements to the effect that he would sue. The remaining allegations of paragraph 77 are denied.

78. It is admitted Plaintiff was medically cleared by EMS but that, upon

his insistence, he was transported to the hospital. The remaining allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are admitted.

80. The allegations of paragraph 80 are admitted.

81. The allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 are admitted.

83. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 83.

84. The allegations of paragraph 84 are denied.

85. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 85.

86. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 86.

87. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 87.

88. The allegations of paragraph 88 are denied.

### Count I – Invasion of Privacy Under Florida Law
### (against Gregory, Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

89. The allegations of paragraph 89 are admitted.

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

92. The allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are denied.

### Count-II – Trespass Under Florida Law
### (against Gregory, Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

99. The allegations of paragraph 99 are denied.

100. The allegations of paragraph 100 are denied.

### Count-III – Unlawful Entry in Violation of the Fourth Amendment
### (against Gregory, Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

101. The allegations of paragraph 101 are admitted.

102. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

103. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

104. The allegations of paragraph 104 are denied.

105. The allegations of paragraph 105 are denied.

106. The allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. The allegations of paragraph 108 are denied.

109. The allegations of paragraph 109 are denied.

110. Defendants are without knowledge as to, and therefore deny, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendants should be liable for any attorney's fees or costs.

### Count-IV – Unlawful Seizure in Violation of the Fourt Amendment
### (against Gregory, Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

111. The allegations of paragraph 111 are admitted.

112. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied.

115. The allegations of paragraph 115 are denied.

116. The allegations of paragraph 116 are denied.

117. The allegations of paragraph 117 are denied.

118. The allegations of paragraph 118 are admitted.

119. The allegations of paragraph 119 are admitted.

120. The allegations of paragraph 120 are denied.

121. The allegations of paragraph 121 are denied.

122. The allegations of paragraph 122 are denied.

123. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

124. The allegations of paragraph 124 are denied.

125. The allegations of paragraph 125 are denied.

126. The allegations of paragraph 126 are denied.

127. Defendants are without knowledge as to, and therefore deny, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendants should be liable for any attorney's fees or costs.

### Count-V – False Arrest/False Imprisonment Under Florida Law
### (against Gregory, Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

128. The allegations of paragraph 128 are admitted.

129. The allegations of paragraph 129 are denied as stated.

130. The allegations of paragraph 130 are denied.

131. The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are denied.

134. The allegations of paragraph 134 are denied.

135. The allegations of paragraph 135 are denied.

136. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

137. The allegations of paragraph 137 are denied.

138. The allegations of paragraph 138 are denied.

139. The allegations of paragraph 139 are denied.

### Count-VI – Failure to Intervene Under 42 U.S.C. § 1983
### (against Gaffey & Almeida)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

140. The allegations of paragraph 140 are admitted.

141. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

142. The Fourth Amendment and caselaw speak for themselves and Defendants deny any allegation inconsistent therewith.

143. The allegations of paragraph 143 are denied.

144. The allegations of paragraph 144 are denied.

145. The allegations of paragraph 145 are denied.

146. The allegations of paragraph 146 are denied.

147. The allegations of paragraph 147 are denied.

148. The allegations of paragraph 148 are denied.

149. Defendants are without knowledge as to, and therefore deny, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendants should be liable for any attorney's fees or costs.

### Count-VII – Failure to Train/Supervise/Discipline Under 42 U.S.C. § 1983
### (against Sheriff McCallum, Jr.)

Defendants reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-88 above.

150. The allegations of paragraph 150 are denied.

151. The allegations of paragraph 151 are denied.

152. The allegations of paragraph 152 are denied.

153. It is admitted Defendant McCallum was a policymaker for law enforcement activities. The remaining allegations of paragraph 153 are denied.

