IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TERRY DUKES, SR.,**

    **Plaintiff,**

v.                                                 Case No. 1:23-cv-45-AW-HTC

**ROBERT McCALLUM, JR., in his
official capacity as Sheriff of Levy
County, et al.,**

    **Defendants.**

_____/

## **INITIAL SCHEDULING ORDER**

    1.    The parties' deadline for their Rule 26(f) conference is April 25, 2023. At the conference, the attorneys and any unrepresented party must address the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). The Plaintiff must take the initiative in setting up the conference, but all parties share responsibility in ensuring that the conference takes place by the deadline. The attorneys (and any unrepresented parties) may meet telephonically, by video conference, or in person. Written exchanges are insufficient.

    2.    The deadline to file the Rule 26(f) report is May 2, 2023. The report must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), and it may address any other scheduling or case-management issues.

    3.    The parties must confer on whether they consent to have a magistrate judge preside over the entire case. *See* Fla. N.D. Loc. R. 73.1. The Rule 26(f) report

must confirm that the parties have conferred on this issue, but it must not set out the parties' positions unless all parties consent to have a magistrate judge preside. If the parties do all consent, they should execute and file the attached consent form.

4. Unless the parties agree otherwise (and report the agreement in their Rule 26(f) report)—or unless the court orders otherwise—these are the deadlines for Rule 26 disclosures:

    a. Rule 26(a)(1) initial disclosures: 14 days after the Rule 26(f) conference;

    b. Rule 26(a)(2) disclosures: the deadline Rule 26(a)(2)(D) imposes;

    c. Rule 26(a)(3) disclosures: the deadline set in an order for pretrial conference (to be entered later) or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

5. The parties may begin discovery after their Rule 26(f) conference. Unless otherwise ordered after review of the parties' Rule 26(f) report, the deadline to complete discovery will be September 25, 2023, and the trial will be during the two-week period that begins on January 31, 2024. The parties may seek earlier dates, but they should not seek later dates unless they detail in their Rule 26(f) report good cause for an extended schedule.

6. Any party with a conflict for the trial date must file a notice within ten days from the date of this order.

7. Discovery materials and Rule 26(a)(1) and (2) disclosures must be served but must not be filed, except as required by Local Rule 26.1(A).

8. Motions to compel discovery may be filed no later than 30 days before the close of discovery. (The court will entertain a motion after this deadline only if the movant shows reasonable diligence during the discovery period and the dispute in question arose during the last 30 days of discovery.)

9. Any motion to compel discovery must include a certificate of conference, detailing efforts to resolve the issue without court involvement. No motion to compel discovery (or response to any such motion) may exceed seven pages without leave of court.

10. The deadline for any summary judgment or dispositive motion is 21 days after the end of discovery. Local Rule 56.1 applies to summary judgment motions. In addition, parties must follow these procedures for all summary judgment motions:

   a. Parties must first file a notice listing exhibits to be filed in support of (or in opposition to) summary judgment. The exhibits themselves must be filed as attachments to the notice. (Exhibits that cannot be filed on CM/ECF (*e.g.*, video files) may be submitted to the clerk.)

   b. The filing party must then file the summary judgment motion (or response) citing to the ECF number for each referenced exhibit, along with the pertinent page number.

   c. Any deposition transcript filed must be filed in text searchable form.

SO ORDERED on April 3, 2023.

                                                    s/ *Allen Winsor*
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TERRY DUKES, SR.,**

    **Plaintiff,**

v.                                                                     Case No. 1:23-cv-45-AW-HTC

**ROBERT McCALLUM, JR., in his
official capacity as Sheriff of Levy
County, et al.,**

    **Defendants.**

_____/

**NOTICE AND CONSENT REGARDING REFERENCE OF
CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.*