UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.

ROBERT McCALLUM, JR., *et al.*,

    Defendants.

Case No. 1:23-cv-45-AW-HTC

**REPORT OF THE PARTIES' PLANNING MEETING
AND PROPOSED DISCOVERY PLAN**

In accordance with the Court's Initial Scheduling Order (Doc. 6) and pursuant to Rule 26(f) and Local Rule 16.1, the parties respectfully submit this joint Rule 26(f) report.

**1.** **The Meeting.** Counsel for the parties conferred via videoconference on Friday, April 7, 2023, and then subsequently by electronic means. The following persons participated in the Rule 26(f) conference:

- James M. Slater, counsel for Plaintiff; and
- Gwendolyn P. Adkins, counsel for Defendants.

2. **Nature and Basis of Claims and Defenses**.

(a) Plaintiff alleges that the individual defendants violated his rights under the U.S. Constitution and state law when entering his home without consent or other lawful reason resulting in damages. Plaintiff further seeks to hold the sheriff's office accountable for alleged failures to train, supervise, and discipline.

(b) Defendants deny any and all liability associated with Plaintiff's claims and deny Plaintiff is entitled to any relief whatsoever. Plaintiff is unable to establish a violation of federal or state law and cannot establish that the Sheriff implemented or established any policy, custom, or practice that caused a violation of the Plaintiff's constitutional rights. The individual Defendants further assert that they are entitled to qualified immunity as to all federal claims brought against them. All Defendants have asserted various affirmative defenses in their Answer.

3. **Possibility of Settlement.** The parties discussed the possibility of settlement and will continue to do so as the case proceeds.

4. **Magistrate Judge.** Per paragraph 3 of the Initial Scheduling Order, the parties have conferred on whether they consent to have a magistrate judge preside over the entire case.

5. **Discovery Plan**. The parties would respectfully propose the following discovery plan pursuant to Rule 26(f)(3):

(a) <u>Disclosures</u>. The parties will exchange initial disclosures **no later than April 21, 2023**, in accordance with paragraph 4(a) of Initial Scheduling Order.

(b) <u>Discovery Subject and Timing</u>. Discovery will be needed of the facts that relate to Plaintiff's claims and Defendants' affirmative defenses. There is no need to conduct discovery in phases or limit discovery to particular issues.

(c) <u>Electronic Discovery</u>. The parties agree to serve discovery requests and responses electronically. To the extent electronic records be produced, in addition to any other format, the parties will make reasonable efforts to cooperate in producing the documents in native format with a load file that defines document breaks, attachments, and metadata. Production and disclosure will be limited to

data and metadata reasonably available to the parties in the ordinary course of business.

  (d) <u>Claims of Privilege/Protection</u>. The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed, or treated as otherwise permitted by the Rules. The parties will address issues of privilege with respect to discovery if and when such issues arise.

  (e) <u>Limitations on Discovery</u>. The number of interrogatories, requests for admissions, depositions, and requests for production should be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. The parties generally agree to conduct depositions via Zoom or another videoconference provider; however, Defendants intend to take Plaintiff's deposition in person and reserve the right to request other depositions in person.

  (f) <u>Consent to Electronic Service</u>. Hereinafter, the parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added provided that service is made to the email addresses

of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

**6.     Proposed Deadlines.** The parties propose the following case deadlines:

| Rule 26(a)(1) initial disclosures | April 21, 2023 |
| --- | --- |
| Joinder of parties and amendments to pleadings | August 14, 2023 |
| Expert disclosures | July 24, 2023 |
| Rebuttal expert disclosures (if any) | August 28, 2023 |
| Close of discovery | September 25, 2023 |
| Summary judgment and dispositive motions | October 23, 2023 |

**7.     Trial Readiness.** The parties believe that this matter will be ready for trial during the two-week trial period that begins on January 31, 2024 per paragraph 5 of the Court's Initial Scheduling Order.

**8.     Other matters.**

(a)     The parties would ask that the Court enter, when appropriate, an order for pretrial conference setting forth the deadlines for filing pretrial matters. The parties would respectfully ask that the Court provide one week for the opposing party to identify objections to any witnesses or exhibits under Rule 26(a)(3).

5

(b) The parties do not request a conference with the Court before entry of the scheduling order.

Dated: April 7, 2023.

Respectfully submitted,

| | |
|---|---|
| */s/ James M. Slater* | */s/ Gwendolyn P. Adkins\** |
| James M. Slater (FBN 111779) | Gwendolyn P. Adkins (FBN 949566) |
| SLATER LEGAL PLLC | COPPINS MONROE, P.A. |
| 113 S. Monroe Street | 1319 Thomaswood Drive |
| Tallahassee, Florida 32301 | Tallahassee, Florida 32308 |
| james@slater.legal | gadkins@coppinsmonroe.com |
| Tel. (305) 523-9023 | Tel. (850) 422-2420 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

\*Signed by James Slater with Gwendolyn Adkins' permission.