UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                      CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.
_____/

**CONFIDENTIALITY AGREEMENT and**
**JOINT MOTION FOR PROTECTIVE ORDER**

    Plaintiff and Defendants, collectively the "Parties", hereby enter into this Confidentiality Agreement, and seek entry of an Order adopting the same in order to protect documents and information designated as confidential by counsel for any of the Parties. As grounds, the parties state:

    1.    The Parties have reason to believe that compliance with discovery in this case will involve the exchange and review of confidential, sensitive, and private information and that public disclosure of such information, *i.e.,* personal, medical, and/or psychological information of the parties, may constitute an unreasonable invasion of their privacy. In order to protect the legitimate privacy interests of the Parties, as well as to provide Plaintiff and Defendants certain documents potentially relevant to the subject matter of this action, the Parties, by and through their counsel, enter into this Confidentiality Agreement

("Agreement") and thereby stipulate and agree to the following terms and conditions.

2. Time is of the essence and there is insufficient time to allow for the full review, designation as confidential, redaction, withholding, and/or preparation of any privilege log with respect to all records expected to be produced.

3. Accordingly, the Parties request that the Court enter the attached Protective Order governing the use and disclosure of documents and information exchanged during discovery.

4. The Court has broad discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Under Fed.R.Civ.P. 26(c), the Court may enter a protective order for good cause to protect the confidentiality of case material and other confidential, proprietary and sensitive information produced in discovery. "Good cause" exists where there is "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). For the reasons set forth above, there is a sound basis and legitimate need for entry of a protective order in this case.

5. Similarly under Fed.R.Evid. 502(d), the Court has discretion to enter an order regulating the inadvertent disclosure of protected information in discovery, and the parties may agree to the same.

6. The Parties request that the Court enter the attached order so that the parties can immediately begin exchanging the information covered by it.

WHEREFORE, the Parties agree to the terms and conditions governing the disclosure, production, and use of such information and documents, as set forth herein, and request this Court enter a Consent Protective Order adopting the provisions herein which shall govern claims of confidentiality in these proceedings:

## Definitions

1. As used in this Agreement, "Confidential Information" shall mean information or documents of any kind which is designated as "Confidential" by the supplying party. Confidential information may include information concerning: (i) personnel-related records; (ii) financial records, tax returns, revenues, profits and losses, and similar information; (iii) psychological and medical records; and (iv) any other confidential or proprietary information so designated by a party. Use of Confidential Information both during the course of this action and following the resolution of this action shall be governed by this Agreement.

## Procedure for Identification of Confidential Information

2. The designation of information as Confidential shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." The designation of information as Confidential shall be made prior to, or contemporaneously with,

the production or disclosure of said information. If time prevents full review and marking of the documents prior to disclosure, all documents in a production may be marked CONFIDENTIAL by the producing party.

  3. A party's inadvertent or unintentional disclosure of any of its or his own Confidential Information without the appropriate Confidential designation shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to other related information. Should the disclosing party discover after disclosure that the word "CONFIDENTIAL" was omitted inadvertently from a document or documents, then upon notice of same, the other party shall promptly return all such documents, with the disclosing party responsible for any costs incurred as a result of the inadvertent disclosure and return of such Confidential information. The disclosing party shall then mark the returned documents as "CONFIDENTIAL" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

  4. A party's inadvertent or unintentional disclosure of any information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to the opposing party, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other grounds for

withholding production to which the disclosing party would otherwise be entitled. If a claim of inadvertent production of such documents is made, the fact of inadvertence shall be accepted as true for all purposes by the parties and upon notice of same, the other party shall promptly return all such documents, with the disclosing party responsible for any costs incurred as a result of the inadvertent disclosure and return of such documents. After making a good faith effort to resolve any disagreement or objections concerning the designation of a returned document as privileged, if deemed necessary, the opposing party may file an appropriate motion with the Court seeking an order compelling production of the returned document(s), but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production or disclosure. Furthermore, unless and until an appropriate order is entered on any such motion, the other party shall not use such information for any purpose and the confidentiality of the document(s) shall be preserved in accordance with this Agreement.

Effect of Designation as Confidential

5. Information designated as Confidential under this Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, or by anyone who gains access to such information hereunder, for any purpose whatsoever other than in connection

with discovery, settlement discussions, mediation, summary judgment or other motions, Court hearings or conferences, preparation for and trial of this action, and any appeal therefrom. However, the consent of the Parties and their counsel to this Agreement does not affect their ability to seek or object to limits on any discoverable issue before the Court at the appropriate time.

6. Each party or counsel for each party who obtains information designated as Confidential under this Agreement shall not disclose or permit disclosure of this information to any person or entity other than the following "Qualified Persons": (i) the parties and their specific attorneys of record; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in discovery, settlement, motion practice, trial preparation, or trial; (iii) expert witnesses who may be used in preparation for any deposition, hearing or trial of this action; (iv) Court reporters utilized in this action; (v) deponents at the time of a deposition or witnesses before and during the trial after disclosure to and agreement of counsel; (vi) all judges or panels of judges in this action; and (vii) any jury in this action. Other persons may be designated as a Qualified Person <u>by agreement of the parties or by Order of the Court</u>, subject to the specifications of such designation. The parties will be expected to confer in good faith and not to request or withhold consent to the designation of a person as a Qualified Person without legitimate reason.

