UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                              CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Pursuant to Rules 8 and 15, *Federal Rules of Civil Procedure*, Defendants ROBERT B. MCCALLUM, JR. and CHASE GREGORY ("Defendants") answer the numbered paragraphs of the First Amended Complaint [Doc.11] and assert affirmative defenses as follows:

### JURISDICTION, VENUE, PARTIES

1. It is admitted that Plaintiff seeks to bring a claim for violation of his civil rights under the United States Constitution and Florida law, and that he seeks money damages. It is denied that Defendants are liable therefor.

2. The allegations of paragraph 2 are admitted for jurisdictional purposes only.

3. It is admitted that Plaintiff seeks to bring the designated claims. It is denied Defendants are liable therefor.

4. It is admitted this Court may exercise supplemental jurisdiction over the state law claims.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 are admitted.

7. It is denied that Defendants engaged in unlawful conduct. Defendants are without knowledge as to, and therefore deny, the allegations as to the length of Plaintiff's employment with Levy County.

8. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 8.

9. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 9.

10. It is admitted Defendant Sheriff Robert B. McCallum, Jr. was the elected Sheriff of Levy County in May 2019 and at all times since; that he is the final policymaker for the Levy County Sheriff's Office on matters of law enforcement policy; and that at all times relevant, he was acting under color of law. The remaining allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are denied.

15. Defendants are without knowledge as to any agreement between Plaintiff and his counsel but deny that they are liable to Plaintiff or that he is entitled to any award of attorneys' fees and costs from therm.

## FACTUAL ALLEGATIONS

16. It is admitted that on the morning of May 25, 2019, Levy County Sheriff's Office (LCSO) was alerted to a battery on a pregnant female. The remaining allegations of paragraph 16 are denied.

17. It is admitted that Detective Wilkinson responded to the call and was advised that Terry Dukes, Jr. had brutally assaulted his girlfriend. The remaining allegations of paragraph 17 are denied.

18. Detective Wilkinson had probable cause to arrest Terry Dukes, Jr. on criminal charges. The remaining allegations of paragraph 18 are denied.

19. It is admitted Detective Wilkinson asked fellow deputies to go to 900 Patterson Street, Bronson, Florida, where Terry Dukes, Jr. lived and where the battery had occurred. The remaining allegations of paragraph 19 are denied.

20. It is admitted Detective Wilkinson asked fellow deputies to go to 900 Patterson Street, Bronson, Florida, to locate Terry Dukes, Jr. The remaining allegations of paragraph 20 are denied.

21. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 21.

22. It is admitted that on the morning of May 25, 2019, LCSO deputies

did not have an arrest warrant for Terry Dukes, Jr., did not have a search warrant for 900 Patterson Street, and that there were no "exigent circumstances" or "fresh pursuit." The remaining allegations of paragraph 22 are denied.

23. It is admitted that LCSO practice in May 2019 was to attempt to locate and arrest a person when probable cause had been established. The remaining allegations of paragraph 23 are denied.

24. It is admitted that LCSO had responded to multiple prior incidents involving Terry Dukes, Jr., at 900 Patterson Street, including one a month before in April 2019. The remaining allegations of paragraph 24 are denied.

25. It is admitted Gregory had previously been to 900 Patterson Street regarding Terry Dukes, Jr. The remaining allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. On the morning of May 25, 2019, Deputy Murphy loudly knocked and announced "Sheriff's Office" multiple times at 900 Patterson Street. The remaining allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. It is admitted Plaintiff returned inside the home at 900 Patterson Street after opening the back door. The remaining allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. It is admitted that Plaintiff opened the back door and that Gregory, Gaffey, and Almeida all entered the house. The remaining allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The caselaw speaks for itself and Defendants deny any isolated statement which is inconsistent therewith or with its progeny.

40. The allegations of paragraph 40 are denied.

41. The document speaks for itself and Defendants deny any statement which is inconsistent therewith.

42. The document speaks for itself and Defendants deny any statement which is inconsistent therewith. The remaining allegations of paragraph 42 are denied.

43. The document speaks for itself and Defendants deny any statement which is inconsistent therewith.

44. The document speaks for itself and Defendants deny any statement which is inconsistent therewith.

45. The document speaks for itself and Defendants deny any statement which is inconsistent therewith.

46. The allegations of paragraphs 46.a. – f. are admitted. The allegations of paragraph 46.g. are denied.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. The allegations of paragraph 51 are denied.

52. It is admitted Lt. Tummond could "sub-serve" the subject of an investigation and that he did not do so for Gregory. The remaining allegations of paragraph 52 are denied.

53. It is admitted the internal investigation exonerated Gregory. The remaining allegations of paragraph 53 are denied.

54. It is admitted Gregory proceeded towards an unidentified black male who entered a room and closed the door. The remaining allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are admitted.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied as stated.

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. It is admitted deputies identified the black male as Terry, Sr. after they had utilized the Taser. The remaining allegations of paragraph 61 are denied.

62. It is admitted Plaintiff was on the floor in his bedroom after the Taser was used and that he advised deputies he wished to put on pants. The remaining allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. It is admitted that Plaintiff possessed a loaded firearm and that it was on the bed in the room where he was located. The remaining allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

66. It is admitted one probe struck Plaintiff in the shoulder area and one probe struck a piece of furniture. The remaining allegations of paragraph 66 are denied.

67. It is admitted deputies observed the gun on the left side of the bed.

The remaining allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

70. The allegations of paragraph 70 are denied.

71. It is admitted Gregory entered Plaintiff's bedroom upon deploying his Taser. The remaining allegations of paragraph 71 are denied.

72. It is admitted Plaintiff was allowed to put on his pants. The remaining allegations of paragraph 72 are denied.

73. It is admitted Plaintiff was handcuffed and taken outside with the Taser probe lodged in his skin. The remaining allegations of paragraph 73 are denied.

74. It is admitted Plaintiff remained outside until after paramedics arrived to remove the probe. The remaining allegations of paragraph 74 are denied.

75. It is admitted Plaintiff advised deputies that he would "own the county" or words to that effect. The remaining allegations of paragraph 75 are denied.

76. It is admitted Plaintiff was transported to the hospital at his request. The remaining allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are admitted.

78. The allegations of paragraph 78 are admitted.

79. The allegations of paragraph 79 are denied.

80. It is admitted the charges against Plaintiff were dropped. The remaining allegations of paragraph 80 are denied.

81. The allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 are denied.

85. Defendants are without knowledge as to, and therefore deny, the allegations of paragraph 85.

86. The allegations of paragraph 86 are denied.

### Count I – Invasion of Privacy Under Florida Law
### (against Gregory)

Defendant Gregory reasserts and incorporates herein by reference his responses to the allegations in paragraphs 1-86 above.

87. The allegations of paragraph 87 are admitted.

88. The allegations of paragraph 88 are denied.

89. The allegations of paragraph 89 are denied.

90. The allegations of paragraph 90 are denied.

91. The allegations of paragraph 91 are denied.

### Count-II – Trespass Under Florida Law
### (against Gregory)

Defendant Gregory reasserts and incorporates herein by reference his responses to the allegations in paragraphs 1-86 above.

92. The allegations of paragraph 92 are denied.

93. The allegations of paragraph 93 are denied.

94. The allegations of paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

### Count-III – Unlawful Entry in Violation of the Fourth Amendment
### (against Gregory)

Defendant, reassert and incorporate herein by reference their responses to the allegations in paragraphs 1-86 above.

99. The allegations of paragraph 99 are admitted.

100. The Fourth Amendment and caselaw speak for themselves and Defendant denies any allegation inconsistent therewith.

101. The Fourth Amendment and caselaw speak for themselves and Defendant denies any allegation inconsistent therewith.

102. The allegations of paragraph 102 are denied.

103. The allegations of paragraph 103 are denied.

104. The allegations of paragraph 104 are denied.

105. The allegations of paragraph 105 are denied.

106. The allegations of paragraph 106 are denied.

107. The allegations of paragraph 107 are denied.

108. Defendant Gregory is without knowledge as to, and therefore denies, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendant should be liable for any attorney's fees or costs.

### Count-IV – Unlawful Seizure in Violation of the Fourth Amendment
### (against Gregory)

Defendant Gregory reasserts and incorporates herein by reference his responses to the allegations in paragraphs 1-86 above.

109. The allegations of paragraph 109 are admitted.

110. The Fourth Amendment and caselaw speak for themselves and Defendant Gregory denies any allegation inconsistent therewith.

111. The allegations of paragraph 111 are denied.

112. The allegations of paragraph 112 are denied.

113. The allegations of paragraph 113 are denied.

114. The allegations of paragraph 114 are denied.

115. The allegations of paragraph 115 are denied.

116. The allegations of paragraph 116 are admitted.

117. The allegations of paragraph 117 are admitted.

118.　The allegations of paragraph 118 are denied.

119.　The allegations of paragraph 119 are denied.

120.　The allegations of paragraph 120 are denied.

121.　The Fourth Amendment and caselaw speak for themselves and Defendant denies any allegation inconsistent therewith.

122.　The allegations of paragraph 122 are denied.

123.　The allegations of paragraph 123 are denied.

124.　The allegations of paragraph 124 are denied.

125. Defendant Gregory is without knowledge as to, and therefore denies, any allegation with respect to Plaintiff's engagement of his counsel. It is denied that Defendant should be liable for any attorney's fees or costs.

### Count-V – False Arrest/False Imprisonment Under Florida Law
### (against Gregory)

Defendant Gregory reasserts and incorporates herein by reference his responses to the allegations in paragraphs 1-86 above.

126.　The allegations of paragraph 126 are admitted.

127.　The allegations of paragraph 127 are denied as stated.

128.　The allegations of paragraph 128 are denied.

129.　The allegations of paragraph 129 are denied.

130.　The allegations of paragraph 130 are denied.

131.　The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are denied.

134. The Fourth Amendment and caselaw speak for themselves and Defendant Gregory denies any allegation inconsistent therewith.

135. The allegations of paragraph 135 are denied.

136. The allegations of paragraph 136 are denied.

137. The allegations of paragraph 137 are denied.

### Count-VII[1] – Failure to Train/Supervise/Discipline Under 42 U.S.C. § 1983
### (against Sheriff McCallum, Jr.)

Defendant McCallum reasserts and incorporates herein by reference his responses to the allegations in paragraphs 1-86 above.

138. The allegations of paragraph 138 are denied.

139. The allegations of paragraph 139 are denied.

140. The allegations of paragraph 140 are denied.

141. It is admitted Defendant McCallum was a policymaker for law enforcement activities. The remaining allegations of paragraph 141 are denied.

142. The allegations of paragraph 142 are denied.

143. The allegations of paragraph 143 are denied.

144. The allegations of paragraph 144 are denied.

---

[1] This numbering follows the label in the First Amended Complaint. There is no count numbered VI.

145. The allegations of paragraph 145 are denied.

146. The allegations of paragraph 146 are denied.

147. The allegations of paragraph 147 are denied.

148. The allegations of paragraph 148 are denied.

149. The allegations of paragraph 149 are denied.

150. The allegations of paragraph 150 are denied.

151. The allegations of paragraph 151 are denied.

152. The allegations of paragraph 152 are denied.

153. The allegations of paragraph 153 are denied.

154. Defendant McCallum is without knowledge as to, and therefore denies, any allegations with respect to Plaintiff's engagement of his counsel. It is denied that Defendant should be liable for any attorney's fees or costs.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The First Amended Complaint fails to state a cause of action or claim upon which relief can be granted. At worst, the conduct by Defendants was negligent and is insufficient to state a cause of action against them under Florida law or a

claim for relief pursuant to the Fourth Amendment or 42 U.S.C. §1983. Plaintiff further fails to allege the requisite facts to overcome the qualified immunity of the individual defendant.

### Second Affirmative Defense

The actions of all Defendants and Sheriff employees were in good faith and without malice, and were further based on such facts and circumstances as to give them probable cause to believe that their actions were warranted. Defendants reasonably believed that the actions they took with respect to Plaintiff were based on reasonable probable cause, and/or probable cause existed for the arrest of Terry Dukes, Jr., and under the circumstances Defendants were reasonable even if mistaken in their belief that Plaintiff was Terry Dukes, Jr., thereby rendering his detention valid, and not in violation of the Fourth Amendment. This is an absolute bar to the claims made against them.

### Third Affirmative Defense

At a minimum, the individual Defendant had arguable probable cause for his actions towards Plaintiff and he is entitled to qualified immunity as his actions were not contrary to clearly established law.

### Fourth Affirmative Defense

All actions taken by Defendants and all Sheriff employees were in good faith, were authorized by Florida Statutes, and/or conformed to established,

reasonable, and generally accepted police practices. At no time did Defendants take any action towards Plaintiff with malice or in reckless disregard of his rights.

### Fifth Affirmative Defense

Any and all force used by any Defendant was in good faith, was authorized by state and federal law, and/or conformed to established, reasonable, and generally accepted police practices. Any injury sustained was de minimis reflecting Defendant Gregory's use of the minimal amount of force necessary. Defendant Gregory individually is entitled to qualified immunity.

### Sixth Affirmative Defense

At all times, Defendants acted within the course and scope of their duties as law enforcement officers with the Levy County Sheriff's Office and they are not liable for any acts or omissions committed therein.

### Seventh Affirmative Defense

Any improper actions on the part of Defendants or any Sheriff employee, which are expressly denied, were at most negligent and thus any claims against them are barred by the provisions of Section 768.28, Florida Statutes.

### Eighth Affirmative Defense

The Sheriff has enacted policies and procedures to ensure against the violation of constitutional rights and has diligently enforced those policies and procedures.

### Ninth Affirmative Defense

The Sheriff had no knowledge of constitutional violations which required a need for training; he did not deliberately choose not to train, supervise, or discipline his deputies; and/or any failure to train was not the cause of any constitutional violation suffered by Plaintiff.

### Tenth Affirmative Defense

Plaintiff's damages, if any, are limited by the provisions of Section 768.28, Florida Statutes.

### Eleventh Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by a failure to mitigate his alleged damages.

### Twelfth Affirmative Defense

Plaintiff's claims for punitive damages should be stricken from Counts III, IV, and V as Plaintiff's allegations are insufficient to state a claim therefor. *See Perera-Gonzalez v. Rodriguez,* 20-23973-CIV, 2021 WL 2012403, at *4 (S.D. Fla. May 20, 2021).

### Thirteenth Affirmative Defense

Plaintiff has failed to satisfy all conditions precedent required to bring this action.

### Fourteenth Affirmative Defense

Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

Respectfully submitted this 21st day of August 2023.

*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Boulevard, Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 ǀ Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
ROBERT B. MCCALLUM, JR. and CHASE GREGORY

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*s/ Gwendolyn P. Adkins*
Attorney