UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                         CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR LIMITED DISCOVERY AFTER THE DEADLINE TO DEPOSE EXPERTS

Pursuant to Local Rule 6.1, N.D. Florida, Defendants move this Court for limited discovery after the deadline for the purpose of deposing expert witnesses prior to trial. As grounds therefor, Defendants state:

1. Discovery is scheduled to end Monday, September 25, 2023. [Doc.8]. The parties did not request a date later than that initially set by the Court [Doc.6] and no prior extension has been requested by either side.

2. In late August, all parties simultaneously disclosed their experts and Plaintiff added treating providers as non-retained experts.

3. Over the last couple of weeks, counsel for Defendants has discussed with Plaintiff's counsel the possibility of taking depositions of some of these experts and the possibility of postponing the depositions until a later date so as not to incur additional expenses for either side if unnecessary. Plaintiff is not in agreement with this request and counsel's schedule will not allow for the depositions before the close of discovery on September 25.

4. Mediation is scheduled for October 4, 2023, and the parties' motions for summary judgment are due October 16. Trial is scheduled during the two-week trial period beginning January 31, 2024. [Doc.8].

5. Defendants seek permission to depose some of these experts (whether retained or treating) prior to trial if the parties' dispositive motions and mediation do not otherwise lead to the resolution of the case. Alternatively, Defendants will take the depositions at the earliest possible date Plaintiff's counsel and his witnesses are available.

6. It is anticipated counsel for the parties could cooperate to set dates for the depositions which would work for all parties and the witnesses; however, Defendants are amenable to the Court dictating the dates and schedule if preferred.

7. Defendants do not seek to delay any scheduled deadline or to re-open discovery for any purpose.

8. This requested extension is not made for the purpose of delay and will not prejudice any party.

**WHEREFORE**, Defendants respectfully request this Honorable Court grant the instant motion and allow the parties to depose expert witnesses (whether retained or non-retained) after the discovery deadline and prior to trial.

## MEMORANDUM OF LAW

In accordance with N.D. Fla. Loc. R. 7.1(E), Defendants offer the following Memorandum of Law in support of their Motion.

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Inherent in the Court's authority is the power to manage its affairs so as to achieve the orderly and expeditious disposition of its cases. *See Wieckiewicz v. Edu. Credit Mgmt. Corp.*, 443 Fed. Appx. 449, 450 (11th Cir. 2011). "This includes the Court's ability to extend or modify deadlines within a case management and scheduling order upon a showing of good cause." *Cook v. Wal-Mart*

*Stores, Inc*, 3:16-CV-673-J-39JRK, 2018 WL 1988784, at *2 (M.D. Fla. Jan. 3, 2018) (internal quotation's omitted).

In a perfect world of litigation, every case would proceed as orderly and expeditiously as possible without any delays on anyone's part. For staffing, trial, and other case-related reasons, counsel for Defendants did not schedule specific dates for the depositions of the experts earlier though the possibility of the depositions has been discussed. Counsel for Defendants placed her expert witness on notice prior to the time of disclosure that he was likely to be scheduled for deposition within the next month and that he would need to make himself available on short notice. Counsel often works with the offices of opposing counsel to schedule matters with little time remaining before deadlines.

In this instance, Plaintiff's counsel has advised that his schedule does not allow time for depositions and that his experts are busy and cannot be available on such short notice. Parties, their counsel, and witnesses all have schedules which must be considered and counsel is willing to accommodate the same, whether that be in ten days or two months.

This limited request will not prejudice any party or the current trial schedule set by the court.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request this Honorable Court grant the instant motion and allow depositions of retained and non-retained experts after the discovery deadline.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Undersigned counsel has conferred with Plaintiff's counsel by telephone on multiple occasions regarding the request. Mr. Slater opposes the request indicating Plaintiff has completed his discovery within the deadline and does not need any additional time.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned certifies that the Memorandum of Law complies with Local Rule 7.1(F) because it contains only 311 words.

Respectfully submitted this 18th day of September 2023.

*s/ Gwendolyn P. Adkins*
Gwendolyn P. Adkins, FBN No: 0949566
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
(850) 422-2420
(850) 422-2730 (fax)

gadkins@coppinsmonroe.com
kwillis@coppinsmonroe.com
jclark@coppinsmonroe.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*s/ Gwendolyn P. Adkins*