UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| TERRY DUKES, SR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT B. MCCALLUM, JR., *et ano.*, <br><br> Defendants. | Case No. 1:23-cv-45-AW-HTC |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**MOTION FOR LIMITED DISCOVERY**

Plaintiff Terry Dukes files this response in opposition to Defendants' motion seeking to depose expert witnesses after the close of discovery. (Doc. 14). As grounds, Mr. Dukes states:

1. This is a civil rights lawsuit against Sheriff McCallum and one of his deputies involving the warrantless entry into Mr. Dukes' home, resulting in physical injury and subsequent severe psychological distress to Mr. Dukes. (*See, generally*, Doc. 11).

2. When the parties began this case, they agreed to follow the Court's standard discovery plan. (Docs. 6 & 7). But as the case proceeded, in early July, Mr. Dukes' counsel had asked defense counsel to extend the expert disclosure deadline or the discovery deadline by a few weeks.

3.     In response, defense counsel agreed to extend the expert disclosure deadline by stipulation but stated that she was "not inclined to move the discovery deadline at this time."

4.     Given Defendants' position, Mr. Dukes endeavored to complete all discovery before the September 25, 2023 deadline.

5.     After Defendants requested a brief extension to the stipulated deadline, the parties disclosed their experts on August 18, 2023. Mr. Dukes disclosed a police practices expert, a psychiatrist, and an economist as retained experts, and identified two treating clinicians as non-retained experts—Dr. Tessy Korah, from Shands at the University of Florida and Pamela Smith, from Meridian Behavioral. Those nonretained experts were first disclosed to Defendants in April and May 2023 in Plaintiff's initial and first amended Rule 26(a)(1) disclosures. And the medical records reflecting their treatment to Mr. Dukes was also provided to Defendants in June 2023.

6.     In June 2023, when Defendants deposed Mr. Dukes, their counsel asked him about Dr. Korah and Ms. Smith while reading through Mr. Dukes' Rule 26(a)(1) disclosures. *See* Excerpt from Deposition of Terry Dukes 145:5-147:13, attached as **Exhibit 1**.

7. Defendants have known about Mr. Dukes' treating physicians and counselors for months but have only asked to depose them in the last few weeks. They first asked Mr. Dukes on August 29th whether he would agree to ask the Court to abate discovery while the parties moved for summary judgment on the issue of consent to enter Mr. Dukes' home without a warrant, and only if Mr. Dukes succeeded would discovery reopen to conclude discovery matters. The parties did not discuss that matter again until on September 15th and 18th defense counsel asked Mr. Dukes' counsel for availability for expert depositions, to which the undersigned stated that the depositions could not occur on last minute notice at the close of discovery.

8. This is not simply a matter of availability to conduct eleventh-hour depositions. Defendants could have scheduled the treating practitioners months ago and failed to do so. For the retained experts, Defendants only sought to depose these experts when they realized Mr. Dukes would not consider asking the Court to abate discovery pending the resolution of summary judgment motions. For the reasons stated below, Defendants have not shown good cause to modify the Scheduling Order (Doc. 8) in this case.

## MEMORANDUM OF LAW

### I.     Legal Standard

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Under the Rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

The Eleventh Circuit has considered several factors to establish a party's lack of diligence, including the month-long pendency of a motion for summary judgment before the filing of the motion to amend, *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir.2007), and the fact that the information providing the basis for the proposed amendment was available to the party before the deadline, *see id.*; *accord Sosa*, 133 F.3d at 1419. Only if litigants diligently pursue their rights but for reasons other than their own negligence cannot meet scheduling order deadlines,

4

the court should exercise its discretion to modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

II.     Discussion

Here, because the depositions Defendants request would occur outside the discovery deadline, they are required to show due diligence. *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2018 WL 1858224, at *2 (N.D. Fla. Apr. 18, 2018) (Jones, Mag. J.) (citing *Sosa*, 133 F.3d at 1418). Defendants seek leave to conduct retained and nonretained expert depositions, but they should not be allowed to do so at the last minute here.

As explained above, Defendants knew about Mr. Dukes' nonretained experts—though perhaps they did not know those two of several practitioners would be designated for trial—since Mr. Dukes disclosed them as fact witnesses in his Rule 26(a)(1) disclosures. Those witnesses were also reflected in Mr. Dukes' discovery provided in June, which identified Ms. Smith and Dr. Korah as treaters for Mr. Dukes' posttraumatic stress disorder. Moreover, when Defendants deposed Mr. Dukes, their counsel read through Mr. Dukes' Rule 26(a)(1) disclosures and asked him about these witnesses. Their decision to wait until the week before discovery closes to try to schedule these depositions is not good cause.

For the retained experts, Defendants have had their names, reports, and disclosures since August 18. Although Mr. Dukes understands that the delay is not as egregious, the underlying reason why Defendants have not deposed Mr. Dukes' retained experts does not satisfy Rule 16(b)(4). Rather than set these experts for depositions, Defendants sought to minimize their litigation costs by asking Mr. Dukes to avoid expert discovery until the Court determined whether Deputy Gregory had implied consent to enter Mr. Dukes' home without a warrant—an issue the parties agree may be case dispositive. In an effort to reduce those litigation costs, Defendants waited until the very last moment to attempt to schedule these depositions. Defendants are correct that Mr. Dukes "does not need any additional time" for discovery. (Doc. 14 at 5). When confronted with Defendants' position this summer that they did not want to extend the discovery deadline by 30-45 days, Mr. Dukes acted diligently: he scheduled and conducted 7 depositions and issued additional discovery to obtain what he believes is necessary to try this case. Defendants, on the other hand, have not been diligent. The Court should not reward them for their gambit.

***

For all these reasons, Plaintiff Terry Dukes asks the Court to deny Defendants motion. (Doc. 14).

Dated: September 19, 2023.

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        SLATER LEGAL PLLC
        113 S. Monroe Street
        Tallahassee, Florida 32301
        james@slater.legal
        Tel. (305) 523-9023

        *Attorneys for Plaintiff*

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains 1,127 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

        By: */s/ James M. Slater*
            James M. Slater