# Exhibit D
# to
# Slater Declaration

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                        CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.
_____/

### DEFENDANT CHASE GREGORY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants CHASE GREGORY, by and through counsel, answers Plaintiff's interrogatories as follows:

1. Please state the name and title of each person who participated in responding to these Interrogatories and the interrogatory number(s) they participated in responding to.

**ANSWER:** Chase Gregory with the assistance of counsel.

2. State the name, address, and telephone number of each person likely to have discoverable information relevant to disputed facts alleged in this case. For each person identified in this answer, identify the subject(s) of the information likely to be known.

**ANSWER:** Please see Defendants' Initial Rule 26(a)(1) disclosures and any

1

supplements thereto.

    3.    Describe your educational history. Include the degree or certificate, if any, that you received from each such school, college, or specialized course.

ANSWER:    High School Diploma, Chiefland High School, 2008
                EMT Program, Central Florida Community College, 2008
                Law Enforcement Academy/Certification, Florida Gateway
                    Community College, 2009

    4.    Describe your employment history since graduating high school, including the name and address of each company or agency, the time period of employment, the name of each supervisor, and the reason for leaving each such job.

ANSWER:    Rucker Fencing
                535 NE 394th Ave.
                Old Town, Florida 32680
                Dates: 7-8 month period in 2008
                Supervisor: Wayne Rucker
                Left voluntarily to attend law enforcement academy.

                Chiefland Police Department
                14 E Park Ave
                Chiefland, Florida 32626
                Dates: Approximately July 2009 - 2012
                Left voluntarily

                Levy County Sheriff's Office
                Dates: September 2012 – present

    5.    With respect to your employment at LCSO, please state:

        (a)    each position you held;

(b)     the dates on which you were appointed to each position;

(c)     each division or unit to which you were assigned;

(d)     the date on which any assignment terminated and the reason it terminated;

(e)     the dates you were promoted or demoted to each rank; and

(f)     the dates of all education and training you received for your employment as a law enforcement officer with LCSO, describing the nature of each such education or training.

**ANSWER:**

07/07/2014 - 12/05/2016 Patrol Deputy
12/05/2016 - 10/09/2017 SRO/CRD, I was removed from this position after an internal investigation on a non-work related matter
10/09/2017 Patrol Deputy
01/11/2021 Patrol Corporal

10/24/2016 - 10/06/2017 TRU Team
07/01/2019 - Current TRU Team
06/01/2020 - Dive Team

**Please see my list of training records attached as Exhibit A.**

6.     Identify all persons with whom you spoke in person, on the radio, or on the phone immediately before, during, and immediately after the Incident at Plaintiff's residence. For each such person identified (a) state your relationship to such person, and (b) state the substance of your conversation(s) with each such person.

3

ANSWER:

Tucker Gaffey
Franco Almeida
Blake Murphy

These persons are fellow law enforcement officers. I spoke with them in person before the incident regarding Detective Wilkinson's probable cause for Mr. Dukes, Jr., to make a plan before going to locate Mr. Dukes, Jr., and spoke with them both in person and over the radio on scene while attempting to locate Mr. Dukes, Jr., and while in contact with Mr. Dukes, Sr.

Benny Jerrels

Mr. Jerrels was the supervisor of Mr. Dukes Sr. at Levy County. He came to the scene and I spoke with him in person there. I gave him a brief synopsis of what had occurred.

Plaintiff

After entering the threshold, I attempted making contact with Mr. Dukes and said "Sheriff's Office," and asked for Terry Dukes, Jr., and gave him commands. See also my narrative and my response to Interrogatory #7 below.

7. Describe in detail everything that happened during the Incident. Please begin your answer at the moment you learned of the alleged battery complaint against Terry Dukes, Jr. until the time you completed LCSO's internal investigation of the Incident. Your answer should include information you know from your own personal knowledge as well as information you learned from others and should state the source of such information. Include everything you heard, saw, said, and did. If you heard another person speak, include the name of the person if you know the person's name or a description of the person

4

speaking if you do not know the person's name. Include the time and place that each event occurred to the best of your recollection. **A copy of a police report or the text of your police report narrative is not a sufficient response to this interrogatory.**

ANSWER:   In addition to my narrative, I submit the following:

In the early morning hours of 5/25/2019, I was advised, By Cpl. Almeida, that probable cause to arrest Terry Dukes Jr has been established. This information came from Detective Wilkinson, who was at Shands Hospital interviewing the victim/incident in which Dukes Jr was the suspect of. Cpl. Almeida advised Dukes Jr was allegedly at his residence located at 900 Patterson Street.

It should be noted that I knew Dukes Jr to reside at this address prior to Cpl. Almeida advising this was where Dukes Jr possibly was. Dukes Jr is known to me through prior LCSO interactions. I know Dukes Jr to be a drug user and has a history of violence toward the victim in this case.

According to Detective Wilkinson's interview with the victim, Dukes Jr was possibly under the influence of MDMA (AKA - "Molly"), which is a powerful and illegal synthetic drug. The victim also disclosed that Dukes Jr had, in his possession, a firearm he keeps on his person at all times. Based on this information it was decided that multiple units respond to Dukes Jr's residence. Prior to traveling to this residence Cpl. Almeida, Dep. Gaffey, Dep Murphy, and myself formulated a plan so that when we arrived, we would have the best chance of apprehending Dukes Jr safely and effectively. It was decided that whenever we arrived, we would park just south of the residence and approach the house on foot. Cpl. Almeida and Dep. Murphy would attempt to contact Dukes' Jr at the front of the house while Dep. Gaffey and I posted up at the back of the house (We went to the back of the residence to apprehend Dukes Jr if in the event he tried fleeing on foot).

Once Dep. Gaffey and I were at the back of the house I maintained security at the back door and next to the back doorsteps while Dep. Gaffey maintained security at the northwest side of the residence. Once in position Dep. Murphy started knocking and announcing "Sheriffs Office". From where I was, I could

5

clearly hear Dep. Murphy knocking and announcing the above quoted statement. After several knock and announces by Dep. Murphy, I heard a voice inside the residence. I then heard footsteps coming through the residence. Once the footsteps ceased the back door that I was standing in front of opened and I briefly observed a black male standing in the threshold. This male turned and walked back into the residence, so I walked up the stairs and entered the house through the door the black male just opened.

Once inside I observed a subject walk through the kitchen and then enter a bedroom just past kitchen. As soon as this male shut the door, I announced Sheriff's Office. I heard a male's voice come from the bedroom. I then knocked on the door and advised the male to open the door. The male finally opened the door partially. I asked the male to identify himself and to come out from behind the door. The male did not come out from behind the door. Instead, he stuck his arm out and then quickly looked through the gap in the door.

By this time Dep. Gaffey and Cpl. Almeida entered the home.

I started giving more commands for the male to come from behind the door and to identify himself however he wouldn't do it. The male finally asked who I was and what I was doing there. The male then opened the door a little bit more but not completely. Once this male opened the door I could see, in plain view, a revolver laying on the bed and approximately 8 feet from the male. I told him not to go near the gun and continued giving commands, but the male would not comply. I then witnessed the male walk from behind the door and toward his bed where the gun was. Once I witnessed this, I quickly kicked the door open and deployed my taser. The male subject fell to the ground. Once this subject fell, we were able to identify this male as Terry Dukes Sr, and not Terry Dukes Jr.

Dukes Sr, who was naked, got dressed and then secured in handcuffs.

Dukes stated he did not know we were LEO and that's why he did not open the door. Dukes Sr. advised he thought it was his son, Dukes Jr. Dukes Sr. went on to say that he was going to own Levy County and how he was going to have all our jobs.

Dukes Sr. was evaluated by EMS and was cleared however he insisted he be transported to the hospital.

6

Once this incident ended Cpl. Almeida, Dep. Gaffey, Dep. Murphy and I returned to the office and completed our incident reports.

A sworn complaint was filed with the state's attorney for resisting without violence.

I was later informed this incident was going to Professional Standards and an internal was to be conducted. I was exonerated.

8. Identify all written statements, memoranda, and notes, including drafts, and any oral reports or statements you have made to any person regarding the Incident. For each such report or other account, please state:

   (a) the date, time, and place of each such report or other account;

   (b) each person to whom you made each such report or account;

   (c) the nature and substance of each such report or account; and

   (d) the name and address of the custodian of each such report or other account.

ANSWER: I wrote a narrative of the events after the incident. This would have been completed at the Sheriff's Department on a computer in the patrol room. (Bates 000003-04)

I gave a sworn statement during the internal investigation to Lieutenant Scott Tummond on 8/13/2019, at 8:35am, at the Sheriff's Department. There may have been another lieutenant present.

7

9. Describe your attire during the Incident, including every item of law enforcement equipment in your possession at the time of the incident (*e.g.*, gun, OC spray, Taser, baton, handcuffs, etc.).

**ANSWER:** **I was wearing my Class B uniform with all Sheriff's Office insignia, brass, badge, name plate, collar brass, firearm, Taser, handcuffs, magazine, pouch and radio.**

10. State everything you heard Plaintiff say and everything you or any other person said to him during any portion of the Incident. Please include:

    (a) each statement made to the best of your recollection;

    (b) the time and place of each statement;

    (c) identify each person present when the statement was made; and

    (d) if the statement was recorded in any manner, identify the documents in which it was recorded.

**ANSWER:**

1. Dep. Murphy announced "Sheriff's Office" from the front door.
2. I announced "Sheriff's Office" numerous times once inside. Cpl. Almeida and Dep. Gaffey were present and next to me.
3. I announced numerous times for Dukes Sr. to identify himself, come from behind the door and to show his hands.
4. Dukes Sr asked who I was and why I was there. I identified myself and told him to come from behind the door.
5. I announced "gun" and that it was on the bed. Cpl. Almeida and Dep. Gaffey were present when I said this.
6. I advised Dukes Sr not to go near the gun.

8

7. Dukes Sr. advised he would own Levy County, he was suing us, and that he would have our jobs. The above named individuals were present when Dukes Sr. made these statements

11. Identify all communications regarding the Incident, whether written or oral, that you have had with any member of LCSO from the date of the Incident to the present. This includes in-person conversations, telephone calls, emails, text messages, and any form of electronic communication. Identify all materials or documents that you have sent to or received from any such person regarding the Incident.

**ANSWER:** I do not know of any communications I have had or received regarding this incident other than those described in answers to interrogatories 6, 7, and 8, and possibly notices or correspondence provided to me during the Internal Investigation.

12. At the time of the Incident, please identify all training, instruction, orders, bulletins, Policies, or other information you received as an LCSO employee, whether formal or informal, verbal or written, concerning warrantless entry into a building, home, or residence.

**ANSWER:** See my training records attached as Exhibit A and the Department's General Orders that were in effect at the time of the incident.

13. At the time of the Incident, please identify all training, instruction, orders, bulletins, Policies, or other information you received as an LCSO employee, whether formal or informal, verbal or written, concerning use of force in effectuating an arrest.

**ANSWER: See my training records attached as Exhibit A and the Department's General Orders that were in effect at the time of the incident.**

14. If during your employment as a law enforcement officer you have ever been the subject of an internal investigation, administrative action, disciplinary action, citizen's complaint, or notice sent pursuant to section 768.28, Florida Statutes, state for each such incident:

- (a) the date of the incident;

- (b) the substance of the charge or allegation of misconduct made against you;

- (c) the date the initial charge or claim of misconduct was made

- (d) the name and address of all persons making the complaint;

- (e) the outcome of each such charge or allegation of misconduct, including the date and nature of final disposition; and,

- (f) if any disciplinary action was taken against you as a result of the charge or allegation of misconduct, the nature of such disciplinary action and the name and address of the person administering such disciplinary action.

**ANSWER: I do not have a list or the details of the information responsive to this request. Please see the records produced by Sheriff McCallum.**

15. Please identify all lawsuits, administrative actions, investigations,

10

and disciplinary charges that have been made against you since January 1, 2017. For each such matter, state the case or investigation number, caption, and how the matter was resolved if not currently pending.

**ANSWER:** **See my response to Interrogatory #14.**

16. If you have ever been charged or convicted of a crime, please state the offense, the court and docket number, and the final disposition.

**ANSWER:** **Not applicable.**

_____
COULTER CHASE GREGORY

**STATE OF FLORIDA**
**COUNTY OF LEVY**

Sworn to (or affirmed) and subscribed before me, by means of ☐ physical presence or ☐ online notarization, this 17 day of May, 2023, by Coulter Chase Gregory, who is ☑ personally known to me or who has ☐ produced _____ as identification and acknowledged that he/she answered and signed the foregoing interrogatories, and that said answers are true and correct to the best of his/her knowledge and belief.

_____
NOTARY PUBLIC
State of Florida
My commission expires:
(seal)



PAULA E. KENNEDY
Commission # GG 936672
Expires February 22, 2024
Bonded Thru Troy Fain Insurance 800-385-7019

12