# Exhibit F

# to

# Slater Declaration

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                          CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.
_____/

## DEFENDANT ROBERT B. MCCALLUM, JR.'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant ROBERT B. MCCALLUM, JR., by and through counsel, answers Plaintiff's Second Set of Interrogatories as follows:

    10.    Please state the name and title of each person who participated in responding to these Interrogatories and the interrogatory number(s) they participated in responding to.

**ANSWER:**    **Sheriff Robert McCallum**
**W. O. Beauchamp, III, Undersheriff/Legal Advisor**
**With assistance of counsel.**

    11.    In your Investigative Summary overviewing the Investigation, you admit in the conclusion that "[t]here was no fresh pursuit and no warrant existed" (Dukes, T. 000172) when the Individual Defendants entered Plaintiff's residence. On the other hand, you denied the lack of "fresh pursuit" in your

1

answer to paragraphs 25 and 52 of the Complaint. Please state all facts supporting your contention that the Individual Defendants had a lawful basis to enter Plaintiff's home during the Incident, including whether there was "fresh pursuit" at the time of the Incident.

**ANSWER:** I am not aware of any facts supporting fresh pursuit. The deputies had probable cause to arrest Terry Dukes, Jr. ("Suspect") for aggravated battery and other charges. They knew at the time:
  a. Suspect is a violent convicted felon;
  b. Suspect has access to firearms;
  c. Suspect regularly uses illegal narcotics and may not be in his right mind;
  d. Sr. matched Jr's description in the dim light;
  e. Suspect resided regularly at this location;
  f. Victim advised Suspect was likely at this location.

The door was opened in response to their loud, repeated, knock and announce. There is no evidence the Deputies forced their way in.

12. Please state all facts supporting your contention that "[a]pplication for a warrant would not have been appropriate at this juncture of the investigation" (Dukes, T. 000172) as stated in your Investigative Summary in connection with the Investigation.

**ANSWER:** Deputies learned of the existing probable cause at approximately 0430 hours. Deputies acted immediately upon the probable cause and attempted to make the arrest. Obtaining an arrest warrant would have taken a minimum of three hours and would have required drafting the warrant application and then waking both the on-call ASA and Duty Judge. It may have also required drive time to and from Gainesville if the judge's original signature was required. The round trip would have been one hour at a minimum.

13. Please state all facts supporting your contention that "[t]he opening of the door could be construed as an invitation to enter" Plaintiff's residence (Dukes, T. 000173), as stated in your Investigative Summary in connection with the Investigation.

**ANSWER: Deputies knocked and announced multiple times. In response, the door was opened. All deputies involved were uniformed deputies driving marked Sheriff's Office vehicles. There is no evidence that deputies made forcible entry. Given the hour, the multiple negative contacts with law enforcement at that location, and the likely intoxication of Terry Dukes, Jr., they were not expecting a formal greeting or invitation.**

## Verification pursuant to 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts stated herein are true and correct to the best of my knowledge. Executed on this 6th day of July 2023.

W.O. Beauchamp, III
Undersheriff/Legal Advisor

3