

```
 1   UNITED STATES DISTRICT COURT

 2   NORTHERN DISTRICT OF FLORIDA

 3   GAINESVILL DIVISION

 4   CASE NO. 1:2-CV-45-AW-HTC

 5

 6   TERRY DUKES, SR.,

 7   PLAINTIFF,

 8

 9   VS.

10

11   ROBERT MCCALLUM JR. ET AL.,

12   DEFENDANTS.

13   _____/

14   VIDEOCONFERENCE DEPOSITION OF LIEUTENANT SCOTT TUMMOND

15   DATE:          JULY 26, 2023

16   REPORTER:      SHILAH BLAKENEY

17   PLACE:         ALL PARTIES APPEARED VIA VIDEOCONFERENCE

18

19

20

21

22

23

24

25
```

MILESTONE REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
407.423.9900
Fax 407.841.2779
Toll Free 855-MYDEPOS

401 EAST JACKSON STREET, SUITE 2370
TAMPA, FL 33602

315 EAST ROBINSON STREET, SUITE 510
ORLANDO, FLORIDA 32801
CORPORATE

|    |                                                              |
|----|--------------------------------------------------------------|
| 1  | APPEARANCES                                                  |
| 2  |                                                              |
| 3  | ON BEHALF OF THE PLAINTIFF, TERRY DUKES, SR.:                |
| 4  | James M. Slater, Esquire                                     |
| 5  | Slater Legal PLLC                                            |
| 6  | 113 South Monroe Street                                      |
| 7  | Tallahassee, Florida 32301                                   |
| 8  | Telephone No.: (305)523-9023                                 |
| 9  | E-mail: james@slater.leg                                     |
| 10 | (Appeared via videoconference)                               |
| 11 |                                                              |
| 12 | ON BEHALF OF THE DEFENDANTS, ROBERT MCCALLUM, ET. AL.:       |
| 13 | Gwendolyn Adkins, Esquire                                    |
| 14 | Coppins Monroe, P.A.                                         |
| 15 | 2316 Killearn Center Boulevard                               |
| 16 | Suite 202                                                    |
| 17 | Tallahassee, Florida 32309                                   |
| 18 | Telephone No.: (850)422-2420                                 |
| 19 | Facsimile NO.: (850) 422-2730                                |
| 20 | E-mail: gadkins@coppinsmonroe.com                            |
| 21 | (Appeared via videoconference)                               |
| 22 |                                                              |
| 23 | Also Present: Brent Beauchamp - Undersheriff                 |
| 24 |                                                              |
| 25 |                                                              |

MILESTONE REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900   www.MILESTONEREPORTING.com   Toll Free 855-MYDEPOS

```
 1                         INDEX
 2                                                   Page
 3  PROCEEDINGS                                        5
 4  DIRECT EXAMINATION BY MR. SLATER                   6
 5
 6                        EXHIBITS
 7  Exhibit                                          Page
 8    1      Levy County Sheriff's Office
 9           Internal Investigation                   34
10    2      Directive 806 Arrest Warrants            60
11    3      Dukes File Redacted 85 pages             92
12    4      Case Action Report                       97
13     (Exhibits retained by James M. Slater, Esquire)
14
15
16
17
18
19
20
21
22
23
24
25
```



MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900          www.MILESTONEREPORTING.com          Toll Free 855-MYDEPOS

```
 1                    STIPULATION
 2
 3  The videoconference deposition of Lieutenant Scott
 4  Tummond taken remotely on Wednesday the 26th day of July
 5  2023 at approximately 10:04 a.m.; said deposition was
 6  taken pursuant to the Federal Rules of Civil Procedure.
 7
 8  It is agreed that Shilah Blakeney, being a Notary Public
 9  and Court Reporter for the State of Florida, may swear
10  the witness and that the reading and signing of the
11  completed transcript by the witness is not waived.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```


MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900     www.MILESTONEREPORTING.com     Toll Free 855-MYDEPOS

```
 1                PROCEEDINGS
 2        THE REPORTER:  On record.  Will all parties
 3   except for the witness, please state your
 4   appearance, how you're attending, and your location?
 5        MR. SLATER:  James Slater, Counsel for
 6   Plaintiff, Terry Dukes, Senior, attending remotely
 7   from Tallahassee, Florida.
 8        MS. ADKINS:  And this is Gwen Adkins, appearing
 9   remotely from Tallahassee on behalf of all
10   defendants.
11        THE REPORTER:  Lieutenant Tummond, will you
12   please state your full name for the record?
13        THE WITNESS:  Lieutenant Scott Tummond, T-U-M-
14   M-O-N-D.
15        THE REPORTER:  Thank you.  And at this time,
16   Lieutenant Tummond, will you please hold your up to
17   the camera?  Thank you.  Do all parties agree that
18   the witness is in fact Lieutenant Tummond?
19        MR. SLATER:  Yes.
20        MS. ADKINS:  Yes.
21        THE WITNESS:  Yes.
22        THE REPORTER:  Lieutenant Tummond, will you
23   please raise your right hand?  Do you solemnly swear
24   or affirm the testimony you're about to give will be
25   the truth, the whole truth, and nothing but the
```

MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900        www.MILESTONEREPORTING.com        Toll Free 855-MYDEPOS

1  truth?
2          THE WITNESS:  I do.
3          THE REPORTER:  Thank you.  You may begin.
4              DIRECT EXAMINATION
5        BY MR. SLATER:
6    Q.   Okay.  Thank you.  Could you please state your
7  full name for the record?
8    A.   Lieutenant Scott Tummond, T-U-M-M-O-N-D.
9    Q.   And Lieutenant, where are you located right
10 now?
11   A.   I'm at -- I'm at the Levy County Sheriff's
12 Office in Bronson, Florida.
13   Q.   Okay.  And it's my understanding the
14 undersheriff is in the room with you right now?
15   A.   Yes, sir.  That is correct.
16   Q.   Is there anyone else in the room?
17   A.   No, sir.
18   Q.   Have you ever given testimony before?
19   A.   Yes, sir.
20   Q.   In what context?
21   A.   All context of law enforcement, so state,
22 federal, and civil.
23   Q.   Okay.  And when you say that, it is my
24 understanding that you're saying in your capacity as a
25 -- as a member of the Levy County Sheriff's Office?

MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900   www.MILESTONEREPORTING.com   Toll Free 855-MYDEPOS

```
 1  Word document with fields, that your assistant helped
 2  prepare for you.  Am I to understand that this is a
 3  single Word document for all of the tracking numbers
 4  that you are -- that you are entering, or is this a
 5  separate spreadsheet for each complaint?
 6       A.   Singular document containing all the complaint
 7  numbers.
 8       Q.   Do you happen to know if -- how long have you
 9  been using -- let me strike that.  How long have you
10  been using this specific spreadsheet, this specific Word
11  document?
12       A.   I think that that particular process was
13  developed in maybe 2017.  I'd have to go back and look,
14  but if memory serves me correct, we -- we created that
15  -- that documentation file about 2017.
16       Q.   Prior to implementing that documentation file,
17  how did you store tracking numbers?
18       A.   There weren't tracking numbers prior to that.
19       Q.   How were you logging complaints prior to the
20  implementation of this Word document?
21       A.   They -- they weren't being -- if -- if -- if
22  we had a written complaint, it would follow the -- the
23  similar process of a review by the colonel, then by the
24  undersheriff, and then by the sheriff, and assignment,
25  if necessary.  But there were no tracking numbers prior
```

MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**
407.423.9900　　www.MILESTONEREPORTING.com　　Toll Free 855-MYDEPOS

1  to that.
2     Q.  How would you -- let's say, sitting here
3  today, if I asked you to go to your -- to your terminal,
4  how would you find a complaint from prior to the
5  implementation of this Word document?
6     A.  I'm not sure that I would be able to unless it
7  was ordered as a formal investigation.
8     Q.  And when you say ordered as a formal
9  investigation, does that mean the sheriff has issued
10 that memo to you?
11    A.  Yes, sir.
12    Q.  Do you -- what -- as far as -- prior to the
13 implementation of this Word document, if you did not
14 receive an order and a memo from the sheriff on a
15 complaint, what would you do with the complaint?
16    A.  I may not even know about it.
17    Q.  Is -- I'm just trying to understand that.  So
18 if someone -- if -- let's say in 2010 prior to the
19 implementation of this -- of this Word document, this
20 track -- this Word document where you're implementing --
21 where you're inputting tracking numbers, if I came to
22 the sheriff's office with a handwritten complaint, or --
23 I'm trying to understand sort of what -- let's say the
24 sheriff did not order you to undertake an investigation.
25 What would -- the process that you described to me

MILESTONE REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900    www.MILESTONEREPORTING.com    Toll Free 855-MYDEPOS

```
 1      Q.   What happens next?
 2      A.   Well, a determination of who the complaint was
 3 being filed against would have to be made, sometimes by
 4 the person sitting at the front desk.  And that -- that
 5 individual would've delivered the complaint to that
 6 division commander, whether it was criminal
 7 investigation division, the patrol division, the
 8 detention bureau.  I mean, it -- it could have gone
 9 anywhere based on the nature of the complaint and who
10 the complaint was against.
11      Q.   Okay.  So -- and so it sounds -- it sounds to
12 me, and you tell me if I'm wrong here, it sounds to me
13 like, my understanding now is that you would have sort
14 of a more centralized process and back then it would go
15 -- it would be more sort of -- a complaint would sort of
16 first land in the division where the sort of the person
17 against whom the complaint was made was housed, let's
18 say.
19      A.   That would be accurate.
20      Q.   Okay.  And sort of taking that to its sort of
21 next logical step, then the -- so back then, prior to
22 this centralized sort of complaint system, were -- the
23 divisional commanders were making the sort of initial
24 determination; is that right?
25      A.   Yes.
```


MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900   www.MILESTONEREPORTING.com   Toll Free 855-MYDEPOS

1     Q.   Okay.  So were they -- were there any policies
2  in place prior to 2017 for divisional commanders?  Were
3  there any policies in place prior to 2017 to help guide
4  these divisional commanders in assessing citizen
5  complaints?
6     A.   Sir, I -- I -- I don't know that I can, again,
7  adequately answer that without referring back to the
8  policies in place at that time.  My initial reaction
9  would be I don't think so, but I can't say that
10 positively.
11    Q.   Okay.  Do you -- do you know what the policy
12 numbers would have been prior to 2017 for internal
13 affairs investigations?
14    A.   Not off the top of my head, no, sir.
15    Q.   Okay.  Is there -- excuse me -- is there -- is
16 there a way for you to determine that?
17    A.   It would take some -- some time and some
18 research.  I'm sure I could find something.  And -- and
19 forgive me, I'm not sure what relevance that would have
20 in this particular case.
21    Q.   Pardon me.  Sorry, I'm come -- I'm coming off
22 a respiratory bug.  But -- well, that's not -- I don't
23 -- I don't -- I don't mean to sound, you know, that's --
24 you know, that's for us lawyers to sort of figure out,
25 right?  And, you know, we have a claim against the

MILESTONE REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY
CORPORATE ORLANDO, FL 32801
JACKSONVILLE, FL 32256
TAMPA, FL 33602
407.423.9900     www.MILESTONEREPORTING.com     Toll Free 855-MYDEPOS

1 sheriff's office for its policies, customs, and
2 practices so I'm here with you today to understand those
3 policies, customs and practices.  And so you said it
4 would take you some time and research to figure out what
5 policies were in place prior to 2017.  When you say
6 that, do you mean going through a computer system to
7 find that?
8     A.   Combination of what is still available
9 electronically and if not available electronically, I
10 would have to research paper records.
11     Q.   Is there a certain part of the sheriff's
12 office where paper records and policies are stored?
13     A.   The simple answer is yes, but in this
14 particular case, the answer will be no.  I -- I would
15 have to look in several locations and if they're
16 available, I would -- I would eventually locate them.  I
17 just don't immediately know where I need to start my
18 search for the paper records.  I know where to start the
19 search for the electronic records.
20     Q.   Okay.  Prior to -- prior to this system that
21 you -- that you folks created in 2017, you were telling
22 me that generally speaking, prior to that a complaint
23 would go to the appropriate divisional commander, right?
24     A.   Yes, sir.
25     Q.   Let's just assume that the divisional


MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900   www.MILESTONEREPORTING.com   Toll Free 855-MYDEPOS

1  commander at that time determined that nothing further
2  was needed for the complaint, let's say, determined it
3  was either unfounded or unsubstantiated or exonerated
4  the deputy involved.  Would there be any record of that?
5           MS. ADKINS:  Form.
6           BY MR. SLATER:
7       Q.  You can answer, sir.
8       A.  If that division commander followed through
9  and created a document that summarized the decision and
10 filed it, then yes.  But again, I can't speak for the
11 actions of another division commander, many of which
12 probably aren't here anymore.
13      Q.  If a division commander generated a written
14 report prior to this 2017 sort of shift, where would
15 that be stored?
16      A.  There could be two locations, in a file that
17 is housed in professional standards if discipline arose
18 from that complaint, or potentially in their personnel
19 file, which is housed in the HR division.
20      Q.  Anywhere else?
21      A.  Sir, not to be flip about that, but you could
22 technically flip a coin that that division commander
23 could have kept it in their own office.  I -- I don't
24 know.
25      Q.  Okay.  Okay.  Let me -- let -- let's circle



MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900     www.MILESTONEREPORTING.com     Toll Free 855-MYDEPOS

```
 1        A.   That's okay.  Yeah.
 2        Q.   Yes, certainly it wasn't Terry Dukes, Jr.  It
 3   was Terry Dukes, Sr.  So all right.  So the door is
 4   opened, and you are right here.  The deputy's assumption
 5   the door was open was -- the deputy's assumption, the
 6   door was open was in response to their knocks outside is
 7   appropriate.  And then the very next paragraph, you say,
 8   "The opening of the door could be construed as an
 9   invitation to enter."  What do you mean by that?
10             MS. ADKINS:  Form.
11        A.   I'm -- I'm not certain that that needs any
12   further explanation.  You knock, somebody opens the
13   door, that's to be construed or taken as an invitation
14   to enter.  Otherwise, the door wouldn't have been
15   opened.
16             BY MR. SLATER:
17        Q.   Is it my understanding then that you're saying
18   that, and I believe we talked about several exceptions
19   to the warrant requirement invitation, as you called it
20   "exigent circumstances and fresh pursuit," right?
21        A.   I -- I added invitation into that also, sir.
22        Q.   I did cover invitation.  Have you ever heard
23   invitation called -- have you ever heard anyone use a
24   different term for that other than invitation?
25        A.   No, not -- not that immediately comes to mind.
```



MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900      www.MILESTONEREPORTING.com      Toll Free 855-MYDEPOS

```
 1                    CERTIFICATE OF OATH
 2
 3   STATE OF FLORIDA
 4   COUNTY OF ORANGE
 5
 6        I, the undersigned, certify that the witness in the
 7   foregoing transcript personally appeared before me and
 8   was duly sworn.
 9
10   Identification:  Produced Identification
11
12
13
14                   [signature: Shilah Blakeney]
15        _____
16        SHILAH BLAKENEY
17        Court Reporter, Notary Public
18        State of Florida
19        Commission Expires: 02/12/2027
20        Commission Number: #HH36122
21
22
23
24
25
```



MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900   www.MILESTONEREPORTING.com   Toll Free 855-MYDEPOS

```
 1              C E R T I F I C A T E
 2
 3  STATE OF FLORIDA)
 4  COUNTY OF ORANGE)
 5
 6       I, SHILAH BLAKENEY, Court Reporter and Notary
 7  Public for the State of Florida at Large, do hereby
 8  certify that I was authorized to and did report the
 9  foregoing proceeding, and that said transcript is a true
10  record of the said proceeding.
11
12       I FURTHER CERTIFY that I am not of counsel for,
13  related to, or employed by any of the parties or
14  attorneys involved herein, nor am I financially
15  interested in said action.
16
17  Submitted on: August 8, 2023
18
19
20
21
22  _____
23  SHILAH BLAKENEY
24  Court Reporter, Notary Public
25
```



MILESTONE | REPORTING COMPANY
TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900      www.MILESTONEREPORTING.com      Toll Free 855-MYDEPOS