UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR. and CHASE GREGORY,

    Defendants.
_____/

## DEFENDANT CHASE GREGORY'S MOTION TO STAY PROCEEDINGS PENDING APPEAL and, ALTERNATIVELY, FOR AN EXTENSION OF TIME

Defendant Chase Gregory, individually, moves this Court to stay all proceedings in this Court pending the determination of the interlocutory appeal filed by him today, January 2, 2024. Alternatively, should the Court deny the motion, Defendant Gregory requests an extension of five business days following the Court's ruling to comply with any pretrial deadlines between the filing of this motion and the denial. As grounds for this motion, Defendant Gregory states:

    1.    On December 22, 2023, this Court entered an Order [Doc.42] denying Defendant Gregory's Motion for Summary Judgment on Plaintiff's claims against him individually pursuant to 42 U.S.C. §1983. [Doc.28].

2. Today, immediately preceding this motion, Defendant Gregory filed a Notice of Interlocutory Appeal [Doc.44] from the Order denying his Motion for Summary Judgment on the claims against him pursuant to 42 U.S.C. §1983.

3. Trial is scheduled for the two-week period beginning January 31, 2024, and pretrial deadlines are pending.

4. The only claims remaining are the subject of Defendant Gregory's Notice of Appeal and he is entitled to the protection from unnecessary trial proceedings while the interlocutory appeal is determined. *See, e.g., Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982), and *Crawford-El v. Britton,* 523 U.S. 574, 597-98 (1998).

WHEREFORE, Defendant Chase Gregory respectfully requests that this Court grant his Motion to Stay Proceedings in this Court pending resolution of the appeal. Alternatively, Defendant Gregory respectfully requests an extension of five business days following any ruling denying this motion to comply with any pretrial deadlines which existed between the date of filing this motion and the ruling.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(b)

In accordance with Local Rule 7.1(b), Local Rules of the United States District Court for the Northern District of Florida, the undersigned counsel has conferred with Plaintiff's counsel regarding this Motion to Stay Proceedings. Plaintiff opposes the instant motion to stay.

## MEMORANDUM OF LAW

Eleventh Circuit jurisprudence is clear that interlocutory appeals are proper in cases like the one at hand. In this case Defendant Gregory submits that he is entitled to qualified immunity because the undisputed facts show that the law was not clearly established that a law enforcement officer's entry and use of a Taser in circumstances *known to him* at the time, even under Plaintiff's version of events, was unlawful or violative of the Fourth Amendment.

The Eleventh Circuit takes a broad view of what is properly appealable on a denial of qualified immunity. In *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000), the court indicated that issues such as are presented here are proper for interlocutory appeal:

> Appellant argues the district court erred in denying his motion for summary judgment. Appellant based his motion on the premise that the application of *de minimis* force during an arrest does not, as a matter of law, constitute excessive force and on the related theories of qualified and discretionary immunity. We may exercise jurisdiction over all of these arguments. *See Sheth v. Webster*, 145 F.3d 1231, 1235-36 (11th Cir. 1998). In *Sheth*, this Court explained that it has jurisdiction to consider an appeal from a denial of qualified immunity because the "issues appealed ... concern 'not which facts the parties might be able to prove, but, rather, whether or not certain given facts show [ ] a violation of "clearly established" law.'" *Id.* at 1236 (quoting *Johnson v. Jones,* 515 U.S. 304, 311, 115 S. Ct. 2151, 2155, 132 L.Ed.2d 238 (1995)).

*Id.,* at 1255. Similarly, in *Williams v. Sirmons*, 307 Fed.Appx. 354, 355 (11th Cir. 2009), the Eleventh Circuit stated that:

> "…a district court's order denying a defendant's motion for summary judgment grounded on a claim of qualified immunity is immediately appealable despite their being disputed issues of fact, unless the only disputed issue is whether the evidence could support a finding that particular conduct occurred. *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Accordingly, we have jurisdiction to review the district court's legal analysis in denying qualified immunity, <u>even though the district court noted that material issues of fact remain</u>. *Cottrell v. Coldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996).

*Id.* at 355.

The Notice of Appeal filed by the Defendant Gregory is neither defective nor frivolous. The Order on appeal denied Deputy Gregory his qualified immunity from suit for federal civil rights claims despite a finding by the District Court that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred. *Zieglar v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983).

Defendant Gregory respectfully requests that this court stay all proceedings pending his appeal involving qualified immunity. The only claims that remain are those against him individually, claims that are directly at issue in the appeal. Because his claim for qualified immunity constitutes an "immunity from suit rather than a mere defense to liability; like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir.2004) *citing Elliot v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). "Subjecting officials to trial [ ] concerning

acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford." Id.

To the extent this Court should deny the motion for stay, Defendant Gregory seeks an extension of time to comply with any remaining pretrial deadlines of five business days post-ruling. Federal Rule of Civil Procedure 6(b) provides for the extension of time when made by motion for good cause shown. The appeal on the issues of qualified immunity, the only remaining issues in the case, constitute good cause for Defendant Gregory seeking an extension so as to preserve his entitlement his immunity from suit.

Respectfully submitted this 2nd day of January 2024.


*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
kwillis@coppinsmonroe.com

Coppins Monroe, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 ǀ Fax: 850-422-2730

ATTORNEYS FOR DEFENDANTS
ROBERT B. MCCALLUM JR. and
CHASE GREGORY

CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Gwendolyn Adkins
Attorney