UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.

DEPUTY CHASE GREGORY,

    Defendant.

Case No. 1:23-cv-45-AW-HTC

## PLAINTIFF'S RESPONSE TO DEPUTY GREGORY'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

Pursuant to Local Rule 7.1 and this Court's Order For Expedited Response (Doc. 46), Plaintiff Terry Dukes, Sr. files this response to Deputy Gregory's Motion to Stay these proceedings pending his interlocutory appeal. (Doc. 45). As grounds, Plaintiff states:

1.  On December 22, 2023, this Court issued an order on summary judgment (Doc. 42), in which it denied the parties' cross-motions for summary judgment on Mr. Dukes's Fourth Amendment claims.

2.  Therein, the Court found that disputed factual issues precluded summary judgment on qualified immunity as to those claims. (*See id.* at 9–13).

3.  On January 2, 2024, Deputy Gregory filed a notice of appeal of the Court's order on summary judgment, indicating that he would seek appellate review of

the Court's summary judgment order as to "issues of law, not fact" relating to his invocation of qualified immunity on *all* of Mr. Dukes's Fourth Amendment claims. (Doc. 44 at 1).

4. That same day, Deputy Gregory asked the Court to stay these proceedings pending the outcome of his interlocutory appeal, which he contends is "neither defective nor frivolous." (Doc. 45 at 4).

5. Mr. Dukes recognizes that decisional authority suggests that trial courts should stay proceedings when a party seeks interlocutory review of a denial of a claim of qualified immunity.

6. Even if the Court were to conclude that Deputy Gregory's appeal was frivolous and certify the same to the Eleventh Circuit Court of Appeals, the readily approaching trial date would support a stay of these proceedings. *Andre v. Castor*, 963 F. Supp. 1169, 1171 (M.D. Fla. 1997) (staying dispositive motions and trial even though the court certified that the notice of appeal was frivolous); *but see Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("a stay need not be granted at the outset if the appeal is frivolous").

7. For that reason, and now having the opportunity to review the decisional authority, Mr. Dukes agrees that the Court should stay these proceedings for now to limit judicial waste as the trial is scheduled to occur in less than a month. *See Harrell v. Campbell*, 482 F. Supp. 2d 1373, 1378 (N.D. Fla. 2007).

## Conclusion

For these reasons, Plaintiff Terry Dukes, Sr. now agrees that a stay of these proceedings would limit judicial waste in light of Deputy Gregory's notice of appeal.

Dated: January 3, 2024.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Plaintiff*

## Local Rule 7.1(F) Certification

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains 499 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater