# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 16, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10014-CC
Case Style: Terry Dukes , Sr. v. Chase Gregory
District Court Docket No: 1:23-cv-00045-AW-HTC

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10014
_____

TERRY DUKES, SR.,

                                                                                     *Plaintiff-Appellee,*

versus

SHERIFF OF LEVY COUNTY, FLORIDA, et al.,

                                                                                     *Defendants,*

CHASE GREGORY,
   Corporal, in his individual capacity,

                                                                         *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:23-cv-00045-AW-HTC

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 4 of 20
USCA11 Case: 24-10014   Document: 22 of 20   Date Filed: 10/16/2025   Page: 2 of 18

2                     Opinion of the Court                    24-10014

Officer Chase Gregory entered the home of Terry Dukes Sr. without a warrant or exigency, after Dukes opened a door to his home and walked to his bedroom without any communication with the officer. Once inside, Officer Gregory tased and handcuffed Dukes in his bedroom. Dukes sued the officer, in his individual capacity, for unlawful entry and unlawful seizure in violation of the Fourth Amendment. Officer Gregory moved for summary judgment based on qualified immunity. The district court denied that motion, and Officer Gregory appealed. Construing all facts in favor of Dukes, we conclude that Officer Gregory's entry violated Dukes's clearly established Fourth Amendment rights. Accordingly, we affirm the district court's denial of summary judgment as to Dukes's unlawful entry claim. But because Dukes's unlawful seizure claim (unlawful arrest or detention, and excessive force) is entirely derivative of his wrongful entry claim, we vacate the district court's denial of summary judgment on his unlawful seizure claim and remand with instructions to consider that claim as subsumed into his claim for unlawful entry.

### I.

#### A.

Early in the morning on May 25, 2019, the Levy County Sheriff's Office was alerted that plaintiff Dukes's son—Terry Dukes Jr. ("Junior")—had assaulted his pregnant girlfriend and was possibly armed and on drugs. Junior stayed at Dukes's home from time to time, and officers thought they might find Junior there.

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 5 of 20
USCA11 Case: 24-10014   Document: 32 of 120   Date Filed: 10/16/2025   Page: 3 of 18

24-10014              Opinion of the Court                    3

So that same morning, still before sunrise, Officer Gregory and others went to Dukes's home and approached it from different sides. Officer Gregory stood on the ground next to a handrail lining an elevated stoop at the home's back door. Another officer announced, "Sheriff's Office," and knocked once on the side of the home and twice at the front door. Thinking it was Junior, Dukes then stated, "I'm coming," opened the back door—where no officer had knocked—and turned and walked back toward the interior of the home, leaving the door open. Dukes could not see Officer Gregory because of the way he was positioned at the back of the home, and they did not speak.

Officer Gregory entered the home through the open back door. He passed through a hall and kitchen area and only then announced his presence. The home was dark—the only light came from Dukes's phone and the officers' flashlights. Dukes, who had been naked, was in a bedroom, where there was a firearm.

The officers confronted Dukes in the bedroom and ordered him to get on the ground. Dukes told Officer Gregory and the others repeatedly that he was Terry Dukes Sr. and not Junior, that Junior did not come home "last night," and that Dukes was "trying to go to work." Later at his deposition, Officer Gregory stated that if he had been "able to see [Dukes's] face," he "would've known that this was Dukes, Sr. and not Dukes, Jr."

The officers ordered Dukes to not move. Dukes reached for his pants, however. Officer Gregory then tased Dukes, handcuffed

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 6 of 20
USCA11 Case: 24-10014   Document: 42 of 20   Date Filed: 10/16/2025   Page: 4 of 18

4                        Opinion of the Court                    24-10014

him, and escorted him outside, where he remained in handcuffs for fifteen to thirty minutes.

### B.

Dukes filed suit against Officer Gregory and another officer. Dukes's amended complaint brought two claims relevant to this appeal: (1) count III alleged that Officer Gregory committed "unlawful entry" in violation of the Fourth Amendment; (2) count IV alleged that, in violation of the Fourth Amendment, Officer Gregory committed "unlawful seizure" by unlawfully arresting or detaining him and by subjecting him to "excessive force."

After the close of discovery, Officer Gregory moved for summary judgment on Dukes's claims, asserting that qualified immunity protected him against counts III and IV. The district court denied Officer Gregory's summary judgment motion as to counts III and IV. The court reasoned that, on those two counts, "material factual disputes" precluded qualified immunity. Officer Gregory timely appealed.

### II.

We apply *de novo* review to all the issues in this appeal. We review our jurisdiction *de novo*. *Nelson v. Tompkins*, 89 F.4th 1289, 1295 (11th Cir. 2024). Likewise, we review the denial of qualified immunity at summary judgment *de novo*, viewing the facts in the light most favorable to the nonmoving party. *Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022); *see* FED. R. CIV. P. 56(c).

Case 1:23-cv-00045-AW-HTC    Document 54    Filed 10/16/25    Page 7 of 20
USCA11 Case: 24-10014    Document: 52-1    Date Filed: 10/16/2025    Page: 5 of 18

24-10014                Opinion of the Court                5

### III.

Our analysis proceeds in three parts. First, we analyze whether we have jurisdiction over this interlocutory appeal. Second, we assess whether the district court erred in denying Officer Gregory summary judgment as to Dukes's claim for unlawful entry. Third, we assess whether the district court erred in denying Officer Gregory summary judgment as to Dukes's claim for unlawful seizure.

### A.

We start with our jurisdiction over this interlocutory appeal. "Whether we have interlocutory jurisdiction to review the denial of summary judgment on qualified immunity grounds depends on the type of issues involved in the appeal." *English v. City of Gainesville*, 75 F.4th 1151, 1155 (11th Cir. 2023) (citation modified). When the appeal raises only issues of "evidentiary sufficiency"—in other words, "fact-related disputes about whether the evidence could support a finding that particular conduct occurred"—we lack jurisdiction. *Nelson*, 89 F.4th at 1295 (citation modified).

But some appeals raise both issues of fact and issues of law. "When an official moves for summary judgment based on qualified immunity, a district judge must determine whether there is a genuine issue of material fact as to whether the official committed conduct that violated clearly established law." *English*, 75 F.4th at 1155 (citation modified). That determination may entail two parts: "(1) defining the official's conduct, based on the record and viewed

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 8 of 20
USCA11 Case: 24-10014   Document: 62-1   Date Filed: 10/16/2025   Page: 6 of 18

6                      Opinion of the Court                   24-10014

most favorably to the non-moving party, and (2) determining whether a reasonable public official could have believed that the questioned conduct was lawful under clearly established law." *Koch v. Rugg*, 221 F.3d 1283, 1295 (11th Cir. 2000) (footnote omitted). "[A] plaintiff may not base an interlocutory appeal on the district court's first determination *by itself*." *English*, 75 F.4th at 1155–56 (citation modified). But when an appeal raises both of these qualified immunity issues—or raises only the second, an abstract issue of law—we have jurisdiction for *de novo* review. *Id.*; *Nelson*, 89 F.4th at 1296.

Here, there are both issues of evidentiary sufficiency and of law. First, we must decide whether the evidence was sufficient for a reasonable jury to find that Dukes did not give consent for Officer Gregory to enter—this is a factual issue that the district court determined is in genuine dispute. *See Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 524 (11th Cir. 2019) ("A factfinder must . . . determine whether in fact there was consent . . . ."). To decide this factual issue, we may either "accept the district court's findings of fact if they are adequate," or "conduct our own analysis of the facts in the light most favorable to the plaintiff." *Nelson*, 89 F.4th at 1296 (citation modified). Then, after we resolve the factual issue, we must decide whether a "reasonable public official could have believed" that Officer Gregory's entry and subsequent seizure were "lawful under clearly established law." *Koch*, 221 F.3d at 1295. Specifically, as we explain below, we must decide whether the law clearly established that Dukes's actions—opening a door and retreating without any communication with an officer—did not create consent to that

24-10014               Opinion of the Court                    7

officer's entry.

Because the parties raise both evidentiary sufficiency and clearly-established-law issues on appeal, we have jurisdiction to decide both issues. *Nelson*, 89 F.4th at 1296.

B.

Turning to the merits, we now address whether the district court erred in denying summary judgment to Officer Gregory on Dukes's Fourth Amendment claim for unlawful entry (count III). Qualified immunity does not protect Officer Gregory against this claim at summary judgment because (1) a jury could conclude that Officer Gregory entered Dukes's home without Dukes's consent, in violation of his Fourth Amendment rights, and (2) when he entered, it was clearly established that his conduct violated Dukes's Fourth Amendment rights.

1.

We begin with the evidentiary sufficiency question—whether a jury could find that Officer Gregory entered Dukes's home without his consent, in violation of his Fourth Amendment rights.

The Fourth Amendment prohibits warrantless entry into a home without either an exigency justifying entry or consent to enter. *Bashir v. Rockdale County*, 445 F.3d 1323, 1328 (11th Cir. 2006). Indeed, "the very core" of the Fourth Amendment is "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion"—and so, "the Fourth

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 10 of 20
USCA11 Case: 24-10014   Document: 82-1   Date Filed: 10/16/2025   Page: 8 of 18

8                    Opinion of the Court                   24-10014

Amendment has drawn a firm line" at the threshold of the home. *Payton v. New York*, 445 U.S. 573, 589–90 (1980) (citation modified). That "threshold may not reasonably be crossed without a warrant," absent a few "jealously and carefully drawn" exceptions. *McClish v. Nugent*, 483 F.3d 1231, 1240–41 (11th Cir. 2007) (citation modified). One exception is an exigency—"a situation where the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." *United States v. Burgos*, 720 F.2d 1520, 1526 (11th Cir. 1983). The other exception to the warrant requirement is consent to entry. *McClish*, 483 F.3d at 1240; *Bashir*, 445 F.3d at 1328. That consent must be voluntary—not the "product of duress or coercion," *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), but "the product of an essentially free and unconstrained choice," *United States v. Gonzalez*, 71 F.3d 819, 829 (11th Cir. 1996) (citation modified), *abrogated on other grounds by*, *Arizona v. Gant*, 556 U.S. 332 (2009).

Here, the parties do not dispute that Officer Gregory lacked a warrant or an exigency to enter, or the legal proposition that a warrantless entry without consent or exigency violates the Fourth Amendment. They dispute whether the evidence is sufficient for a jury to find an absence of consent. That question—whether Dukes consented to Officer Gregory's entry—turns on the "totality of all the circumstances." *Judd*, 941 F.3d at 522 (citation modified). We review this evidentiary sufficiency dispute anew, choosing to "conduct our own factual analysis." *Nelson*, 89 F.4th at 1296 (citation modified).

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 11 of 20
USCA11 Case: 24-10014   Document: 92-1   Date Filed: 10/16/2025   Page: 9 of 18

24-10014               Opinion of the Court                      9

Viewed in the light most favorable to Dukes, we conclude that a reasonable jury could find that Dukes never consented, either explicitly or implicitly, to Officer Gregory entering his home. It was early in the morning before sunrise. Officers knocked and announced, "Sheriff's Office," but Dukes, who was hard of hearing, did not hear that announcement and did not know that the police officers were outside in the dark. Dukes thought instead that his son had returned home, and thus Dukes opened the back door. Dukes did not see Officer Gregory outside, and they did not speak. Dukes returned to his bedroom, leaving the door open. Then, Officer Gregory—without communicating with Dukes, let alone asking him for permission to come in—walked into Dukes's home through the open back door. This evidence is sufficient for a jury to find that Dukes did not convey to the officers outside his house that they had permission to enter.

Officer Gregory says this case is like *Judd*, but he is wrong. In *Judd*, the officer and resident communicated verbally and non-verbally, suggesting a request for entry and a granting of that request. *See* 941 F.3d at 525. The officer told the resident that he "was there to arrest" someone in the house; the resident asked the officer to "hang on for a minute while he put the dog up," and then returned minutes later and "opened the door wide and stepped back." *Id.* at 525. We held, after a jury trial, that a reasonable jury could conclude that the resident had consented to the officer's entry. *See id.* at 523–26. Here, however, we are at summary judgment, not after a jury trial. And Officer Gregory and Dukes never communicated before Officer Gregory entered. To be sure, another

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 12 of 20
USCA11 Case: 24-10014   Document: 40-1   Date Filed: 10/16/2025   Page: 10 of 18

10                    Opinion of the Court                  24-10014

officer had knocked on the front door and side of the home, but unlike the resident in *Judd*, Dukes neither opened a door that an officer had knocked on nor communicated with anyone standing near the door he opened.

Because a jury could conclude that Officer Gregory entered Dukes's home without his consent—and without a warrant or exigency, either—a jury could conclude that the officer entered Dukes's home in violation of his Fourth Amendment rights. *See Bashir*, 445 F.3d at 1328; *McClish*, 483 F.3d at 1240.

2.

The next question is whether, at the time Officer Gregory entered, it was clearly established that his actions violated Dukes's Fourth Amendment rights. The answer is yes. A right can be clearly established by, among other routes, "materially similar" caselaw. *See Jones v. Fransen*, 857 F.3d 843, 852 (11th Cir. 2017). Here, if we construe the facts in the light most favorable to Dukes, materially similar caselaw pre-dating Officer Gregory's actions makes clear that the Fourth Amendment prohibited his conduct.

Nearly two decades ago, we held that a resident's decision to open a door in response to an officer's knock does not by itself give an officer permission to enter a home. *See McClish*, 483 F.3d at 1247–49. We explained that, "although an individual who opens the door may provide an officer with more information than a person who chooses to remain behind a closed door . . . this is quite distinct from creating, all in itself, a *right of entry* to seize a person from his home without a warrant." *Id.* at 1247.

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 13 of 20
USCA11 Case: 24-10014   Document: 42-1   Date Filed: 10/16/2025   Page: 11 of 18

24-10014                Opinion of the Court                11

In *Gonzalez* and *Bashir*, we applied that principle to hold that officers violated the Fourth Amendment when, without an exigency or a warrant, they followed a resident into a home through an open door. In *Gonzalez*, we concluded that an officer violated the Fourth Amendment when a woman never affirmatively agreed to an officer's request to enter her residence, but he nonetheless followed her into her home, with no warrant or exigency, after she "went into her house to get a drink of water." 71 F.3d at 828–30. Even though the woman did not bar or object to the officer's entry—she did not, for instance, close the open door to impede the officer from going "through the garage to get to the kitchen"—we concluded that the officer could not enter. *Id.* at 823; *see id.* at 828–29. Similarly in *Bashir*, an officer spoke with plaintiff Saleem Bashir outside his home, and then "followed Bashir through the doorway and into the kitchen" without a warrant or exigent circumstances, and without asking or receiving "permission to enter the residence." 445 F.3d at 1326, 1328. Although the officer followed him through the doorway without Bashir's objection, we reasoned that Bashir did not give consent to the officer to enter, because the officer "never asked Bashir for permission to enter the house and Bashir never expressly invited him inside." *Id.* at 1328–29.

With the facts viewed in the light most favorable to Dukes, this case is on all fours with *Gonzalez* and *Bashir* in every way that matters. In this case, Dukes opened a door to his house and returned to his bedroom. Like the residents in *Gonzalez* and *Bashir*, he left the door open behind him. Like the officers in *Gonzalez* and *Bashir*, Officer Gregory followed Dukes into the interior of his

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 14 of 20
USCA11 Case: 24-10014   Document: 42-1   Date Filed: 10/16/2025   Page: 12 of 18

12                        Opinion of the Court                    24-10014

home without a warrant or exigency, without being invited to enter, and without Dukes granting any request to enter. To make matters worse, unlike the officers in *Gonzalez* and *Bashir*, Officer Gregory never even communicated with Dukes before entering the home. In fact, Dukes testified that when he opened the back door, he did not even know any police officers were outside.

If there were any doubt about how these authorities apply in the qualified immunity context, that doubt is resolved in *Bashir* itself. We not only found a violation of the Fourth Amendment in *Bashir*; we also held that, for qualified immunity purposes, it was clearly established that the officer's conduct violated the Fourth Amendment. *See* 445 F.3d at 1331. We said that "*Gonzalez* . . . [wa]s not distinguishable in a fair way from the facts of th[at] case." *Id.* (citation modified). And we said that "*Gonzalez* clearly established a reasonable officer in [the defendant officer's] position could not infer consent from Bashir's conduct." *Id.* at 1331. That was so, we concluded, because the officer neither asked Bashir for permission to enter nor received an invitation to come inside. *See id.* at 1328–29. The same is true here. Viewing the evidence in the light most favorable to Dukes, the facts here are not distinguishable in any fair way from the facts of *Bashir* or *Gonzalez*. And, as we concluded in *Bashir*, an officer is not due qualified immunity under these circumstances.

In response to *Bashir* and *Gonzalez*, Officer Gregory again points to *Judd*, where we concluded that a reasonable jury could find that a resident had given an officer consent to enter his home

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 15 of 20
USCA11 Case: 24-10014   Document: 43-1   Date Filed: 10/16/2025   Page: 13 of 18

24-10014                Opinion of the Court                         13

even though the resident did not verbally give the officer permission. *See* 941 F.3d at 522–26. But, in *Judd*, we analyzed the issue of consent as a fact question after a jury trial and determined only that the jury was "free to conclude," based on the evidence, that the resident had consented to the officer's entry into his home. *Id.* at 526. We did not hold that the officer in *Judd* had a right to enter as a matter of law. And, as we have explained above, the officer and resident in *Judd*, unlike here, communicated verbally and through non-verbal cues about the officer's implied request to come into the house; the officer said he was there to arrest someone in the house and the homeowner opened the door wide and stepped to the side in a gesture of invitation. *See id.* at 525. Even though we held in *Judd* that consent need not be verbal and explicit, that precedent could not have suggested to a reasonable officer that he may enter a home without a warrant, exigency, or any meaningful communication with the home's occupant.

The district court did not err in denying Officer Gregory qualified immunity against Dukes's unlawful entry claim at summary judgment.

### C.

We turn to Dukes's unlawful seizure claim (count IV), which alleges that after illegally entering Dukes's home, Officer Gregory unlawfully arrested or detained Dukes and subjected him to excessive force. We first map out the relationship between claims for unlawful entry, unlawful arrest or detention, and excessive force. We then conclude that Dukes's unlawful seizure claim,

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 16 of 20
USCA11 Case: 24-10014   Document: 42-1   Date Filed: 10/16/2025   Page: 14 of 18

14                     Opinion of the Court                     24-10014

in light of his concessions at oral argument, is subsumed into his claim for unlawful entry.

1.

Fourth Amendment claims for unlawful entry, unlawful arrest or detention, and excessive force are separate claims that focus on different points in a law enforcement officer's interaction with the plaintiff. *See, e.g., Fish v. Brown*, 838 F.3d 1153, 1164 (11th Cir. 2016) (reviewing "separate claims for an unlawful entry into and search of his home, and, for unlawful arrest" (emphasis omitted)); *Hardigree v. Lofton*, 992 F.3d 1216, 1224–32 (11th Cir. 2021) (analyzing unlawful entry, false arrest, and excessive force claims as separate claims). An illegal entry claim asserts that an officer lacked a lawful basis to enter a home. *See Fish*, 838 F.3d at 1164; *Hardigree*, 992 F.3d at 1224; *Payton*, 445 U.S. at 589–90. But, even if an officer lawfully entered a person's home, he may still have lacked probable cause to arrest or reasonable suspicion to detain the person once inside the home. *See Fish*, 838 F.3d at 1164–68 (discussing whether seizures subsequent to a lawful entry were independently lawful); *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003) (discussing different levels of "Fourth Amendment scrutiny" depending on which type of seizure was conducted). Similarly, even if a seizure were legal—that is, even if an officer had the requisite level of suspicion to arrest or detain someone—a plaintiff may claim that the officer "used more force than reasonably necessary to effect" that seizure. *Jackson v. Sauls*, 206 F.3d 1156, 1165–66, 1171 (11th Cir. 2000); *see Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 17 of 20
USCA11 Case: 24-10014   Document: 45-1   Date Filed: 10/16/2025   Page: 15 of 18

24-10014                Opinion of the Court                15

that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." (emphasis omitted)). When claims are raised this way, each claim should proceed on its own independent merits. *See Richmond v. Badia*, 47 F.4th 1172, 1180–81 (11th Cir. 2022); *Jackson*, 206 F.3d at 1171.

Sometimes, however, a plaintiff's Fourth Amendment claims collapse into each other. That is, the plaintiff's theory of liability is not that, even if an officer lawfully entered the home, a subsequent arrest still lacked probable cause—or that even if the arrest were supported by probable cause, the force used to effect that arrest was excessive. Instead, the plaintiff alleges only that an arrest was unlawful because of a preceding illegal entry, or that the force used was unjustified because the officer had no basis to make an arrest at all, or both. *See Hardigree*, 992 F.3d at 1224 ("When an officer enters a person's home without a warrant and without consent, any resulting search or seizure violates the Fourth Amendment unless it was supported by probable cause and exigent circumstances."); *Bashir*, 445 F.3d at 1332 ("[I]f an arresting officer does not have the right to make an arrest, he does not have the right to use any degree of force in making that arrest.").

In these circumstances, one claim subsumes the other: the illegal entry claim subsumes the claim for unlawful arrest or detention, which, in turn, may also subsume the claim for excessive force. *See, e.g.*, *Bashir*, 445 F.3d at 1327–33 (treating unlawful entry

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 18 of 20
USCA11 Case: 24-10014   Document: 46-1   Date Filed: 10/16/2025   Page: 16 of 18

16                      Opinion of the Court                    24-10014

and subsequent in-home arrest as a single "warrantless arrest" claim—and concluding that the excessive force claim was subsumed within that warrantless arrest claim); *Bates v. Harvey*, 518 F.3d 1233, 1240 (11th Cir. 2008) (analyzing entry and in-home arrest as one claim, and explaining that "despite the fact that Mrs. Bates's claim is for wrongful arrest, much of our analysis concerns the legality of the officers' initial entry into her home, because the effectuation of her arrest was a continuation of the initial search and seizure" (emphasis omitted)).

When one claim subsumes another, the plaintiff cannot recover damages on both claims. As we explained in *Bashir*, "the damages recoverable on an unlawful arrest claim" already "include damages suffered because of the use of force in effecting the arrest." 445 F.3d at 1332 (citation modified). The plaintiff may not recover multiple times for essentially the same claim. That is, he cannot recover thrice—once for an unlawful entry claim, once for an unlawful arrest or detention claim, and once again for an excessive force claim—if the unlawful entry is the only thing that makes the seizure unlawful and the force unjustified. *See Richmond*, 47 F.4th at 1180–81 ("[A] plaintiff cannot double recover—once for false arrest and again for excessive force—when the absence of probable cause is the only thing that makes an officer's use of force unreasonable.").

2.

At oral argument, Dukes conceded for the first time that his unlawful seizure claim in count IV of the complaint—both its

Case 1:23-cv-00045-AW-HTC   Document 54   Filed 10/16/25   Page 19 of 20
USCA11 Case: 24-10014   Document: 47-of 20 Date Filed: 10/16/2025   Page: 17 of 18

24-10014               Opinion of the Court                    17

unlawful arrest or detention component and its excessive force component—is entirely derivative of his claim for unlawful entry. *See Nesbitt v. Candler County*, 945 F.3d 1355, 1357 (11th Cir. 2020) ("A party can be held to concessions and admissions its counsel made at oral argument."). According to Dukes, Officer Gregory's seizure in his home was unlawful, not because the officer lacked arguable probable cause or a lower requisite level of suspicion to justify an arrest or detention, but because he entered Dukes's home without a warrant, exigency, or consent. Likewise, Dukes's argument as to why Officer Gregory used excessive force is only that *any* force used was *necessarily* excessive because the officer had no right to be in Dukes's home at all and thus no right to seize Dukes in his home at all. Both the unlawful arrest/detention and use-of-force components of Dukes's unlawful seizure claim rise and fall on his unlawful entry claim, which rises and falls on whether the officer had consent to enter. In short, the entry, subsequent seizure, and force used, are all part of Dukes's unlawful entry claim (count III). *See Bashir*, 445 F.3d at 1327–32 (entry, arrest, and force were all subsumed into a single "warrantless arrest" claim).

The district court treated Dukes's unlawful seizure claim (count IV) as discrete from his claim of unlawful entry, and treated the unlawful seizure claim as two separate claims for unlawful arrest/detention and excessive force. It then denied Officer Gregory qualified immunity, and thus denied summary judgment, on both the unlawful seizure and excessive force claims. But because these two claims are entirely derivative of Dukes's unlawful entry claim in light of his concessions at oral argument, we vacate the district

Case 1:23-cv-00045-AW-HTC Document 54 Filed 10/16/25 Page 20 of 20
USCA11 Case: 24-10014 Document: 48-1 Date Filed: 10/16/2025 Page: 18 of 18

18            Opinion of the Court                24-10014

court's denial of summary judgment on count IV and remand for the district court to consider that count—both its unlawful arrest/detention and excessive force components—as subsumed into Dukes's unlawful entry claim. The district court may then dismiss count IV on the ground that it fails as a matter of law. *See id.* at 1332 ("Bashir does not present a discrete excessive force claim and, therefore, his excessive force claim fails as a matter of law."); *Williamson v. Milles*, 65 F.3d 155, 158–59 (11th Cir. 1995).

### IV.

We **AFFIRM IN PART** and **VACATE AND REMAND IN PART**. We affirm the district court's denial of Officer Gregory's motion for summary judgment as to Dukes's unlawful entry claim (count III). We vacate the district court's denial of Officer Gregory's motion for summary judgment as to Dukes's unlawful seizure claim (count IV), and remand with instruction for the court to consider that count—both its false arrest/detention and excessive force components—as subsumed within Dukes's unlawful entry claim (count III).