UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

      Plaintiff,

v.

CHASE GREGORY,

      Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION OF
DENIAL OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY FOLLOWING INTERLOCUTORY REVIEW**

Plaintiff Terry Dukes, Sr. files this opposed motion for reconsideration of

the Court's denial of his partial motion for summary judgment as to liability on his

Fourth Amendment unlawful entry claim against Defendant Deputy Chase

Gregory. As grounds, Mr. Dukes states:

**Introduction and Background**

Mr. Dukes sought summary judgment on liability against Deputy Gregory

on his Fourth Amendment unlawful entry claim in Count III of the operative

Amended Complaint. (Doc. 30). Therein, Mr. Dukes argued that because it was

undisputed there was no warrant or exigency at the time Deputy Gregory entered

Mr. Dukes's home, he could only do so with consent, and based on the facts in the

light most favorable to Deputy Gregory, consent could not be established. (*See, generally*, *id.*). Deputy Gregory also moved for summary judgment on this count, in which he sought a ruling that his conduct was not actionable based on qualified immunity.  This Court denied the parties' respective cross-motions for summary judgment, in which it held that, among other things, that "[o]n Deputy Gregory's telling, a reasonable person would believe [Mr. Dukes] at least implied consent by 'yielding the right-of-way' to allow him inside. (Doc. 42 at 7–8) (quoting *United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002); (*see also id.* at 8) (citing *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019)).

Deputy Gregory appealed that order, and, following oral argument, the Eleventh Circuit Court of Appeals affirmed this Court's ruling on Mr. Dukes's unlawful entry claim in Count III, and vacated the Court's decision on Mr. Dukes's force and seizure claims, directing the court to consider them subsumed into Mr. Dukes's unlawful entry claim. *See Dukes v. Sheriff of Levy Cnty., Fla.*, 155 F.4th 1291 (11th Cir. Oct. 16, 2025). Deputy Gregory then sought en banc review and rehearing, both of which were denied.

The panel at the Court of Appeals concluded that Deputy Gregory was not entitled to qualified immunity on the unlawful entry claim because unlike the precedents clearly establishing the law on consent, "[to] make matters worse" Deputy Gregory "never even communicated with [Mr.] Dukes before entering the

home." *Dukes v. Sheriff of Levy Cnty., Fla.*, 155 F.4th 1291, 1299 (11th Cir. Oct.

16, 2025). The panel specifically determined that Deputy Gregory's invocation of

*Judd* as an analogous case, which this Court relied on in denying Mr. Dukes's

motion for summary judgment, was inapposite here:

> And, as we have explained above, the officer and resident in *Judd*,
> unlike here, communicated verbally and through non-verbal cues
> about the officer's implied request to come into the house; the officer
> said he was there to arrest someone in the house and the homeowner
> opened the door wide and stepped to the side in a gesture of invitation.
> *See id.* at 525. Even though we held in *Judd* that consent need not be
> verbal and explicit, that precedent could not have suggested to a
> reasonable officer that he may enter a home without a warrant,
> exigency, or any meaningful communication with the home's
> occupant.

*Id.* at 1299–1300.

Accordingly, in light of controlling authority from the Court of Appeals and

because it is undisputed here that Deputy Gregory never communicated with Mr.

Dukes prior to entering the home, viewing the facts in the light most favorable to

Deputy Gregory, the Court should reconsider its previous denial of Mr. Dukes's

motion for summary judgment and find him liable for Fourth Amendment unlawful

entry in Count III.

## Memorandum of Law

A motion to reconsider must "demonstrate why the court should reconsider

its decision and set forth facts or law of a strongly convincing nature to induce the

court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d

1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D. Fla. 2000)); *see also Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072–73 (M.D. Fla. 1993).

## I. Reconsideration is Appropriate Because No Reasonable Jury Could Find that Deputy Gregory's Entry Was Authorized.

Here, reconsideration is appropriate because the basis of Deputy Gregory's argument for consent—that consent can be implicit and nonverbal, as in *Judd*—has been clarified by the Court of Appeals, insofar as *Judd* "could not have suggested to a reasonable officer that he may enter a home without a warrant, exigency, or any meaningful communication with the home's occupant." *Dukes*, 155 F.4th at 1299–1300. Indeed, as Mr. Dukes argued at summary judgment, caselaw is clear that consent "where a defendant has yielded the right-of-way" has only been established when there is a request for admission to the home. *See Jiles v. Lowery*, 2023 WL 2017354, at *3 (11th Cir. Feb. 15, 2023) (citing *United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002)). Otherwise, "whatever

relevance the implied consent doctrine may have in other contexts, it is inappropriate to sanction *entry* into the home based upon inferred consent." *McClish v. Nugent*, 483 F.3d 1231, 1241 (11th Cir. 2007) (quoting *United States v. Gonzalez*, 71 F.3d 819, 830 (11th Cir. 1996)) (emphasis in original).

When taking the undisputed facts and crediting Deputy Gregory's versions of events as to how far the door was opened and what Gregory saw (a silhouette of a body with the door wide open or just a hand with the door partially opened), it is undisputed that the parties did not "meaningfully communicat[e]," *Dukes*, 155 F.4th at 1300. As explained in Mr. Dukes's response to Deputy Gregory's motion for summary judgment, *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019), on which Deputy Gregory relied, and the Court cited in rendering its decision, does not hold that "consent [can be] implied from physical conduct despite no explicit request for entry having been made." (Doc. 39 at 3). There, the issue was whether the jury properly concluded that the officer's announcement that he was at the home to arrest a minor occupant was an "informative statement" or coercive show of authority. (Doc. 38 at 12) (quoting *Judd*, 941 F.3d at 519). Here, it is undisputed that the only communication *to Mr. Dukes* was a coercive show of authority: knocking and announcing, "Sheriff's Office." (Doc. 29-2 at 158:10-23). As the Court of Appeals explained in this case, "the officer and resident in *Judd*, unlike here, communicated verbally and through non-verbal cues about the

officer's implied request to come into the house; the officer said he was there to arrest someone in the house and the homeowner opened the door wide and stepped to the side in a gesture of invitation." *Dukes*, 155 F.4th at 1299. *See also McClish*, 483 F.3d at 1241 (implied consent comports with *Payton* only in limited context of yielding).

Although consent has been found where a suspect steps aside and acquiesces to entry, *Holmes v. Kucynda*, 321 F.3d 1069, 1078–79 (11th Cir. 2003), *McClish* makes it clear that other than express consent, that is the only type of implied consent that does not violate the Fourth Amendment under *Payton*. Here, Deputy Gregory claims he could only see Mr. Dukes walk away from the door and nothing more, and that is based on his version of the events. According to the Court of Appeals, that goes beyond *Bashir v. Rockdale County*, 445 F.3d 1323 (11th Cir. 2006) and *United States v. Gonzalez*, 71 F.3d 819 (11th Cir. 1996), the bedrock cases on consent: "To make matters worse, unlike the officers in *Gonzalez* and *Bashir*, Officer Gregory never even communicated with [Mr.] Dukes before entering the home." *Dukes*, 155 F.4th at 1299. While "another officer had knocked on the front door and side of the home, […] unlike the resident in *Judd*, [Mr.] Dukes neither opened a door that an officer had knocked on nor communicated with anyone standing near the door he opened." *Id.* at 1298. Indeed, it was obvious to Deputy Gregory that the Fourth Amendment prohibited him from entering the

6

home without communicating with Mr. Dukes. On this basis, and in light of the opinion of the Court of Appeals condemning Deputy Gregory's arguments on consent without communication, the Court should reconsider its previous denial of Mr. Dukes's motion for summary judgment on liability as to his Fourth Amendment unlawful entry claim (Count III).

## Conclusion

For all these reasons, Plaintiff Terry Dukes, Sr. requests that the Court enter summary judgment on liability for Count III (unlawful entry) in the First Amended Complaint.

Dated: December 28, 2025.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Terry Dukes, Sr.*

## Certification Pursuant to L.R. 7.1(B)

Pursuant to Local Rule 7.1(B), I hereby certify that I have conferred with counsel for Defendant Deputy Gregory on the relief requested herein. Deputy Gregory opposes this motion.

By: */s/ James M. Slater*
James M. Slater

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 2,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater