**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**TERRY DUKES, SR.,**

     **Plaintiff,**

**v.**                                                                                   **Case No. 1:23-cv-45-AW-HTC**

**ROBERT McCALLUM, JR., in his
official capacity as Sheriff of Levy
County, et al.,**

     **Defendants.**

_____/

## ORDER GRANTING MOTION TO EXCLUDE
## EXPERT TESTIMONY OF PAUL J. KILEY

The sole remaining claim is a Fourth Amendment unlawful-entry claim against Chase Gregory. *See* ECF Nos. 42, 54, 60, 64. This claim will be decided by a jury. Plaintiff moves to exclude testimony from Defendant's expert, Paul J. Kiley. ECF No. 66. Having considered Plaintiff's motion and Defendant's response (ECF No. 67), I now grant the motion.

Kiley was "retained to offer [his] opinion related to training, education and experience regarding police policy, police practices and police procedures." ECF No. 27-1 at 3. Plaintiff argues that Kiley's testimony should be excluded because it meets none of the three *Daubert* requirements—qualification, reliability, and

1

helpfulness.[1] *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (noting three "basic requirements" under *Daubert*). As the proponent of the testimony, Defendant has the burden of showing all three. *Id.* Here, I agree that Defendant has not shown Kiley's testimony would be helpful. That failure alone justifies disallowing the testimony, so I need not address the other *Daubert* requirements.

To be helpful, an expert's testimony must be relevant and provide an opinion that "concerns matters that are beyond the understanding of the average lay person." *See Prosper v. Martin*, 989 F.3d 1242, 1249-50 (11th Cir. 2021) (cleaned up); *accord Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1111 (11th Cir. 2005). Defendant has not met his burden of showing that any proffered opinion would meet this test.

As a preliminary matter, Defendant is imprecise about what the proffered opinions are. In fact, Defendant acknowledges "there may be some opinions expressed in Kiley's report which will not be relevant," ECF No. 67 at 9, but never clarifies which opinions he defends and which he abandons. At times, Defendant

---

[1] Plaintiff also argues that Kiley's testimony should be excluded because the disclosure did not comply with Rule 26(a)(2). Specifically, the report (ECF No. 27-1) does not include Kiley's CV or statement of compensation. Defendant says this was an oversight that cased no prejudice and is easily cured. I need not reach this issue.

responds to Plaintiff's arguments only in the abstract. In response to Plaintiff's argument that it is improper for an expert to simply regurgitate facts learned from others, for example, Defendant argues (correctly) that an expert may rely on other facts or others' testimony in reaching his opinions. *See* ECF No. 67 at 12. But Defendant never explains what facts support what opinions. He talks in generalities about police practices, but he never develops any meaningful argument about how opinions on police practices (whatever those opinions are) would assist a jury in determining whether Dukes offered implied consent for Gregory to enter.[2] At any rate, Defendant has not shown that any proffered opinion about the reasonableness of Gregory's conclusion about implied consent would assist the jury, because he has not shown that the issue is beyond the understanding of a typical layperson.

Defendant has likewise not shown the helpfulness of testimony about background facts and circumstances surrounding law enforcement's investigation and decision to go to Dukes's house in the first place. This is because he has not

---

[2] Defendant cites *Gomez v. Koffinas*, 2025 U.S. Dist. LEXIS 200249, at \*11 (M.D. Fla. Oct. 9, 2025), to say "[o]pinions of a police practices expert are clearly helpful to the trier of fact on the issue of the reasonableness of an officer's actions under the circumstances." ECF No. 67 at 15. But in that case, the court concluded that "[t]he necessary and appropriate use of force by law enforcement is beyond the understanding of an average lay person and would therefore assist a jury." *Gomez*, 2025 U.S. Dist. LEXIS 200249, at \*10. Defendant has not shown, though, that whether someone implies consent to enter is likewise "beyond the understanding of an average lay person."

shown that any of this is relevant. Whether or not officers could have secured a search warrant, for example, is not relevant because it is undisputed that they had none. The sole issue in this case is whether the entry was based on consent.

Finally, Defendant has not shown that opinions about other occasions when people have invited police officers into their homes are helpful because they are not relevant. The question is not whether Gregory or other officers had consent to enter other homes. The issue is whether he had consent to enter Dukes's home.

Because Defendant has not met his burden of showing the proposed expert testimony is consistent with *Daubert*, Plaintiff's motion to exclude the testimony (ECF No. 66) is GRANTED.

SO ORDERED on April 6, 2026.

s/ *Allen Winsor*
Chief United States District Judge