UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                                                  CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

    Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

The Parties jointly propose the following Jury Instructions. Except where indicated by tracked changes, the proposed instructions follow the Eleventh Circuit's Pattern Jury Instructions for Civil Cases.

The Parties agree on all instructions except the following sections:

Instruction No. 1.1 (Burden of Proof section only) (pp.6-9)
Instruction No. 3.71 (pp.30-32)
Instruction No. 5.3. (pp.35-43)

For these sections, the Parties have indicated **PLAINTIFF'S PROPOSED VERSION** and **DEFENDANT'S PROPOSED VERSION** as appropriate. Both versions continue to apply the standard instructions except where indicated in tracked changes.

Respectfully submitted this 18th day of May 2026.

| | |
|---|---|
| */s/James M. Slater* | */s/Gwendolyn P. Adkins* |
| James M. Slater, FBN: 111779 | Gwendolyn P. Adkins, FBN: 0949566 |
| SLATER LEGAL PLLC | Scott J. Seagle, FBN: 57158 |
| 113 S. Monroe Street | COPPINS MONROE, P.A. |
| Tallahassee, FL 32301 | 2316 Killearn Center Blvd., Suite 202 |
| (305) 523-9023 | Tallahassee, Florida 32309 |
| *james@slater.legal* | Telephone: (850) 422-2420 |
| | E-Mail: *gadkins@coppinsmonroe.com* |
| ATTORNEYS FOR PLAINTIFF | *sjseagle@coppinsmonroe.com* |
| TERRY DUKES, SR | *kflemming@coppinsmonroe.com* |
| | ATTORNEYS FOR DEFENDANT |
| | DEPUTY CHASE GREGORY |

2

### 1.1
### General Preliminary Instruction

**Members of the Jury:**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit

4

it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;

5

- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Mr. Terry Dukes, Sr., claims the Defendant, Deputy Chase Gregory of the Levy County Sheriff's Office, unlawfully entered his home in May of 2019. Deputy Gregory denies that claim and contends that it was reasonable for him to believe that Mr. Dukes, by this conduct, communicated consent to enter his home.

**PLAINTIFF'S PROPOSED VERSION: Burden of proof:**

Warrantless entry is presumed unreasonable.[1] Deputy Gregory bears the burden of proving that his entry was justified by consent.[2] To justify consent,

---

[1] *Bashir*, 445 F.3d 445 F.3d 1323, 1328 (11th Cir. 2006) ("It is undisputed Deputy Davis and the unnamed deputies did not have a warrant prior to entering Bashir's home and effecting his arrest. The warrantless arrest inside the home was, therefore, presumptively unreasonable.")

[2] *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021) ("The officer who conducted the warrantless search bears the burden of proving that the search was justified by consent.") (citing *McClish*, 483 F.3d at 1241; *Bashir*, 445 F.3d at 1328). *See also Sammons v. Taylor*, 967 F. 2d 1533, 1543 (11th Cir. 1992); *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984). *See also Young v. City of Atlanta,*

6

Deputy Gregory must prove that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority.[3] Deputy Gregory must show, by what the law calls "a preponderance of the evidence," that the consent was unequivocal, specifically and intentionally given, and uncontaminated by any duress or coercion.[4]

If Deputy Gregory meets this burden, Mr. Dukes has the burden of proving his case by what the law calls a "preponderance of the evidence.".

~~That means Mr. Dukes must prove that,~~Preponderance of evidence means that the party must prove, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr.

---

631 F. Supp. 1498, 1502 (N.D. Ga. 1986) ("The police bear a heavy burden when attempting to demonstrate that some urgent need, or exigency, justifies a warrantless arrest for a crime not committed in their presence."); *see also* Welsh, 466 U.S. at 749–50 ("[E]xceptions to the warrant requirement are 'few in number and carefully delineated,' and the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches and arrests.").

[33] *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). ("Government must prove "that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority.").

[4] *Id.* 497-98.

7

Dukes and the evidence favoring Deputy Gregory on opposite sides of balancing scales, Mr. Dukes needs to make the scales tip to his side. If ~~Mr. Dukes~~one party fails to meet this burden, you must find in favor of ~~Deputy Gregory.~~the other party.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

## DEFENDANT'S PROPOSED VERSION: Burden of proof:

Mr. Dukes has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Dukes must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Dukes and the evidence favoring Deputy Gregory on opposite sides of balancing scales, Mr. Dukes needs to make the scales tip to his side. If Mr. Dukes fails to meet this burden, you must find in favor of Deputy Gregory.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony

8

of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**<u>Conduct of the jury:</u>**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, encrypted-communication applications, the Internet — including social-networking websites and apps, or any other similar technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**<u>Taking notes:</u>**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

### Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Dukes will present his witnesses and ask them questions. After Mr. Dukes questions the witness, Deputy Gregory may ask the witness questions – this is called "cross-examining" the witness. Then Deputy Gregory will present his witnesses, and Mr. Dukes may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

11

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## 1.4
## Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

### 1.5
### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1
## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

[Insert stipulations from Pretrial Statement]

16

## 2.2
## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

17

### 2.3
### Use of Recorded Conversations and Transcripts

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

### 2.4
### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now,

18

[Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

## 2.5
## Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.6**
**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 2.7
## In-Trial Instructions on News Coverage

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

## 2.8
## Civil Allen Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You

23

must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

24

### 3.1
### Introduction

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.3
### The Duty to Follow Instructions
### Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

### 3.3
### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

27

### 3.4
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.7.1**
==**PLAINTIFF'S PROPOSED VERSION**==
**Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case, warrantless entry into a home is presumed unreasonable and so it is Deputy Gregory's burden to prove that his entry was justified with consent.[5] If he meets this burden, then ~~In this case~~ it is the responsibility of ~~the~~ Mr. Dukes to prove every essential remaining part of his claim. The parties must demonstrate their claims or justification for entry~~[s]~~ by a "preponderance of the evidence."

This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that ~~Mr. Dukes'~~the claim is more likely true than not true.

---

[5] *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021) ("The officer who conducted the warrantless search bears the burden of proving that the search was justified by consent.") (citing *McClish*, 483 F.3d at 1241; *Bashir*, 445 F.3d at 1328). *See also Sammons v. Taylor*, 967 F. 2d 1533, 1543 (11th Cir. 1992); *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984).

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making the claim.the Mr. Dukes.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish that Deputy Gregory's entry into the home was justified by consent, you should find for Mr. Dukes.

If the proof fails to establish any essential part of Mr. Dukes' claim[s] by a preponderance of the evidence, you should find for the Deputy Gregory.as to that claim.

31

### 3.7.1
### DEFENDANT'S PROPOSED VERSION
### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Mr. Dukes to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Dukes' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Mr. Dukes.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Dukes' claim[s] by a preponderance of the evidence, you should find for the Deputy Gregory as to that claim.

### 3.8.1
### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

33

### 3.9
### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**5.3**
**PLAINTIFF'S PROPOSED VERSION**
**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim –
Private Person Alleging Unlawful Arrest, Unlawful Search, or
Unlawful Terry Stop**

In this case, Mr. Dukes claims that Deputy Gregory, while acting under color of law, intentionally committed acts that violated Mr. Duke's' constitutional right not to be subjected to an warrantless entry into his home.[6] unreasonable search of one's home or dwelling.

The Fourth Amendment prohibits warrantless entry into a home without either an exigency justifying entry or consent to enter.[7]

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable search of one's home or dwelling.

To succeed on this claim, Mr. Dukes must prove each of the following facts by a preponderance of the evidence:

First: That Deputy Gregory intentionally committed acts that violated Mr. Dukes' constitutional right not to be subjected to an unreasonable

---

[6] *Bashir v. Rockdale County*, 445 F.3d 1323, 1328 (11th Cir. 2006).

[7] *Dukes v. Sheriff of Levy Cnty., Fla.*, 155 F.4th 1291, 1297 (11th Cir. 2025).

warrantless ~~search~~ entry into~~of~~ ~~one's~~ his home without exigency or consent. You must presume that the warrantless entry into Mr. Dukes' home was unreasonable absent exigency or consent.[8]

~~or dwelling;~~The parties have agreed that Deputy Gregory lacked a warrant and there were no exigent circumstances, so you should accept those circumstances as proven facts. The sole issue for you to resolve is whether Deputy Gregory had consent to enter Mr. Dukes' home. Deputy Gregory bears the burden of proving that his entry was justified by consent.[9]

Second: That Deputy Gregory's conduct caused Mr. Dukes' injur~~ies.~~y.; ~~and.~~Mr. Dukes bears the burden here.

Third: That Deputy Gregory acted under color of law. ~~[~~The parties have agreed that Deputy Gregory acted under color of law, so you should accept that as a proven fact.

---

[8] *Bashir*, 445 F.3d at 1328 ("It is undisputed Deputy Davis and the unnamed deputies did not have a warrant prior to entering Bashir's home and effecting his arrest. The warrantless arrest inside the home was, therefore, presumptively unreasonable.")

[9] *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021) ("The officer who conducted the warrantless search bears the burden of proving that the search was justified by consent.") (citing *McClish*, 483 F.3d at 1241; *Bashir*, 445 F.3d at 1328). *See also Sammons v. Taylor*, 967 F. 2d 1533, 1543 (11th Cir. 1992); *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984).

For the first element, Mr. Dukes claims there was an unreasonable warrantless search of entry into his home and that Deputy Gregory, in the absence of a warrant or exigent circumstances, lacked consent to enter. The Constitution protects against unreasonable warrantless searchesentry into the home, whether to make an arrest or search for specific objects.[10]

The general rule is that a law enforcement official must get a search warrant from a judicial officer before conducting any search of a home or before entering it. But there are certain exceptions to this general rule. –One exception is a search conducted by consent. If a person in lawful possession of a home freely and voluntarily invites or consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent.

The fact that a person answers a knock at the door does not mean he agrees to let the person who knocked enter.[11] Consent must be voluntary and not the product of duress or coercion but the product of an essentially free and

---

[10] *Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

[11] *McClish v. Nugent*, 483 F.3d 1231, 1247 (11th Cir. 2007) (""The fact that a person answers a knock at the door doesn't mean he agrees to let the person who knocked enter.").

unconstrained choice.[12] You must determine whether the facts demonstrate that Deputy Gregory had consent to enter Mr. Dukes' home.

Consent may be implied by non-verbal physical conduct. An officer does not obtain valid consent to search or enter a home merely because the homeowner fails to verbally or physically object to his entering the home.[13] For implied consent, some affirmative indication, even if non-verbal, that the officers are welcome to enter may be enough.[14]  Even though consent need not be verbal and/or explicit, an officer must have meaningful communication with the home's occupant to conduct a warrantless entry or search.[15]  Even when an officer has consent, he violates the Fourth Amendment if he goes beyond

---

[12] *Dukes v. Sheriff of Levy Cnty., Fla.*, 155 F.4th 1291, 1297 (11th Cir. 2025) (citations omitted).

[13]    *Bashir v. Rockdale County, Ga*, 445 F.3d 1323, 1329 (11th Cir. 2006); *Fuqua v. Turner*, 996 F.3d 1140, 1152 (11th Cir. 2021) ("We have therefore held that an officer does not obtain valid consent to search a home merely because the homeowner fails to verbally or physically object to his entering the home.").

[14]    *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021).

[15]    *Dukes v. Sheriff of Levy Cnty., Fla.*, 155 F.4th 1291, 1300 (11th Cir. 2025) ("Even though we held in *Judd* that consent need not be verbal and explicit, that precedent could not have suggested to a reasonable officer that he may enter a home without a warrant, exigency, or any meaningful communication with the home's occupant.").

the scope of consent.[16]

Whether consent has been given is determined on the "totality of all the circumstances" known to the law enforcement official at the time.[17] This "is an objective [inquiry and] the question is 'what would the typical reasonable person have understood by the exchange between the officer and the [individual]?'"[18] Some factors that you can consider are how many officers were present; whether the officers were armed, whether the arms were visible, and whether they are drawn; whether the agents explained the purpose of the search; and whether the homeowner actively aided the officers in searching his home.[19]

For the second element, Deputy Gregory's conduct caused Mr. Dukes'

---

[16]    *Fuqua*, 996 F.3d at 1151 ("Even when an officer has consent to conduct a search, he violates the Fourth Amendment if he goes beyond the scope of consent.").

[17]    *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 524 (11th Cir. 2019) (it is necessary to "analyze all the circumstances of an individual's action to determine whether in fact there was consent."); *Hernandez v. Hansell*, 2016 WL 8943279, at 1 (M.D. Fla. 2016), *aff'd*, 695 Fed. Appx. 523 (11th Cir. 2017) ("the Court … considers only those facts known to [the deputies] at the time of the incident.").

[18]    *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021) (quoting *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04, 114 L. Ed. 2d 297 (1991)).

[19]    *Fuqua*, 996 F.3d at 1153.

injur~~yies~~ if Mr. Dukes would not have been injured without Deputy Gregory's conduct, and the injuries were a reasonably foreseeable consequence of Deputy Gregory's conduct.

If you find Mr. Dukes has proved each fact that he must prove, you must decide the issue of his damages.  If you find that Mr. Dukes has not proved each of these facts, then you must find for Deputy Gregory.

**5.3**
**DEFENDANT'S PROPOSED VERSION**
**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim –**
**Private Person Alleging Unlawful Arrest, Unlawful Search, or**
**Unlawful Terry Stop**

In this case, Mr. Dukes claims that Deputy Gregory, while acting under color of law, intentionally committed acts that violated Mr. Duke's' constitutional right not to be subjected to an unreasonable search of one's home or dwelling.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable search of one's home or dwelling.

To succeed on this claim, Mr. Dukes must prove each of the following facts by a preponderance of the evidence:

First: That Deputy Gregory intentionally committed acts that violated Mr. Dukes' constitutional right not to be subjected to an unreasonable search of one's home or dwelling;

Second: That Deputy Gregory's conduct caused Mr. Dukes' injuryies; and.

Third: That Deputy Gregory acted under color of law. [The parties have agreed that Deputy Gregory acted under color of law, so you should accept that as a proven fact.

41

For the first element, Mr. Dukes claims there was an unreasonable search of his home. The Constitution protects against unreasonable searches. The general rule is that a law enforcement official must get a search warrant from a judicial officer before conducting any search of a home. But there are certain exceptions to this general rule. One exception is a search conducted by consent. If a person in lawful possession of a home freely and voluntarily invites or consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent.

Consent may be implied by non-verbal physical conduct. While "the mere failure to object to an officer's entry into the home does not constitute valid consent to the entry…some affirmative indication, even if non-verbal, that the officers are welcome to enter may be enough."[20] Whether consent has been given is determined on the "totality of all the circumstances" known to the law enforcement official at the time.[21] This "is an objective [inquiry and]

---

[20]    *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021).

[21]    *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 524 (11th Cir. 2019) (it is necessary to "analyze all the circumstances of an individual's action to determine whether in fact there was consent."); *Hernandez v. Hansell*, 2016 WL 8943279, at 1 (M.D. Fla. 2016), *aff'd*, 695 Fed. Appx. 523 (11th Cir. 2017) ("the Court … considers only those facts known to [the deputies] at the time of the incident.").

the question is 'what would the typical reasonable person have understood by the exchange between the officer and the [individual]?'"[22]

Even when an officer has consent, he violates the Fourth Amendment if he goes beyond the scope of consent.[23]

For the second element, Deputy Gregory's conduct caused Mr. Dukes' injuryies if Mr. Dukes would not have been injured without Deputy Gregory's conduct, and the injuries were a reasonably foreseeable consequence of Deputy Gregory's conduct.

If you find Mr. Dukes has proved each fact that he must prove, you must decide the issue of his damages.  If you find that Mr. Dukes has not proved each of these facts, then you must find for Deputy Gregory.

---

[22]    *Fuqua v. Turner*, 996 F.3d 1140, 1151 (11th Cir. 2021) (quoting *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04, 114 L. Ed. 2d 297 (1991)).
[23]    *Fuqua*, 996 F.3d at 1151.

**5.13**
**Civil Rights**
**42 U.S.C § 1983 Claims — Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Dukes' damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Deputy Gregory. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the aspects of the injury. Mr. Dukes does not have to introduce evidence of a monetary value for intangible things like physical emotional pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Dukes has proved them by a preponderance of the evidence, and no others:

(a) The reasonable value of medical care and supplies that [name of plaintiff] reasonably needed and actually obtained, and the present value of medical care and supplies that [name of plaintiff] is reasonably certain to need in the future;

44

(b)    Mr. Dukes' physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Mr. Dukes is reasonably certain to experience in the future;

(c)    Wages, salary, profits, and the reasonable value of working time that Mr. Dukes lost because of his inability or diminished ability to work, and the present value of such compensation that Mr. Dukes is reasonably certain to lose in the future because of his inability or diminished ability to work;

(d)    Mr. Dukes' mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Mr. Dukes is reasonably certain to experience in the future; and

**Nominal Damages:** You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Mr. Dukes has submitted no credible evidence of injury; or (b) Mr. Dukes' injuries have no monetary value or are not quantifiable with any reasonable certainty.

[**Mitigation of Damages:** Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed  under the circumstances to reduce or minimize the loss or damage. So, if you find  that Deputy Gregory has proved by a preponderance of the evidence that Mr. Dukes  did  not  seek  out  or  take

advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Mr. Dukes' damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.]

**Punitive Damages:** If you find for Mr. Dukes and find that Deputy Gregory acted with malice or reckless indifference to Mr. Dukes' federally protected rights, the law allows you, in your discretion, to award Mr. Dukes punitive damages as a punishment for Deputy Gregory and as a deterrent to others. Mr. Dukes can recover punitive damages even if you find that he did not suffer a physical injury.

Mr. Dukes must prove by a preponderance of the evidence that he is entitled to punitive damages.

Deputy Gregory acts with malice if his conduct is motivated by evil intent or motive. Deputy Gregory acts with reckless indifference to the protected federal rights of Mr. Dukes when Deputy Gregory engages in conduct with a callous disregard for whether the conduct violates Mr. Dukes' protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Deputy Gregory's financial resources in fixing the amount of punitive damages to be awarded.

46