UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                      CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

     Defendant.

_____/

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Order for Pretrial Conference, [Doc.70], the Parties submit the following Joint Pretrial Statement:

### A. The basis for federal jurisdiction.

The Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim asserting the violation of his federally protected rights under the Fourth Amendment to the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343(a).

### B. A concise statement of the nature of the action:

This is a single-count civil action alleging unlawful entry into Mr. Dukes' home in violation of the Fourth Amendment to the United States Constitution. The substantive issues to be tried are whether, in the totality of the circumstances, a reasonable officer would believe that Mr. Dukes' actions communicated consent to enter his home and, if not, Mr. Dukes' damages.

## C. A brief general statement of each party's case.

### i. Plaintiff's Statement:

Early in the morning on May 25, 2019, the Levy County Sheriff's Office was alerted that Plaintiff's son had assaulted his pregnant girlfriend. Junior stayed at Plaintiff's home from time to time as well as another place. So that same morning, before sunrise, Defendant and other deputies went to Plaintiff's home and approached it from different sides. Defendant stood on the ground next to a handrail lining an elevated stoop at the home's back door. Another officer announced, "Sheriff's Office" and knocked at the front door. Thinking it was Junior, Plaintiff then stated, "I'm coming," opened the back door—where no officer had knocked—and turned and walked back toward the interior of the home, leaving the door open. Defendant was not positioned at the door, his flashlight was off, and it was dark; neither he nor Plaintiff spoke a word. Defendant then entered the home through the open back door without requesting admittance or communicating in any way with Plaintiff. Defendant passed through a hall and kitchen area and only then announced his presence. The home was dark—the only light came from Plaintiff's phone and the officers' flashlights. After the deputies entered, Defendant fired his Taser at Plaintiff, striking him with one prong, while Plaintiff was trying to get dressed on the ground. Defendant then restrained Plaintiff, who was then charged with

2

resisting. As a result of Defendant's conduct, Plaintiff has suffered physical injury, emotional, and economic damages.

Based on binding precedent and the law of the case, because it is undisputed that Defendant did not "meaningfully communicate" with Plaintiff or request admittance to enter the home, the Court should find Defendant liable for unlawfully entering Plaintiff's home in violation of the Fourth Amendment. It was not objectively reasonable based on those facts knowable to Defendant at the time that Plaintiff voluntarily consented to Defendant's entry into the home.

ii.   Defendant's Statement:

Deputy Chase Gregory denies that he unlawfully entered Mr. Dukes' home in violation of the Fourth Amendment, as Mr. Dukes' actions reasonably communicated and implied consent for the entry.

In the early morning hours of May 25, 2019, Deputy Chase Gregory and other uniformed members of the Levy County Sheriff's Office arrived at Mr. Dukes' home looking for Mr. Dukes' son in connection with a violent felony. Deputies knocked on the front door, the side of the double-wide mobile home, and again on the front door, each time loudly announcing "Sheriff's Office." Inside, Mr. Dukes heard the knocking and saw flashlights outside. Mr. Dukes responded, "I'm coming!" and then unlocked and opened the back door to the

home. Mr. Dukes then immediately retreated back inside to get dressed for the day, leaving the door open behind him to allow his son entry.

Deputy Gregory was positioned at the back door and heard the other Deputies' knocking and announcements of "Sheriff's Office." He heard someone respond inside, then approach, unlock, and open the back door, before retreating and leaving the door open behind him. Deputy Gregory reasonably and correctly interpreted Mr. Dukes' actions to convey an invitation to enter. Mr. Dukes intended his actions to convey a message of: "*the door's open, come inside.*" He was simply mistaken about *who* he was inviting inside. But this mistake by Mr. Dukes was unknown and unknowable to Deputy Gregory. Deputy Gregory's entry into Mr. Dukes' home was objectively reasonably based on the totality of the circumstances known to him at the time and did not violate Mr. Dukes' Fourth Amendment rights.

Deputy Gregory further denies that Mr. Dukes' alleged damages were caused by the events of May 25, 2019.

D. <u>A list of all exhibits to be offered at trial and objections thereto</u>.

A. Plaintiff: *See* Exhibit 1, hereto.

B. Defendant: *See* Exhibit 2, hereto.

E. <u>A list of all witnesses to be called at trial</u>.

A. Plaintiff: *See* Exhibit 3, hereto.

B. Defendant: *See* Exhibit 4, hereto.

F. **<u>A concise statement of those facts that are admitted and will require no proof at trial.</u>**

 A. The Parties stipulate to the following facts: Deputies had probable cause to arrest Plaintiff's son on a violent felony for aggravated domestic battery on his pregnant girlfriend.

 B. Plaintiff lived at home where the relevant underlying events occurred.

 C. At all relevant times, Defendant was a sworn law enforcement officer employed by the Levy County Sheriff's Office and acting under color of law.

 D. The parties stipulate to the authenticity (but not necessarily admissibility) of all documents identified in the parties' respective exhibit lists except those for which a specific objection to authenticity has been made therein.

G. **<u>A concise statement of those issues of law upon which there is agreement.</u>**

The Parties stipulate to the following issues of law:

 A. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

 B. Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391(b).

 C. The trial of the case is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

 D. Plaintiff's claim is governed by 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, as interpreted by applicable case law.

 E. No claims remain for trial except for the issue of whether Deputy Gregory violated the Fourth Amendment by unlawfully entering Mr. Dukes's home. Issues regarding Plaintiff's seizure/detention and the force used on Plaintiff are subsumed into the unlawful entry claim for purposes of liability, but remain relevant as elements of Plaintiff's alleged damages.

F. No police practices' expert witnesses will be called by either party.

G. No Party shall elicit or present any evidence at trial regarding Defendant's financial condition or net worth, or the availability of insurance to pay an award for punitive damages. Should the jury return a verdict awarding punitive damages against Defendant, the Parties shall have the opportunity to present such evidence to the Court in consideration of any motion for remittitur or other judicial review of the amount of damages, subject to any objections which could have been raised had the evidence been offered at trial, which are expressly preserved.

## H. A concise statement of those issues of fact that remain to be litigated.

The following issues of fact remain to be litigated:

A. Whether Deputy Gregory violated the Fourth Amendment by unlawfully entering Mr. Dukes's home.

B. Whether Plaintiff suffered damages and, if so, the amount of such damages to be awarded.

## I. A concise statement of those issues of law that remain for the Court's resolution.

The following issues of law remain for the Court's resolution:

A. The issues raised in the Parties' respective Motions in Limine and Trial Briefs.

## J. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure.

None, other than as raised in the Parties' respective Motions in Limine, Trial Briefs, and Joint Stipulation regarding punitive damages.

**K. <u>A list of all motions or other matters which require action by the Court</u>.**

The Parties identify the following motions and matters which require action

by the Court:

A. The Parties' Joint Proposed Jury Instructions and Verdict Form. [Doc. 78].

B. Plaintiff's Omnibus Motion in Limine. [Doc.76].

C. Defendant's Omnibus Motion in Limine. [Doc.77].

**L. <u>A statement whether this is a jury or non-jury trial</u>.**

This is a jury trial.

**M. <u>Counsels' estimates of the length of trial</u>.**

The Parties estimate that the trial of this case will take three (3) days.

**N. <u>Signature of counsel for the parties.</u>**

Respectfully submitted this <u>18th</u> day of May 2026.

| | |
|---|---|
| */s/James M. Slater* | */s/Gwendolyn P. Adkins* |
| James M. Slater, FBN: 111779 | Gwendolyn P. Adkins, FBN: 0949566 |
| SLATER LEGAL PLLC | Scott J. Seagle, FBN: 57158 |
| 113 S. Monroe Street | COPPINS MONROE, P.A. |
| Tallahassee, FL 32301 | 2316 Killearn Center Blvd., Suite 202 |
| (305) 523-9023 | Tallahassee, Florida 32309 |
| *james@slater.legal* | Telephone: (850) 422-2420 |
| | E-Mail: *gadkins@coppinsmonroe.com* |
| ATTORNEYS FOR PLAINTIFF | *sjseagle@coppinsmonroe.com* |
| | *kflemming@coppinsmonroe.com* |
| | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/Gwendolyn P. Adkins
Attorney