UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                                    CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

     Defendant.

_____/

### DEFENDANT'S PROPOSED VERDICT FORM

Defendant proposes the following Verdict Form.

*/s/Gwendolyn P. Adkins*
Gwendolyn P. Adkins, FBN: 0949566
Scott J. Seagle, FBN: 57158
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, Florida 32309
Telephone: (850) 422-2420
E-Mail: *gadkins@coppinsmonroe.com*
     *sjseagle@coppinsmonroe.com*
     *kflemming@coppinsmonroe.com*

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                              CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

     Defendant.

_____/

## VERDICT FORM
## (Defendant's Proposed)

1.    Do you find from a preponderance of the evidence that Plaintiff has proved his claim that Defendant intentionally committed acts that violated Plaintiff's constitutional right not to be subjected to an unreasonable search of his home?

          Answer:       Yes _____       No _____

          *If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.*

          *If your answer is "Yes," go to the next question.*

2.    Do you find from a preponderance of the evidence that Plaintiff should be awarded damages to compensate Plaintiff for physical, economic, or mental or emotional harm caused by the unreasonable search of Plaintiff's home?

          Answer:       Yes _____       No _____

          If your answer is "Yes," in what amount? $_____

3.    Do you find from a preponderance of the evidence that Plaintiff has proved his claim that Defendant acted with malice or reckless indifference to Plaintiff's Fourth Amendment right not to be subjected to an unreasonable search of his home?

   Answer:          Yes _____        No _____

   If your answer is "Yes," what is the total amount of punitive damages that should be awarded against the Defendant?

   $_____

## SPECIAL INTERROGATORIES

4.    Do you find from a preponderance of the evidence that Plaintiff engaged in affirmative actions or conduct that a reasonable person in Defendant's position could have believed implied consent to enter his home?

   Answer:          Yes _____        No _____

   *If your answer is "Yes" to either question 4 or 5 above, proceed to answer the next question.*

   *If your answer is "No" to both questions 4 and 5 above, skip to question 6 and proceed directly to question 7.*

5.    Do you find from a preponderance of the evidence that Plaintiff would have retired from his employment with Levy County on May 28, 2021, even absent Defendant's conduct on May 25, 2019?

   Answer:     Yes _____ (Plaintiff would have retired anyway)

               No _____ (Plaintiff would not have retired but for Defendant's conduct).

6.    If you answered "Yes" to question two (2) above and awarded compensatory damages to Plaintiff, what amount of that award to Plaintiff was for economic damages caused by Plaintiff's retirement?

3

Answer:    $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____