UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE</u>

A single matter remains to resolve Defendant Chase Gregory's omnibus motion in limine—how Plaintiff Terry Dukes, Sr. can describe his emotional trauma, particularly how the events that transpired in the summer of 2020 affected him. Mr. Dukes has already testified about this in part in his deposition:

Q. Do you remember anything else going on in the
world that you were -- you know, around this time that
may have impacted your ability to work?

A. Yeah, the George Floyd cases; and all them
people got killed by the law, and I went to thinking,
well, you know, it could have been me. And I got real
stressed out about that because I felt like, you know,

it shouldn't have happened like that, but I couldn't -- I just got to where I couldn't deal with being around people no more. I didn't want to be around a whole bunch of people.

And then I look at George's situation, and I'd think about me. If I would have had my gun, I might not be here, see.

(Doc. 37-1 at 28–29).

Mr. Dukes agrees with Deputy Gregory that this case is not about George Floyd and should not be about him; that would be wholly improper. And Mr. Dukes agrees that George Floyd's name, specifically, should not be uttered because it might inflame some members of the jury.

But the concern here is that those events heavily affected Mr. Dukes, ultimately resulting in his hospitalization at UF Health at Shands, where he was diagnosed with posttraumatic stress disorder. He told psychiatric staff at Shands that he was struggling to move past what happened with Deputy Gregory at his home and that the news reporting was heavily affecting him. Mr. Dukes should be able to testify about how news coverage of events involving the police in the summer of 2020 affected him and Deputy Gregory does not oppose that. (Doc. 77 at 6–7) ("Defendant does not seek to bar Plaintiff from describing, in general

terms, that watching news coverage of generically described police matters in the years following the events of this case caused him distress."). Mr. Dukes can do that without uttering George Floyd's name or go into the facts of what happened to him, but he should not be constrained from saying that: he was having difficulties following the May 2019 incident; in the summer of 2020 the constant news coverage involving police misconduct heavily affected him as a black man; the effects then played out, among other times, at an incident at the bank, where he had a crisis and thought the police were going to tase him; and because of how troubled he was, a few weeks later he was hospitalized for a psychiatric evaluation, where a psychiatrist diagnosed him with posttraumatic stress disorder.

The parties may be in agreement here, and the undersigned has further conferred with defense counsel by phone following the filing of the motion in limine in an effort to resolve what appears to be a minor dispute at best. The undersigned is hopeful that the parties will have further agreement by the pretrial conference.

Dated: May 20, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

3

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

## Local Rule 7.1(F) Certification

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*

James M. Slater

4