UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                                        CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

     Defendant.

_____/

## DEFENDANT'S SECOND MOTION IN LIMINE

Defendant Chase Gregory moves in limine for an order excluding, or limiting in advance of trial, the following evidence and testimony.

This Motion is filed beyond the time May 11, 2026, time prescribed by the Court for filing motions in limine, as for the reasons described below, the grounds supporting it under Rule 26(e)(3) did not manifest until the completion of the filing of the Parties' Pretrial Statement on May 18, 2026.

**A.    The Court should exclude from the trial any opinions of Plaintiff's retained experts not disclosed in the retained expert's written reports.**

Plaintiff has suggested that it would be appropriate for his retained expert economist, Kristi S. Kirby, to testify regarding "updates" to her

calculations of Plaintiff's damages, including "updates" to Plaintiff's lost wages from the date of her written report, issued in January 2024, nearly two and a half years ago, to the date of trial.

Rule 26(a)(2)(B) requires a retained expert to provide "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them," including "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e)(1) and (2) imposes a continuing duty to supplement expert disclosures for any "additions or changes" to information in the disclosed report. *Id.* "But '[a]ny additions or changes to' the expert report '*must* be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (quoting Rule 26(e)(2)) (italics in original)].

Under this Court's Order for Pretrial Conference, such disclosures were due no later than May 18, 2026. [Doc.70].

Rule 37(c)(1) provides the enforcement mechanism: if a party fails to provide information required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a

2

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts, thus, regularly exclude undisclosed opinions or calculations. *See e.g. Cooper v. Southern Co.*, 390 F.3d 695, 728–30 (11th Cir. 2004) ("the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise…compliance with the requirements of Rule 26 is not merely aspirational.");[1] *Reese v. Herbert*, 527 F.3d 1253, 1265–66 (11th Cir. 2008) (affirming exclusion of materials not disclosed under Rule 26(a)(2)).

Here, Ms. Kirby issued her report on January 31, 2024, and included an analysis of Plaintiff's lost wages through that date. Ms. Kirby expressly recognized that supplementation would be required. [Exhibit A. ("a supplemental report with updated calculations will be issued, if necessary.")].

Ms. Kirby has never supplemented or updated her January 2024 report. She has not disclosed to the Defense any "updated" calculations or the basis for them. Upon information and belief, any "updates" to

---

[1]     Overruled on other grounds by *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006).

Plaintiff's projected earnings in this time period would necessarily require analysis of changes to the Collective Bargaining Agreement with Plaintiff's former employer, and changes to employee pay rates with the employer, which may have occurred. No updated calculations of past or future economic loss, and no new wage or CBA data, were disclosed by the May 18, 2026, deadline for pretrial disclosures.

What Plaintiff is really seeking is not a mechanical, arithmetic "updating" of already-disclosed numbers, but the admission of new opinions based on *new facts* and *new assumptions*—such as additional CBAs and pay adjustments that post-date the January 31, 2024, analysis date and that Ms. Kirby has never discussed in a report. By Ms. Kirby's own terms, those changes are significant enough to warrant "a supplemental report with updated calculations." They therefore fall squarely within Rule 26(e)(2)'s supplementation requirement and Rule 37(c)(1)'s exclusion sanction if not timely provided.

Plaintiff cannot show substantial justification for failing to serve an updated report, because the possibility that wages and CBAs would change over time has been obvious from the start. If Plaintiff wanted her to incorporate new CBAs, wage scales, or additional elapsed time,

Plaintiff has had ample time to obtain those materials, disclose them, and have Ms. Kirby prepare and serve a supplemental report.

The Eleventh Circuit has upheld exclusion even where the late-disclosed evidence was potentially important, if the non-moving party had ample time to comply, and where the late disclosure would prejudice the opposing side's trial preparation. *Guevara*, 920 F.3d at 719–20; *Cooper*, 390 F.3d at 728–30.

Because Ms. Kirby has not disclosed such updated calculations or the basis for them, the Defense will be highly prejudiced by learning of the same for the first time at trial. Such would undermine the core purpose of Rule 26(a)(2): to avoid trial by ambush and to give the opposing party a fair opportunity to depose the expert and prepare cross-examination. *See* Fed. R. Civ. P. 26(a)(2)(B); *Reese*, 527 F.3d at 1265–66.

For these reasons, the Court should exclude from the trial any testimony from a retained expert of opinions not timely disclosed in the retained expert's written reports.

## CERTIFICATE OF CONFERAL

The undersigned counsel for Defendant certifies that they corresponded with counsel for Plaintiff on the issues raised herein and that Plaintiff opposes the relief herein.

Respectfully submitted this <u>20th</u> day of May 2026.

/s/ Scott J. Seagle

 Gwendolyn P. Adkins, Esq.
FBN: 0949566
Scott J. Seagle, Esq.
FBN: 57158
gadkins@coppinsmonroe.com
sjseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT
DEPUTY CHASE GREGORY

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Scott J. Seagle
Attorney