UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.

DEPUTY CHASE GREGORY,

    Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S SECOND MOTION IN LIMINE**

Plaintiff Terry Dukes, Sr. files this response in opposition to Defendant

Chase Gregory's Second Motion in Limine, which seeks to preclude economic

expert Kristi Kirby from testifying to an updated past loss of economic damages

figure based on a simple mathematical calculation to bring Mr. Dukes' economic

damages figure to the appropriate present value. Deputy Gregory complains that

the failure to disclose this updated figure by May 18, the pretrial stipulation date, is

dispositive. But her May 20 disclosure is harmless for several reasons. Chief

among them is that her updated damages calculation—which relies on no new

information or data—provides a *smaller* dollar amount than what was previously

disclosed for the original trial date of January 31, 2024.

## **INTRODUCTION**

Mr. Dukes plans to call Ms. Kirby at trial to testify about his economic damages. She timely produced a report, where she provided calculations as to Mr. Dukes' past and future economic loss. (Doc. 86-1). Her report also had columns for past and future medical expenses and retirement calculations, but no data was included there.

During the parties' conferrals on motions in limine, the defense asked that Mr. Dukes agree to limit Ms. Kirby's testimony regarding "any alleged reductions/losses in Plaintiff's future FRS retirement benefits, past medical expenses, future medical expenses, or the cost of any support or services." (Doc. 77 at 4). Mr. Dukes stipulated to that, but insisted that Ms. Kirby should be able to update her damages calculations to reflect the passage of time.

Instead, Deputy Gregory seeks to hold Ms. Kirby to calculations that are no longer germane. He argues prejudice because the report should have been updated by the end of the day on May 18. The supplemental updated report was updated on May 20 and provided to the defense the same date. *See* May 20, 2026 Report, attached as Exhibit 1.

According to the updated report, because of the passage of time, the damages calculation no longer contains future economic damages (as Mr. Dukes' 30-year anniversary with Levy County would have lapsed). The only measure of

2

damages in 2026 (as opposed to 2024) is past loss of income/earning capacity.[1] All that Ms. Kirby has done to arrive at the updated past loss of income/earning capacity number, per her updated report, is re-run the numbers based on a June 8, 2026 "present" date. *See* Exhibit 1. The source materials are the same; the rates are the same, the only difference is that numbers that were in the future loss of earning capacity section are now calculated in the past loss of income/earning capacity section.

Not only that, but with the update, the economic damages figure is now *less than* what Ms. Kirby would have testified to if the trial occurred in 2024. *Compare* Doc. 86-1 at 5 (totaling loss of income/earning capacity at $125,468 and future lost earning capacity at $74,178-75,096, for total of **$199,646-$200,564**) *with* Exhibit 1 (totaling past lost income/earning capacity at **$196,433**).

It cannot be prejudicial for the defense to receive a supplement two days after the cutoff, with almost three weeks before trial, where the data is the same,[2]

---

[1] The supplemental report also no longer includes sections for loss of FRS retirement calculations, future or past medical expenses, future loss of earning capacity, or any other figure other than past loss of income/earning capacity.

[2] Deputy Gregory argues that Ms. Kirby should not be able to rely on speculative collective bargaining agreements or data. She does not in her supplement, and she will not at trial. She references in her supplement, like in her underlying report, that the CBA for October 1, 2022 and beyond was not available—that is because, as far as the undersigned understands from public records requests to Levy County, there was no CBA in effect past October 1, 2022.

there are no new damages theories, and the damages are *lower* in value.

## **ARGUMENT**

Rule 26(e)(1) imposes on the parties a duty to supplement their expert disclosures, "both to information contained in the report and to information provided through a deposition of the expert." Fed.R.Civ.P. 26(e)(1). Such supplementation shall be disclosed by the time the parties' pretrial disclosures under Rule 26(a)(3) are due. *See id.*

Under Rule 37(c)(1), a party is not permitted to use the report or testimony of an expert witness if he has failed to make his expert disclosure in accordance with Rule 26(a), unless such failure is harmless. This Court has broad discretion to admit or exclude untimely submissions under this rule. *See Bearint v. Dorel Juvenile Group, Inc.,* 389 F.3d 1339, 1349 (11th Cir. 2004) (citing *Grimm v. Lane*, 895 F.Supp. 907, 913 (S.D. Ohio 1995) (admitting untimely expert evidence because no risk of unfair surprise existed)).

Ms. Kirby's testimony is important to Mr. Dukes' claims for economic damages. Here it is undisputed that Ms. Kirby timely disclosed her initial report. And Deputy Gregory is not arguing that her testimony should be excluded. His sole issue is that she should not be able to rely on the figures in her supplement. But Mr. Dukes provided Ms. Kirby's supplemental report on May 20—only two

days after the disclosure cutoff.[3] As explained above, the report contains no new categories of damages, relies on no new evidence or data, but instead brings damages to their true present value, rather than a projected amount based on the initial January 31, 2024 trial date. Because Mr. Dukes would have now hit his 30-year anniversary with Levy County, the damages are no longer prospective in nature, and are all categorized as past damages. To arrive at past damages appropriate for June 8, 2026, Ms. Kirby took the same pay rates from her initial report and updated the date range. By rendering those calculations through June 8, 2026, Ms. Kirby has actually arrived at a *lower* number than first calculated when she projected future economic loss. The importance of Ms. Kirby providing accurate information is paramount; Deputy Gregory cannot dispute that.

As a basis for prejudice, Deputy Gregory argues that "projected earnings in this time period would necessarily require analysis of changes to the Collective Bargaining Agreement with Plaintiff's former employer, and changes to employee

---

[3] The fault is solely with undersigned counsel, not Ms. Kirby, for the delay. The undersigned had communicated with Ms. Kirby about the updates to her calculations in late April. Ms. Kirby asked if her reported needed to be updated and the undersigned informed her that he did not believe it was necessary because no new additional information was being provided, other than updating the calculation to present date. That was in error. The undersigned corrected the error as promptly as possible to minimize any prejudice to Deputy Gregory. While the reason for the failure is one of the factors (the second), the first and third factors—importance and prejudice—, "together, can outweigh the second [factor]." *Romero v. Drummond*, 552 F.3d 1303, 1321 (11th Cir. 2008).

pay rates with the employer, which may have occurred." Mot. at 4. But his assumption was incorrect. As Mr. Dukes explained for purposes of Deputy Gregory's omnibus motion in limine, the only supplemental information would be "'updates' to [Ms. Kirby's] disclosed damage calculations regarding lost earnings due to the passage of time, …" (Doc. 77 at 4). That is all she has done. And it did not require "analysis of changes to the [CBA]" or "changes to employee pay rates."

If Deputy Gregory takes issue with the supplement and the calculations, he is entitled to cross-examine Ms. Kirby. Because her report does not include or rely on any new data or figures, and merely updates the damages calculations based on the passage of time, there is no prejudice in receiving the supplement two days after the disclosure cutoff. The failure to timely provide the updates to the report was harmless. *Northrup v. Werner Enter., Inc.*, 2015 WL 4756947 at *2 (M.D. Fla. Aug. 11, 2015) ("Defendants' untimely disclosure of its rebuttal expert by one day is harmless.")

## CONCLUSION

In sum, the failure to supplement Ms. Kirby's report by May 18 is harmless and there is no prejudice to Deputy Gregory. The variables are the same; the supplement is simply more precise—and more favorable to Deputy Gregory. The Court should deny Deputy Gregory's second motion in limine

Dated: May 20, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

## Local Rule 7.1(F) Certification

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

7