UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                    CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

    Defendant.

_____/

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING ADMISIBILITY OF DEFENDANT'S EXPERIENCE AND TRAINING

Defendant Chase Gregory submits this supplemental memorandum to address the issues of: (a) from whose perspective objective "reasonableness: is judged (*e.g.,* a reasonable police officer or a reasonable but untrained lay bystander), and (b) the relevance of Defendant's training and experience to the inquiry.

As demonstrated below, the triable issue in this case is to be objectively judged from the standpoint of a reasonable police officer, and the defendant's training and experience are relevant factors that comprise the "totality of the circumstances" informing the question. Separately, such evidence—and other evidence of Defendant's subjective state of mind—are relevant and admissible on

the issue of Plaintiff's claim to punitive damages, which requires an "evil motive or intent" or "reckless or callous indifference."

## I.   Analysis for purposes of Fourth Amendment liability.

The Supreme Court has addressed the perspective issue and confirmed that reasonableness under the Fourth Amendment is judged "from the standpoint of "an objectively reasonable police officer." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 1661-62 (1996) ("The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause."); *Maryland v. Pringle*, 540 U.S. 366, 367, 124 S. Ct. 795, 798 (2003) (same); *District of Columbia v. Wesby*, 583 U.S. 48, 57, 138 S. Ct. 577, 586 (2018) (same).[1]

Within this framework, the Supreme Court has likewise confirmed that an officer's "own experience and specialized training" are relevant factors to be

---

[1]   *See also Fuqua v. Turner,* 996 F.3d 1140, 1150 (11th Cir. 2021) ("[W]e believe a reasonable officer in Collier's position could have believed he had consent"); *Dukes v. Sheriff of Levy Cty.*, 155 F.4th 1291, 1299 (11th Cir. 2025) (framing the question as whether "a reasonable officer in [the defendant officer's] position could…infer consent."); *Pinto v. Collier Cty.,* No. 21-13064, 2022 U.S. App. LEXIS 17453, at *10 (11th Cir. June 24, 2022) ("We…analyze the events preceding an arrest from the perspective of an 'objectively reasonable police officer.'").

considered within the "totality of the circumstances," because such may permit reasonable "inferences from and deductions…that might well elude an untrained person:"

> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances"… to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. **This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person."**

*United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 418, 101 S. Ct. 690, 695 (1981)).

*See also United States v. Bautista-Villanueva*, 524 F. App'x 476, 478 (11th Cir. 2013) (Fourth Amendment reasonableness is to be "viewed from the standpoint of an objectively reasonable police officer," and "Officers are expected to use their experience and specialized training to draw inferences from the cumulative information available to them, inferences that may evade untrained observers.").

While the Court in *Florida v. Jimeno*, 500 U.S. 248 (1991), indeed framed the question as "what would the typical reasonable person [would] have understood," in the very same paragraph, the *Jimeno* court itself proceeded to frame the issue from the officer's perspective: "The Fourth Amendment is

satisfied when, under the circumstances, <u>it is objectively reasonable for the officer to believe</u> that the scope of the suspect's consent permitted him to open a particular container within the automobile," *Id*. at 1803, and "The question before us, then, is <u>whether it is reasonable for an officer to consider</u> a suspect's general consent to a search of his car to include consent to examine a paper bag lying on the floor of the car." *Id*. at 1804.

Further, while cases like *Arvizu* and *Ornelas* addressed the issue in the context of reasonable suspicion and probable cause, their reasoning is not confined to those determinations. Both decisions speak in general Fourth Amendment terms about how courts conduct a Fourth Amendment reasonableness inquiry, and apply a totality of the circumstances analysis common to all Fourth Amendment claims.

## II.    Analysis for purposes of punitive damages.

Regardless of the above, Plaintiff has "opened the door" to evidence regarding Defendant Gregory's *subjective* state of mind and his knowledge, training, and experience by asserting a claim for punitive damages.

The legal standard for imposing punitive damages in a civil action brought under 42 USCS § 1983 requires a showing that the defendant's conduct was either motivated by an "<u>evil motive or intent</u>" or involved "<u>reckless or callous indifference</u>" to the federally protected rights of others.

<u>McCloud v. Fortune</u>, 510 F. Supp. 2d 649, 666 (N.D. Fla. 2007) (quoting *Smith v. Wade,*461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)).

In other words, while Fourth Amendment liability is an objective inquiry, the assessment of punitive damages is wholly a *subjective* inquiry. See *Saintlot v. Whitehead*, No. 3:18-CV-00441-TKW/MAF, 2020 U.S. Dist. LEXIS 192902, at *30 (N.D. Fla. Sep. 21, 2020) ("to qualify for a punitive award…[the] intent standard, at a minimum, required <u>recklessness in its subjective form</u>….Smith refers to a 'subjective consciousness' of a risk of injury or illegality[.]") (*quoting Kolstad v. American Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999) and *Smith v. Wade*, 461 U.S. 30, 37 n.6, 103 S. Ct. 1625, 1630 (1983)).

Evidence that Defendant acted in accordance with training and his subjective good faith understanding of the law is thus relevant to whether punitive damages may be awarded. For this reason alone, evidence of Defendant's knowledge, training, intent, and beliefs are relevant and admissible issues for the jury's consideration.

Respectfully submitted this <u>28th</u> day of May 2026.

*/s/ Scott J. Seagle*



Gwendolyn P. Adkins, FBN: 0949566
Scott J. Seagle, (FBN: 57158)
sjseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT
DEPUTY CHASE GREGORY

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Scott J. Seagle
Attorney

6