UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S NOTICE OF FILING**
**<u>PROPOSED ALTERNATIVE VERDICT FORMS</u>**

Previously Plaintiff Terry Dukes, Sr. filed a modified version of the Model
Special Interrogatories – 42 U.S.C. § 1983 Claims (Appendix A), modified to
reflect that Deputy Gregory bears the burden of proof to demonstrate that his entry
into the home was justified by consent. *See Fuqua v. Turner*, 996 F.3d 1140, 1151
(11th Cir. 2021).

However, as Deputy Gregory notes in his trial brief, a panel of the Eleventh
Circuit in *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019)
explains that Mr. Dukes ultimately bears the burden of persuasion, while Deputy
Gregory bears the burden of production to show "with some evidence that the
consent exception applied." *Judd*, 941 F.3d at 523.

But *Fuqua*, which was decided later, says the opposite—not that there is a different burden in production to prove the exception, but that it is the officer's burden to prove that the occupant consented: "We note, however, that Collier's second argument improperly places the burden on Fuqua to show he did not consent to the search when in fact the burden rests with Collier to prove he did." *Fuqua*, 996 F.3d at 1150 (citing *McClish v. Nugent*, 483 F.3d 1231, 1241 (11th Cir. 2007), *Bashir v. Rockdale County, Ga*, 445 F.3d 1323, 1328 (11th Cir. 2006)). That is, the officer does not bear the burden to show that the exception applies, but rather "the burden of proving that the search was justified by consent." *Fuqua*, 996 F.3d at 1151. That is very different.

Nevertheless, should the Court follow *Judd* as opposed to *Fuqua* and the cases it relies on, Mr. Dukes would propose the following verdict forms attached as Exhibit A. In these proposed verdict forms, three things are different. First, the burden is placed on Mr. Dukes. Second, economic and noneconomic damages are separated to avoid confusion to the jury, who will hear about both types of compensatory damages, but only have one space for both types of damages. And third, a separate verdict form will be used for punitive damages, which should be bifurcated. Specifically, following the initial pretrial conference and the Court's initial questions concerning the parties' stipulation on punitive damages, it seems infeasible to conduct proceedings as proposed by the parties. In lieu of that, Mr.

2

Dukes would now propose bifurcation for punitive damages so that the only questions before the jury in the initial phase of trial will be liability and compensatory damages. The undersigned conferred with Mr. Seagle for the defense on the issue of punitive damages and it appears the parties may have consensus to bifurcate them rather than reserve the issue for post-trial briefing and proceedings; however, the defense is still conferring on this issue.

Finally, should the Court follows *Fuqua*, Mr. Dukes encloses a modified version of the above-referenced alternative verdict forms with the burden placed on Deputy Gregory. These proposed verdict forms for liability and compensatory damages, and separately punitive damages, are attached as Exhibit B.

Dated: May 28, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

3