UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                                                      Case No. 1:23-cv-45-AW-HTC

DEPUTY CHASE GREGORY,

     Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF ON
ADMISSIBILITY OF TRAINING AND EXPERIENCE**

Deputy Gregory argues that his training and experience are relevant to whether his entry into the home was justified by consent. His position is incorrect as he tacitly admits in his discussion of *Florida v. Jimeno.* Mem. at 3-4. In *Jimeno*, the Supreme Court concluded that "[t]he standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—**what would the typical reasonable person have understood by the exchange between the officer and the suspect?**" *Fla. v. Jimeno*, 500 U.S. 248, 251 (1991) (collecting cases) (emphasis added). To argue that this simple and unambiguous standard is not the case, Deputy Gregory focuses in on subsequent use of words "reasonable for the officer to believe" or "consider" in the opinion. Such argument is unavailing.

Moreover, it is not the case that the Supreme Court spoke in 1991 and the Eleventh Circuit has grappled with what this standard means for the past 30 years. Just in February 2026 the Eleventh Circuit reaffirmed the *Jimeno* reasonable person standard:

> A consent to search "must be voluntary—not the 'product of duress or coercion.'" *Dukes v. Sheriff of Levy Cnty.*, 155 F.4th 1291, 1297 (11th Cir. 2025) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). **The permissible reach of a consent search is limited by the scope of the given consent, as understood by a reasonable person.**

*United States v. Estadella*, 167 F.4th 1163, 1176 (11th Cir. 2026) (emphasis supplied). In sum, Deputy Gregory's efforts to confuse the issues should be dismissed.

Next, Deputy Gregory argues that Mr. Dukes has opened the door to Deputy Gregory's training and experience for purposes of punitive damages. While Mr. Dukes disagrees that a claim for punitive damages would somehow disturb the clear and unambiguous standard for liability in this case, any question here is immediately resolved by bifurcation. Mr. Dukes now proposes complete bifurcation of entitlement and amount of punitive damages. From a phone conference moments ago, the defense represented they agree to bifurcate the amount of punitive damages but not entitlement. At any rate, any lingering issues here can and should be resolved, as the Eleventh Circuit and Supreme Court have

2

answered in the negative as to whether Deputy Gregory can present evidence of his

training and experience to prove consent.

Dated: May 28, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

3