UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S BRIEF REGARDING BURDEN OF PROOF AT TRIAL**

Per the Court's *ore tenus* Order at the continued pretrial conference, Plaintiff Terry Dukes, Sr. submits this brief concerning whether reliance on the burden-shifting proposition in *Fuqua v. Turner*, 996 F.3d 1140 (11th Cir. 2021) (that the officer bears the burden to justify consent) should be disregarded based on the burden-shifting regime set forth in an earlier panel decision, *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019). Because the proposition in *Fuqua* is based on decades of Eleventh Circuit precedent, the answer is that it should not.

### I.   The prior-panel-precedent rule.

The prior-panel-precedent rule requires subsequent panels of the Eleventh Circuit follow the precedent of the first panel to address the relevant issue, "unless and until the first panel's holding is overruled by the Court sitting en banc or by the

Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). Even when a later panel is "convinced [the earlier panel] is wrong," the later panel must faithfully follow the first panel's ruling. *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc).

Here, at first blush, *Fuqua*'s pronouncement appears to violate the prior-panel-precedent rule insofar is it places the burden on the police officer to justify consent to enter a home, where, on the other hand, *Judd* explained that the officer only bears the burden in a criminal case. *Judd*, 941 F.3d at 522–23 ("That burden is on the plaintiff even where the government would be bear it in criminal case."). *See also id* at 522 ("[I]n a § 1983 action, the plaintiff bears the burden of persuasion on every element," quoting *Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 970 (11th Cir. 2002)). But as explained below, *Fuqua* is not an aberration; for decades the Eleventh Circuit has held that the officer bears the burden on consent in section 1983 and *Bivens* actions.

II.    ***Fuqua* relies on prior precedent for the proposition that the officer must justify consent.**

While Mr. Dukes relies on *Fuqua* to support his position on the burden of proof, *Fuqua* was not some new pronouncement of the law. The panel there held that "[t]he officer who conducted the warrantless search bears the burden of proving that the search was justified by consent," *Fuqua*, 996 F.3d at 1151, while citing to *McClish v. Nugent*, 483 F.3d 1231, 1241 (11th Cir. 2007) and *Bashir v.*

*Rockdale Cnty., Ga.*, 445 F.3d 1323, 1328 (11th Cir. 2006), both civil cases brought under section 1983.

In *McClish*, a section 1983 civil case decided in 2007, the panel held that "[u]nder either consent or exigent circumstances, an officer who conducts a warrantless search or seizure inside the home bears the burden of proving that his conduct was justified." *McClish*, 483 F.3d at 1241 (citing *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992)). There, the panel cited to the 1992 opinion in *Sammons* in which the Court held—in a civil *Bivens* case—that for inventory search exceptions "government officer has the burden to show that the requirements of the inventory search exception have been met." *Sammons*, 967 F.2d at 1543 (citing *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971)).

In *Bashir*, the other case the panel in *Fuqua* relied on, the Eleventh Circuit held that "deputies must show their presence in the home was justified, either by exigent circumstances or consent." *Bashir*, 445 F.3d at 1328. Again, that is a civil case.

So while *Judd* purports to distinguish between the burden in civil and criminal cases involving warrantless entry or exceptions to the Fourth Amendment, since at least 1992 the Eleventh Circuit has held that it is the officer's burden in a civil case to justify consent.

**Conclusion**

For these reasons, Mr. Dukes' reliance on *Fuqua* is not reliance on a case

that violates the prior-panel-precedent rule.

Dated: June 2, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

**Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document

contains fewer than 1,000 words, inclusive of headings, footnotes, and quotations,

but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

4