UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                  CASE NO. 1:23-cv-45-AW/HTC

CHASE GREGORY,

     Defendant.

_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON THE BURDEN OF PROOF AT TRIAL**

Defendant Chase Gregory responds to Plaintiff's "Brief Regarding Burden of Proof at Trial" [Doc.98] as follows:

The question presented is narrow, and the answer has been expressly decided. In *Gill v. Judd*, 941 F.3d 504 (11th Cir. 2019), a post-trial appeal, the Eleventh Circuit devoted an entire section—titled "The Parties' Burdens at Trial"—to address and decide the same question the Court seeks to answer. The *Gill* court held and confirmed, in a Fourth Amendment consent case, that the defendant carries only a "burden of production" under Federal Rule of Evidence 301 to rebut the presumption of an unlawful search by "present[ing] evidence" justifying the search, but that this "does not shift the burden of persuasion, which remains on the party who had it originally," and that "in a § 1983 action, the plaintiff bears the burden of persuasion on every element." *Id. quoting Cuesta*

*v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 970 (11th Cir. 2002). *Gill*    does

not stand alone and is in line with the majority of the Circuits to address the

issue.[1]

Plaintiff's contrary position rests on *Fuqua v. Turner*, 996 F.3d 1140, 1151

(11th Cir. 2021), and the cases it cites—*McClish v. Nugent*, 483 F.3d 1231, 1241

(11th Cir. 2007), and *Bashir v. Rockdale County*, 445 F.3d 1323, 1328 (11th Cir.

2006), along with *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

---

[1]    *Judd* is in accord with the majority of Circuits to address the issue. *See Valance v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997) ("Even if a presumption of unreasonableness arises from the fact of a warrantless search, that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.' Fed. R. Evid. 301. The presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption' (id.), which a defendant would do by presenting evidence that the plaintiff consented to the search. In order to prove that the search was unreasonable, then, the plaintiff would be required to show either that he never consented or that the consent was invalid because it was given under duress or coercion."); *Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991) ("It is true that searches and seizures conducted without warrants are presumptively unreasonable…[But] the operation of this presumption, contrary to the Ruggieros' contention, cannot serve to place on the defendant the burden of proving that the official action was reasonable. Rather, the presumption may cast upon the defendant the duty of producing evidence of consent or search incident to an arrest or other exceptions to the warrant requirement. However, the ultimate risk of nonpersuasion must remain squarely on the plaintiff in *accordance with established principles governing civil trials."); Crowder* v. Sinyard, 884 F.2d 804, 825 (5th Cir. 1989) (plaintiff bears the burden of proof in a section 1983 action alleging a warrantless search even where the defendant seeks to justify the search under an exception to the warrant requirement); *Larez v. Holcomb*, 16 F.3d 1513, 1517 (9th Cir. 1994) (same); *Der v. Connolly*, 666 F.3d 1120, 1128 (8th Cir. 2012).

2

But *none* of those decisions involved or addressed—much less decided—who bears the ultimate burden of persuasion *at a civil jury trial*. Rather, unlike *Gill* (a ***post-trial*** appeal that directly addressed and devoted substantial attention to the specific issue of who had the ultimate burden at trial), *Fuqua*, *McClish*, *Bashir*, and *Sammons* were all appeals of ***pre-trial summary judgment/qualified immunity orders***. The cases never involved, reached, addressed, or made any holdings regarding any party's ultimate burden *at trial*.

Thus, to the extent that any of Plaintiff's cases purported to address who bears the ultimate burden at trial, any discussion would constitute *dicta* on the issue without binding or precedential value. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1315 (11th Cir. 1998) (Carnes, J., concurring) (explaining that "*dicta* in our opinions is not binding on anyone for any purpose"). Further, the prior-panel-precedent rule Plaintiff now seeks to invoke in his favor fails because the rule only applies to issues *actually decided* and has no application to questions not before the prior court and never reached by the court.

Simply stated, *Gill* directly addressed and resolved the *precise* legal issue now before the Court, while the cases cited by Plaintiff did not. Because *Fuqua*, *McClish*, *Bashir*, and *Sammons* never held that an officer bears the ultimate *burden of persuasion* before a civil jury, they do not constitute prior precedent on that specific issue.

Further, Plaintiff's cases do not in any way address (or overrule by implication) the broader principle relied upon by *Gill* that "in a § 1983 action, the plaintiff bears the burden of persuasion on every element." *Gill* at 522 (quoting *Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 970 (11th Cir. 2002) (collecting cases)). Indeed, the Supreme Court has long recognized "the ordinary default rule that plaintiffs bear the risk of failing to prove their claims," and that courts "usually assum[e]…that plaintiffs bear the burden of persuasion regarding the essential aspects of their claims." *Schaffer v. Weast*, 546 U.S. 49, 56–57 (2005). "Absent some reason to believe that Congress intended otherwise…the burden of persuasion lies where it usually falls, upon the party seeking relief." *Id.* at 57–58.

Plaintiff's position that the Defendant bears the burden of proof in Fourth Amendment consent cases is also contrary to the Eleventh Circuit's current published Pattern Jury Instruction 5.3 ("Civil Rights – 42 U.S.C. § 1983 Claims – Fourth Amendment Claim – Private Person Alleging Unlawful Arrest, Unlawful Search, or Unlawful Terry Stop"), which confirms and provides that the plaintiff retains the ultimate burden of persuasion on Fourth Amendment search claims without any exception as Plaintiff proposes. This is because the actual element that Plaintiff must prove is that "there was an unreasonable search of his home." *Id.* While the absence of consent makes a warrantless search "unreasonable," proving "unreasonableness" is Plaintiff's core burden.

4

For these reasons, the Court would reject Plaintiff's proposal to shift the burden in a civil jury trial to the defendant to prove that it did not violate Plaintiff's rights. No court has held this to be the law.

Respectfully submitted this 3rd day of June 2026.

/s/ Scott J. Seagle

 Gwendolyn P. Adkins (FBN: 0949566)
Scott J. Seagle (FBN: 57158)
gadkins@coppinsmonroe.com
sjseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT
CHASE GREGORY

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Scott J. Seagle
Attorney