UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

## JOINT PROPOSED PRETRIAL ORDER

Pursuant to the Court's Order for Pretrial Conference, [Doc.70], the

Parties submit the following proposed Pretrial Order.

Respectfully submitted this 4th day of June 2026.

| | |
|---|---|
| */s/James M. Slater* | */s/Gwendolyn P. Adkins* |
| James M. Slater, FBN: 111779 | Gwendolyn P. Adkins, FBN: 0949566 |
| SLATER LEGAL PLLC | Scott J. Seagle, FBN: 57158 |
| 113 S. Monroe Street | COPPINS MONROE, P.A. |
| Tallahassee, FL 32301 | 2316 Killearn Center Blvd., Suite 202 |
| (305) 523-9023 | Tallahassee, Florida 32309 |
| *james@slater.legal* | Telephone: (850) 422-2420 |
| | E-Mail: *gadkins@coppinsmonroe.com* |
| ATTORNEYS FOR PLAINTIFF |     *sjseagle@coppinsmonroe.com* |
| TERRY DUKES, SR |     *kflemming@coppinsmonroe.com* |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | DEPUTY CHASE GREGORY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

## **PRETRIAL ORDER**

The court held a pretrial conference on May 26, 2026, which was continued on May 29, 2026, and June 4, 2026. This order incorporates rulings from the pretrial conference and adopts the parties' pretrial stipulation (ECF No. 79), except to the extent inconsistent with anything in this order. The parties' pleadings merge into this pretrial order, which will control the course of trial and may not be amended except by court order.

1.     The sole claim to be tried is whether Defendant entered Plaintiff's home without consent in violation of the Fourth Amendment to the United States Constitution.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper in this Court under 28 U.S.C. § 1391(b).

3.     The trial of the case is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

4.     The Court has either ruled on the disputed issues of law raised by the parties in their respective motions in limine, trial briefs, and supplemental memoranda, or reserved ruling on such issues for consideration at an appropriate time at trial. In relevant part:

a) Plaintiff's omnibus motion in limine (ECF No. 76) is GRANTED IN PART as follows:
   1. Motions 1-5, 7, 10, and 11 are GRANTED;
   2. Motions 6, 9, 12, and 15 are DENIED WITHOUT PREJUDICE; and
   3. Motion 8 is DEFERRED.
   4. Motion 14 is DENIED WITHOUT PREJUDICE. However, while the events surrounding probable cause to arrest Mr. Terry Dukes, Jr. may be discussed generally as background, they shall not become a feature of the trial.
   5. Motion 13 is DENIED AS MOOT in light of Plaintiff's withdrawal of punitive damages claims in this case.

b) Defendant's First Omnibus Motion in Limine (ECF No. 77) is GRANTED as to all parts.

c) Defendant's Second Motion in Limine (ECF No. 86) is DENIED.

d) In accordance with *Gill v. Judd*, 941 F.3d 504, 522 (11th Cir. 2019), Plaintiff has the ultimate burden of persuasion on every element at trial. The Court will otherwise revise the Parties' proposed Jury Instructions and Verdict form in accordance with applicable law and its various rulings as announced at the multiple pre-trial conferences.

e) Evidence of specialized training and experience of law enforcement is excluded from the trial.

The parties have preserved their objections to all such rulings made by the Court.

5.    Issues of fact to be determined by the jury are whether Plaintiff can prove by a preponderance of the evidence: (a) that Defendant entered his home on May 25, 2019, in violation of the Fourth Amendment, (b) whether such conduct by the Defendant caused Plaintiff injury, and (c), whether  Plaintiff should be awarded damages to compensate him for physical, economic, or mental or emotional harm and, if so, in what amount.

6.    Plaintiff has stipulated to the dismissal of his claim for punitive damages, and the claim is DISMISSED.

7.    Four days are set aside for a jury trial beginning June 8, 2026.

8.    There are no outstanding motions.

SO ORDERED on June _____, 2026.


_____
Chief United States District Judge