## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**TERRY DUKES, SR.,**

      **Plaintiff,**

**v.**
                                 **Case No. 1:23-cv-45-AW-HTC**

**ROBERT McCALLUM, JR., in his**
**official capacity as Sheriff of Levy**
**County, et al.,**

      **Defendants.**

_____/

## PRETRIAL ORDER

The court held pretrial conferences on May 26, May 29, and June 4. This order incorporates and expands upon rulings from those pretrial conferences and adopts the parties' pretrial stipulation (ECF No. 79), except to the extent inconsistent with anything in this order. The parties' pleadings merge into this pretrial order, which will control the course of the trial and may not be amended except by court order.

1.    *Voir dire* and the jury selection process will be conducted as explained at the pretrial conference. The court will conduct *voir dire*, and eight jurors will be selected. None will be alternates. Each side has three peremptory challenges. Back-striking will not be permitted.

2.    This court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper under 28 U.S.C. § 1391(b).

1

3.      The sole claim to be tried is whether Defendant Chase Gregory entered Plaintiff's home without consent in violation of the Fourth Amendment to the United States Constitution.

4.      Issues of fact to be determined by the jury are whether Plaintiff can prove by a preponderance of the evidence: (a) that Defendant entered his home on May 25, 2019, in violation of the Fourth Amendment, (b) that such conduct by the Defendant caused Plaintiff's injury, and (c) that Plaintiff should be awarded damages to compensate him for physical, economic, or mental or emotional harm and, if so, in what amount.

5.      The trial is governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

6.      Punitive damages are no longer at issue, as Plaintiff has waived any claim to such damages. *See* ECF No. 101 at 1 n.1.

7.      If Plaintiff prevails, the jury will be asked about the amount of past economic, past non-economic, and future non-economic damages separately, which will sum to a single compensatory damages award.

8.      There is no affirmative defense at issue. Defendant's proposed qualified immunity special interrogatories will not be permitted.

9.    Pursuant to *Gill v. Judd*, 941 F.3d 504 (11th Cir. 2019), Plaintiff will bear the ultimate burden of persuasion at trial as to every element of his claim including the absence of consent to enter.

10.    The parties' motions in limine are resolved as follows:

    a. Plaintiff's motion to exclude the testimony of Defendant's expert Paul Kiley was granted. *See* ECF No. 75. Plaintiff has stipulated that testimony from his police practices expert will also be excluded. *See* ECF No. 66 at 1 n.2.

    b. Plaintiff's omnibus motion in limine (ECF No. 76)—much of which was unopposed—is granted in part and denied in part:

        i. GRANTED as to category number one based on the parties' subsequent agreement acknowledged at hearing.

        ii. GRANTED as to category number two unless the proposed admission is raised outside the presence of the jury and an exception is granted.

        iii. GRANTED as to category number three unless the proposed admission is raised outside the presence of the jury and an exception is granted.

        iv. GRANTED as to category number four based on the parties' subsequent agreement acknowledged at hearing.

v.   GRANTED as to category number five.

vi.   DENIED without prejudice as to category number six.

vii.   GRANTED as to category number eight to the extent that the evidence will not be presented to the jury. If necessary, the offset issue will be resolved by the court after trial.

viii.   DENIED without prejudice as to category number nine.

ix.   DENIED without prejudice as to category number twelve.

x.   DENIED as moot as to category number thirteen.

xi.   DENIED without prejudice as to category number fourteen.

xii.   DENIED without prejudice as to category number fifteen.

xiii.   GRANTED as unopposed as to categories seven, ten, and eleven.

c.   Defendant's omnibus motion in limine (ECF No. 77) is GRANTED. (It was unopposed as to most issues, *see* ECF No. 77 at 2-4, and the one disagreement was resolved based on the parties' subsequent agreement not to mention George Floyd at the trial.)

d.   Defendant's motion in limine (ECF No. 86) is DENIED because Plaintiff's two-day delay was harmless.

11.   Defendant's witness Lieutenant Scott Tummond will not be permitted to testify about police training or the conclusions from the internal investigation. All other objections will be evaluated on a case-by-case basis.

4

12.    Plaintiff has withdrawn exhibit number 6 (ECF No. 93) from his exhibit list for trial.

13.    Plaintiff's objection to Defendant's exhibit number 9 (ECF No. 95 at 2) was withdrawn.

14.    No later than the night before trial, the parties must exchange exhibits or demonstratives to be used in openings. No later than the night before anticipated closings, the parties must exchange demonstratives to be used in closings. (They need not provide advance notice of admitted exhibits they may use in closings.)

15.    There are now no outstanding motions.

16.    Openings will be limited to twenty minutes. Closings will be limited to fifty minutes (for Plaintiff, this includes rebuttal).

SO ORDERED on June 5, 2026.

s/ *Allen Winsor*
Chief United States District Judge

5