UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Petitioner,

v.                                                                  Case No. 1:23-cv-45-AW-HTC

DEPUTY CHASE GREGORY,

     Defendant.

**PLAINTIFF'S MOTION ON APPLICABILITY OF FRE 106 FOR INTRODUCTION OF EXCERPTS OF SWORN STATEMENTS**

Plaintiff Terry Dukes, Sr. initially disclosed with the pretrial stipulation that he would introduce the audio recording of Deputy Gregory's August 19, 2019 sworn statement to Lieutenant Scott Tummond, including a transcript thereof. *See* ECF No. 79-1 at Exhibit 7. However, because a majority of the sworn statement includes statements about Junior's behavior and Deputy Gregory's training and experience, and other irrelevant and inadmissible matters, Mr. Dukes indicated that he would only introduce these matters for impeachment in his amended exhibit list. *See* ECF No. 93 at Exhibit 5.

However, in further preparing for trial, Mr. Dukes believes it is important to introduce two areas of the statement as evidence (rather than only for impeachment). These are: Deputy Gregory's admissions about what he could see at

the door (that all he could see through the door was a hand in the gap); and, his thought process for entering (he said "I'm going to see who this was and figure out who it is before he gets in there, hides, gets whatever, or just does something stupid and we're al inside that dadgum house.") *See* Redacted Transcript of Sworn Statement pp. 17-20, attached as **Exhibit 1** hereto.

There is no doubt that this evidence was disclosed to Deputy Gregory in a timely manner. But rather than use it solely for impeachment in case Deputy Gregory's version of events is inconsistent, Mr. Dukes intends to introduce the redacted transcript and audio clips of the unredacted sections on pages 17 through 20.[1]

Deputy Gregory raises a single objection. He explains that for Mr. Dukes to introduce these excerpts "the Defense will insist that the entire (unredacted) document be introduced" pursuant to Federal Rule of Evidence 106. But Rule 106 does not apply this way as set forth below.

### <u>MEMORANDUM OF LAW</u>

Rule 106 states "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other

---

[1] On Friday, Plaintiff's counsel emailed a version of the redacted transcript where part of pages 18 and 19 were redacted, but Plaintiff has removed those redactions so the full discussion between pages 17-20 is captured, thus vitiating any claim that the responses are taken out of context.

statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Deputy Gregory must show under the rule that fairness dictates bringing in the rest of the interview. That is, "Rule 106 only requires that a complete statement be introduced when the party introducing a statement creates a misimpression about the statement." *Rice v. DCI Donor Servs.*, 2024 WL 2646668, at *3 (N.D. Fla. Mar. 25, 2024) (citing Fed. R. Evid. 106 Advisory Committee's Note) (the "basic rule" of completeness "applies only to the narrow circumstances in which a party has created a misimpression about the statement"); *see also United States v. Martinez*, 156 F.4th 1185, 1204 (11th Cir. 2025) (Rule 106 prevents "the misleading impression created by taking matters out of context" and "the inadequacy of repair work when delayed to a point later in the trial," quoting *United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988)). It "does not automatically make the entire document admissible." *Pendas-Martinez*, 845 F.2d at 944. Only "additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced" is admissible. *Id.*

Deputy Gregory cannot meet this showing. Mr. Dukes does not intend to introduce part of a phrase or sentence or any other out-of-context matter. No, these excerpts are complete statements that just happen to be part of an hour-long interview. There is no reason the introduction of these statements would

necessitate the entirety of the interview, particularly where the interview goes into a host of inadmissible matters.

There is no misimpression here. Deputy Gregory testified about what he saw and what he was thinking outside the back door. There is nothing else in the sworn statement that needs to be introduced to provide additional context for what Deputy Gregory said under oath. To make this abundantly clear, Mr. Dukes appends the full unredacted sworn statement so that it is clear for the Court's review. *See* Unredacted Sworn Statement, attached as **Exhibit 2**.

WHEREFORE, Plaintiff Terry Dukes, Sr. asks the Court to permit the introduction of the redacted transcript in Exhibit 1 and audio recordings of the statements made on pages 17-20 of the transcript.

Dated: June 7, 2026

Respectfully submitted,

/s/ *James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

4

## **Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

## **Local Rule 7.1(B) Certification**

Pursuant to Local Rule 7.1(B), I hereby certify that the evening of June 5, 2026, I conferred with defense counsel concerning the introduction of this evidence by email. On the evening of June 7, 2026, defense counsel responded: "Under Rule of Evidence 106, the Defense will insist that the entire (unredacted) document be introduced." The undersigned then promptly informed defense counsel that Mr. Dukes would immediately file a motion with the Court so that this matter could be promptly addressed the morning of June 8 at trial.

By: */s/ James M. Slater*
James M. Slater

5