**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**TERRY DUKES, SR.,**

      **Plaintiff,**

**v.**                                     **Case No. 1:23-cv-45-AW-HTC**

**CHASE GREGORY,**

      **Defendant.**

_____/

## JURY INSTRUCTIONS

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will hear closing arguments. Then you will go to the jury room and begin your discussions—what we call your deliberations.

\* \* \*

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

In this case it is the responsibility of the Plaintiff, Mr. Dukes, to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Dukes's claim is more likely true than not true.

If the proof fails to establish any essential part of Mr. Dukes's claim by a preponderance of the evidence, you should find against Mr. Dukes.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who

may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

* * *

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. The lawyers may discuss the facts with you in their closing arguments. They will not intentionally misrepresent any facts, but they are relying on their own memories just as you will have to rely on your own memories. So if their recollection of the facts differs from yours, you must rely on your own. Again, what the lawyers say is not evidence.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

2

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as the witness remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

\* \* \*

There is a single claim in this case. Mr. Dukes claims that Deputy Gregory, while acting under color of law, unlawfully entered Mr. Dukes's home. Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable entry into one's home or dwelling. A warrantless entry is generally unreasonable. But there are certain exceptions to this general rule. One exception (and the only one relevant in this case) is entry based on consent. If a person in lawful possession of a home invites or consents to entry, law enforcement officers may lawfully enter the home.

3

The parties have agreed that Deputy Gregory did not have a warrant, so you must accept that as a proven fact. The parties also agree that Mr. Dukes had lawful possession of the home, such that he was authorized to consent. The issue is whether there was consent.

To succeed on his claim, Mr. Dukes must prove each of the following facts by a preponderance of the evidence:

First: That Deputy Gregory's entry was without consent;

Second: That Deputy Gregory's entry caused Mr. Dukes's injury; and

Third: That Deputy Gregory acted under color of law. (The parties have agreed that Deputy Gregory acted under color of law, so you should accept that as a proven fact.)

Whether consent has been given is determined based on the totality of all the circumstances known to Deputy Gregory at the time. This is an objective inquiry, and the question is what the typical reasonable person would have understood based on all the circumstances. Consent may be implied by non-verbal physical conduct. However, consent cannot be implied solely from an occupant's decision to answer the door. Nor can it be implied solely based on an occupant's failure to object to entry. You may nonetheless consider these facts as you evaluate the totality of all the circumstances.

There is no issue here about the scope of any consent given. In other words, the question is only whether a reasonable person in Deputy Gregory's situation would have understood there to be consent to enter the home. There is no separate issue about whether, if there was consent to enter the home, there was also consent to remain in the home or enter the bedroom.

For the second element, Deputy Gregory's conduct caused Mr. Dukes's injuries if Mr. Dukes would not have been injured without Deputy Gregory's entry, and the injuries were a reasonably foreseeable consequence of Deputy Gregory's entry.

If you find Mr. Dukes has proved each fact that he must prove, you must decide the issue of his damages. If you find that Mr. Dukes has not proved each of these facts, then you must find for Deputy Gregory.

* * *

The parties stipulate to the following facts: Deputies had probable cause to arrest Mr. Dukes's son on a violent felony for aggravated domestic battery on his pregnant girlfriend.

Mr. Dukes lived at the home where the relevant underlying events occurred.

* * *

If you find for Mr. Dukes, you should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Dukes's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Deputy Gregory. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money; they also cover the physical and emotional aspects of the injury. Mr. Dukes does not have to introduce evidence of a monetary value for intangible things like physical or emotional pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Dukes has proved them by a preponderance of the evidence, and no others:

(a) Mr. Dukes's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Mr. Dukes is reasonably certain to experience in the future;

(b) Wages, salary, profits, and the reasonable value of working time that Mr. Dukes lost because of his inability or diminished ability to work; and

(c) Mr. Dukes's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Mr. Dukes is reasonably certain to experience in the future.

You may award no compensatory damages if you find that: (a) Mr. Dukes has submitted no credible evidence of injury; or (b) Mr. Dukes's injuries have no monetary value or are not quantifiable with any reasonable certainty.

* * *

You have been permitted to take notes during the trial. You must use your notes only as a memory aid during deliberations. You must not give your notes

priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

* * *

The fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Mr. Dukes should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You will now hear closing arguments. After that, I will complete these instructions, and you will start your deliberations.

* * *

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for you. It will be brought to you in the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the deputy clerk or a court security officer. That person will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to

talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.