UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                                              Case No. 1:23-cv-45-AW-HTC

DEPUTY CHASE GREGORY,

     Defendant.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

Plaintiff Terry Dukes, Sr. files this memorandum in support of his Bill of

Costs. In support, he states:

1.     Plaintiff brought a § 1983 claim against Defendant Chase Gregory

("Defendant") and his fellow officers for violations of Plaintiff's Fourth

Amendment rights and for state-law claims. Plaintiff also sued Sheriff McCallum

in his official capacity for failure to train, supervise, and discipline. At the time of

trial, Plaintiff pursued a single-count unlawful entry claim against Defendant under

the Fourth Amendment.

2.     On June 11, 2026, a jury rendered a verdict finding Defendant

deprived Plaintiff of a constitutionally secured right while acting under color of

law as a law enforcement officer in violation of 42 U.S.C. § 1983. (Doc. 121). The

jury awarded $59,916 in damages to compensate him for the damage caused by the violation. *Id.*

3.    On June 23, 2026, the clerk entered judgment in this case. (Doc. 124).

4.    Plaintiff is moving for his reasonable attorneys' fees and expenses under 42 U.S.C. § 1988. He also seeks taxation of costs both under 28 U.S.C. § 1920 and will later seek additional expenses with his fee motion under § 1988. *Harvey v. City of Bradenton, Fla.*, 2006 WL 5017105, at *4 (M.D. Fla. June 12, 2006) ("Reasonable expenses may be included in an award of attorney's fees under 42 U.S.C. § 1988," citing *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983)).

## Memorandum of Law

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to receive litigation costs other than attorney's fees. Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of

2

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Here, Plaintiff seeks taxation of costs for normal items subject to § 1920, such as filing fees, witness fees, service of process, and deposition transcripts, among other things. He also seeks taxation under § 1988 for ancillary charges related to depositions, printing costs, travel, food and lodging costs, and appellate costs[1] for printing, binding, and courier services, which costs will be set forth in Plaintiff's motion for attorneys' fees.

For purposes of the bill of costs, Plaintiff seeks reimbursement for the filing fee, service of process, witness fees, deposition costs, and printing costs. The filing, witness, and service of process costs are straightforward. For the deposition and transcript costs and printing costs, Plaintiff sets forth the following argument below.

### A. Deposition and Transcript Costs

The second category of taxable costs under § 1920 are the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case". *See* 28 U.S.C. § 1920(2). Under § 1920, courts permit the recovery of both the cost of a deposition transcript and the court reporter's attendance fee—so long

---

[1] The Eleventh Circuit did not tax costs, but Plaintiff nevertheless seeks those costs here under section 1988 because he has now prevailed at trial and those costs were reasonably incurred in litigating this case.

as those costs meet the "necessarily obtained for use in the case" requirement. Here the deposition transcripts and reporter's attendance were necessarily obtained for use here for each of the sought depositions. That is, depositions of the officers on scene (Gaffey, Gregory, Murphy, and Almeida), the detective who made the probable cause determination and later came to the scene and observed post-incident conduct (Wilkson), the lieutenant who conducted the internal affairs investigation and interviewed the parties (Tummond), and the corporate representative of the Sheriff (Beauchamp).

While ancillary fees such as exhibit fees, *see Patsalides v. City of Fort Pierce*, 2017 WL 10402989 (S.D. Fla. Sept. 20, 2017), *R&R adopted*, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017), and handling, *see Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp.2d 1254, 1259 (S.D. Fla. 2013), are not taxable under § 1920, Plaintiff seeks reimbursement of those ancillary costs under § 1988, as Plaintiff's counsel bore those costs in litigating the case.

For purposes of the bill of costs under § 1920, Plaintiff has excised those additional ancillary costs, and therefore seeks at this stage, the following amounts for deposition costs:

1. Deputy Gregory: $1,925 for transcript costs and reporter attendance;

2. Corporal Almeida: $1,082 for transcript costs and reporter attendance;

3. Deputy Gaffey: $580.50 for transcript costs;

4. Lieutenant Tummond: $1,123.50 for transcript costs and reporter attendance;

5. Deputy Murphy: $576.00 for transcript costs;

6. Undersheriff Beauchamp (Rule 30(b)(6)): $1,030.00 for transcript costs and reporter attendance;

7. Det. Wilkinson: $510.00 for transcript costs and reporter attendance; and

8. Plaintiff Terry Dukes, Sr.: $561.00 for transcript costs.

The total taxable amount for these depositions is: $6,878.00.

In addition, Plaintiff undertook the transcription of Deputy Gregory's audio-recorded internal affairs statement, which was read at trial and partially admitted into evidence, along with audio recording excerpts. Plaintiff Deputy Gregory seeks $532.25 for these transcript costs.

Thus, the total amount Plaintiff seeks for transcripts under § 1920 is: $7,410.25.

## B. Copying Costs

Under § 1920, photocopying costs may be awarded "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The burden of

establishing the entitlement to photocopying expenses lies with the prevailing party. *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328 (M.D. Fla. 2000).

"Although courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel." *Bynes-Brooks v. N. Broward Hosp. Dist.*, 2017 WL 3237053, at *3 (S.D. Fla. July 31, 2017) (quoting *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 06-81105-CIV, 2009 WL 3208649, at *9 (S.D. Fla. Oct. 2, 2009)). Courts have found that "[r]ates between $0.10 and $0.25 per page are recoverable." *Procaps v. Patheon Inc.*, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (citing *Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989).

Here, Plaintiff's counsel hired FedEx to print two copies of deposition transcripts for witnesses on Defendant's witness list who had been deposed in the case (one to read for impeachment and the other for the Court), as well as a single copy for Plaintiff's deposition for reference in the event of impeachment at trial by the defense. Plaintiff also printed three copies of each of his exhibits for use at trial—one for the jury, one for the court, and one for reference by either plaintiff's counsel or the defense, as needed. Plaintiff also printed three copies of certain

6

defense exhibits that Plaintiff intended to—and did—introduce as evidence and use during trial—again one for the Court, one for the jury, and one for either party to reference. The cost for printing these pages ranged from $0.216 to $0.234 per page, depending on the type of paper used. These rates are well within what courts have found reasonable as far back as 1989. *Fla. Pawnbrokers & Secondhand Dealers Ass'n*, 711 F. Supp at 1086 (permitting taxation at $0.25 per page). The Court should find that these costs were necessarily incurred for trial and reasonable. To the extent the Clerk or Court determines they were not necessarily incurred, then Plaintiff would reserve the right to submit such costs for reimbursement under § 1988 at the appropriate time.

Plaintiff's counsel also used CVS to print a single copy of each of the photographs used in Plaintiff's Exhibits 1 and 2 (for a total of 13 photographs) on 8.5"x11" photograph paper, expending $67.25. These photograph quality copies were printed for the purpose of being admitted into evidence as the higher quality version of the photographs to be provided to the jury. While the jury also received .jpeg files of these photographs, it also had the photographs to review during deliberations. These copies should be taxed. To the extent the Clerk or Court determines they were not necessarily incurred, then Plaintiff would reserve the right to submit such costs for reimbursement under § 1988 at the appropriate time.

Further, Plaintiff's counsel used FedEx to print a demonstrative for use at trial, which was used during the examination of Kristi Kirby, Plaintiff's economist. Plaintiff's counsel spent $125.39 to hire FedEx to print (in color) and prepare the large format demonstrative with foam backing. These costs should be taxable. To the extent the Clerk or Court determines they were not necessarily incurred, then Plaintiff would reserve the right to submit such costs for reimbursement under § 1988 at the appropriate time.

## **Conclusion**

In sum, Plaintiff's costs set forth in the bill of costs should be taxed.

Dated: June 30, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
josh@tarjanlawfirm.com

*Attorneys for Plaintiff Terry Dukes, Sr.*

## Local Rule 7.1(F) Certification

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 2,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

## Local Rule 7.1(B) Certification

I certify that I attempted to fully confer with opposing counsel on the issues and relief sought herein by phone call and email (including on June 22, 29, and 30) and did speak briefly with defense counsel (Gwen Adkins) by phone the week of June 15 generally about these issues. Notwithstanding, Deputy Gregory has not provided his position. To the extent he provides a position, the undersigned will file a supplemental certificate.

By: */s/ James M. Slater*
James M. Slater