154. The allegations of paragraph 154 are denied.

155. The allegations of paragraph 155 are denied.

156. The allegations of paragraph 156 are denied.

157. The allegations of paragraph 157 are denied.

158. The allegations of paragraph 158 are denied.

159. The allegations of paragraph 159 are denied.

160. The allegations of paragraph 160 are denied.

161. The allegations of paragraph 161 are denied.

162. The allegations of paragraph 162 are denied.

163. Defendants are without knowledge as to, and therefore deny, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendants should be liable for any attorney's fees or costs.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action or claim upon which relief can be granted. At worst, the conduct by Defendants was negligent and is insufficient to state a cause of action against them under Florida law or a claim for relief pursuant to the Fourth Amendment or 42 U.S.C. §1983. Plaintiff further fails to allege the requisite facts to overcome the qualified immunity of the individual defendants.

### Second Affirmative Defense

The actions of all Defendants and Sheriff employees were in good faith and without malice, and were further based on such facts and circumstances as to give them probable cause to believe that their actions were warranted. Defendants reasonably believed that the actions they took with respect to Plaintiff were based on reasonable probable cause, and/or probable cause existed for the arrest of Terry Dukes, Jr., and under the circumstances Defendants were reasonable even if mistaken in their belief that Plaintiff was Terry Dukes, Jr., thereby rendering his arrest valid, and not in violation of the Fourth Amendment. This is an absolute bar to the claims made against them.

### Third Affirmative Defense

At a minimum, the individual Defendants had arguable probable cause for their actions towards Plaintiff and they are entitled to qualified immunity as their actions were not contrary to clearly established law.

### Fourth Affirmative Defense

All actions taken by Defendants and all Sheriff employees were in good faith, were authorized by Florida Statutes, and/or conformed to established, reasonable, and generally accepted police practices. At no time did Defendants take any action towards Plaintiff with malice or in reckless disregard of his rights.

### Fifth Affirmative Defense

Any and all force used by any Defendant was in good faith, was authorized by state and federal law, and/or conformed to established, reasonable, and generally accepted police practices. Any injury sustained was de minimis reflecting Defendants' use of the minimal amount of force necessary. The individual defendants are entitled to qualified immunity.

### Sixth Affirmative Defense

If any force used is deemed excessive, which Defendants expressly deny, Defendants did not observe the excessive force, and/or were not otherwise in a position, did not have the time, and/or did not have the ability to intervene. Furthermore, the individual defendants had qualified immunity as the law was not clearly established.

### Seventh Affirmative Defense

At all times, Defendants acted within the course and scope of their duties as law enforcement officers with the Levy County Sheriff's Office and they are not liable for any acts or omissions committed therein.

### Eighth Affirmative Defense

Any improper actions on the part of Defendants or any Sheriff employee, which are expressly denied, were at most negligent and thus any claims against them are barred by the provisions of Section 768.28, Florida Statutes.

### Ninth Affirmative Defense

The Sheriff has enacted policies and procedures to ensure against the violation of constitutional rights and has diligently enforced those policies and procedures.

### Tenth Affirmative Defense

The Sheriff had no knowledge of constitutional violations which required a need for training; he did not deliberately choose not to train, supervise, or discipline his deputies; and/or any failure to train was not the cause of any constitutional violation suffered by Plaintiff.

### Eleventh Affirmative Defense

Plaintiff's damages, if any, are limited by the provisions of Section 768.28, Florida Statutes.

### Twelfth Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by a failure to mitigate his alleged damages.

### Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages should be stricken from Counts III, IV, and VI as Plaintiff's allegations are insufficient to state a claim therefor. *See Perera-Gonzalez v. Rodriguez,* 20-23973-CIV, 2021 WL 2012403, at *4 (S.D. Fla. May 20, 2021).

### Fourteenth Affirmative Defense

Plaintiff has failed to satisfy all conditions precedent required to bring this action.

### Fifteenth Affirmative Defense

Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

Respectfully submitted this 31st day of March 2023.

/s/ Gwendolyn P. Adkins



Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
adelk@coppinsmonroe.com

COPPINS MONROE, P.A.
1319 Thomaswood Drive
Tallahassee, FL 32308
Office: 850-422-2420 ׀ Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
ROBERT B. MCCALLUM, JR., CHASE GREGORY, TUCKER GAFFEY, FRANCO ALMEIDA

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

s/ Gwendolyn P. Adkins
Attorney