7. Nothing contained in this Agreement shall preclude any party from: (i) designating that party's own information as Confidential; (ii) using that party's own Confidential Information in the regular course of its business; (iii) revealing that party's own Confidential Information to whomever it chooses; or (iv) asserting an objection that has been or might be raised as to the discoverability or admissibility of any document, information, or testimony. This Paragraph shall also not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential; (ii) use the opposing party's Confidential Information in violation of the terms of Paragraph 6 or the agreement herein; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

8. Confidential Information shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in Paragraph 6 of this Agreement, except as specifically provided herein. In the event a party and/or his/her/its counsel of record deem(s) it necessary for purposes of this Litigation to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 6, such party or counsel must first obtain the consent of all counsel of record in this action or, absent such, a court order, and upon the receipt of such, must require such person to read this Agreement and agree, by executing an agreement in the form of "Exhibit 1" attached hereto, as follows:

(a) to be bound by the terms of this Agreement; (b) not to disclose, deliver, or make available Confidential Information to anyone other than a Qualified Person; and (c) to use any Confidential Information solely for the purposes of this Litigation.  Likewise, Counsel must require any Qualified Person as defined in Paragraphs 6(c), (d), and (e) to read this Agreement and to execute "Exhibit 1." The party or attorney who discloses, delivers, or makes available the Confidential Information to the person shall retain all executed agreements in the form of Exhibit 1 evidencing such an undertaking(s) and shall turn over all such executed agreements to the other party's attorney at his or her request within sixty (60) days after the "Conclusion" of this Litigation (which means after a final Settlement Agreement has been entered by the parties and/or a final judgment has been entered by the Court and after all appeal rights have expired) or as otherwise ordered by the Court. It shall not be necessary to secure or obtain executed agreements with respect to Qualified Persons.

## Additional Provisions

9. This Agreement is effective on the earliest date set forth below.

10. Confidential Information that also meets the definition of "Protected Health Information" under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) shall not be used or disclosed by any party for any purpose other than this litigation or proceeding. Confidential Information that also meets the definition of "Protected Health Information" under HIPAA (and all copies) shall be returned by the parties to the source of the Protected Health Information, the "Covered Entity" (as defined by HIPAA), or destroyed at the end of this litigation or proceeding, including any appeal therefrom.

11. All Confidential Information produced hereunder shall be retained in the possession and control of counsel and the parties receiving the Confidential Information in such a manner as to preserve its confidential nature. Such Confidential Information shall not be used for any purpose by the parties, or on their behalf, other than in connection with the Court proceedings, settlement discussions, or mediation and shall not be disclosed to any person or entity by any party or their counsel, except as provided herein.

12. Within sixty (60) days of the termination of this action, including all appeals, each party's counsel shall voluntarily return to opposing counsel all

documents and all copies of documents produced hereunder at the cost of the party requesting the return of the documents.

13. Nothing herein shall be deemed as an acknowledgement by any other party of the propriety of confidentiality as to any document designated as Confidential hereunder. After making a good faith effort to resolve any disagreement or objections concerning the designation of a document as Confidential, if deemed necessary, any party may file an appropriate motion with the Court challenging the designation of any document as Confidential. However, unless and until an appropriate order is entered on any such motion, the confidentiality of the document shall be preserved in accordance with this Agreement.

14. Prior to filing Confidential documents of the designating party in support of any motion to the Court, counsel for the parties will consult and, if necessary, seek to file confidential documents under seal. Information designated as Confidential under this Agreement shall be used at trial pursuant to and in accordance with the Court's procedures with regard to confidential documents.

15. Should any portion of this Agreement be deemed unenforceable, that portion of the Agreement shall not invalidate the remainder of the provision, the section, the entire Order, or any other provision of the Agreement.

16. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida. In the event of any action arising hereunder, the parties agree that venue shall be proper before the Court, pursuant to the Federal Rules of Civil Procedure.

17. The Parties reserve the right to change or modify this Agreement by agreement in writing, at any time without further Order of the Court, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by counsel for all parties. After making a good faith effort to resolve any disagreement or objections as to any proposed modifications, if deemed necessary, any party may file an appropriate motion with the Court seeking modification of this Agreement for good cause shown. However, unless and until an appropriate order is entered on any such motion, the provisions of this Agreement, as written and without modification, shall govern.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned certifies that this motion and memorandum comply with the word count limitation in Local Rule 7.1(F) as the word count for this document is less than 2500 words.

Respectfully submitted this 7th day of June 2023.

| /s/ James M. Slater | /s/ Gwendolyn P. Adkins |
|---|---|
| James M. Slater, | Gwendolyn P. Adkins, |
| FBN: 111779 | FBN: 0949566 |
| Slater Legal PLLC | COPPINS MONROE, P.A |
| 113 S. Monroe Street | 1319 Thomaswood Drive |
| Tallahassee, FL 32301 | Tallahassee, Florida 32308 |
| (305) 523-9023 | Telephone:  (850) 422-2420 |
| james@slater.legal | Facsimile:   (850) 422-2730 |
|  | gadkins@coppinsmonroe.com |
|  | jclark@coppinsmonroe.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |