UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.

DEPUTY CHASE GREGORY,

     Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S MOTION FOR DETERMINATION OF
ENTITLEMENT TO AN AWARD OF ATTORNEYS' FEES AND COSTS**

Pursuant to Rule 54.1 of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida, and pursuant to 42 U.S.C. § 1988 *et seq.*, Plaintiff Terry Dukes, Sr. ("Plaintiff") moves this Court for a determination of his entitlement for an award for attorneys' fees and expenses. In support, Plaintiff states:

## I.    BACKGROUND

1.    Plaintiff brought a section 1983 claim against Defendant Chase Gregory ("Defendant") and his fellow officers for violations of Plaintiff's Fourth Amendment rights and for state-law claims. Plaintiff also sued Sheriff McCallum in his official capacity for failure to train, supervise, and discipline. At the time of

trial, Plaintiff pursued a single-count unlawful entry claim against Defendant under the Fourth Amendment.

2.      On June 11, 2026, a jury rendered a verdict finding Defendant deprived Plaintiff of a constitutionally secured right while acting under color of law as a law enforcement officer in violation of 42 U.S.C. § 1983. (Doc. 121). The jury awarded $59,916 in damages to compensate him for the damage caused by the violation. *Id.*

3.      On June 23, 2026, judgment was entered in this case. (Doc. 124). Accordingly, this motion is timely under Rule 54.1(B) of the Local Rules of Civil Procedure for the United States District Court for the Northern District of Florida.

4.      Plaintiff hereby moves for an order from the Court determining that he is entitled to reasonable attorneys' fees and expenses under 42 U.S.C. § 1988.

## II.     MEMORANDUM OF LAW

### A. Plaintiff is entitled to his reasonable attorneys' fees under § 1988.

In any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. *See* 42 U.S.C. § 1988.  The overriding purpose of this act is to encourage the private enforcement of civil rights laws to vindicate the federal rights involved fully. *Sargeant v Harp*, 579 F.2d 645, 645, 648 (1st Cir 1978). Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special

circumstances." *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (quoting

*Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54

L.Ed.2d 648, 654 (1978)).

Here, Plaintiff has obtained a verdict for damages. Plaintiff did not make a

recommendation for noneconomic damages and even though he obtained less in

economic damages than specifically sought, *see Lambert v. Herrington*, 2023 WL

5278857, at *2 (S.D. Ala. Aug. 16, 2023), he has prevailed on a "significant issue"

and achieved the "benefits sought by bringing suit," warranting entitlement to

attorneys' fees and costs under section 1988. *Garrido v. Sec'y, Fla. Agency for*

*Health Care Admin.*, 658 Fed. Appx. 973, 977 (11th Cir. 2016) (quoting *Friends of*

*the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir.

2012)). *See also Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76

L.Ed.2d 40 (1983) (a prevailing party is entitled to an award of attorneys' fees

even where the prevailing litigant did not prevail on all the contentions asserted).

Additionally, a "judicially sanctioned change in the legal relationship of the

parties" has occurred through the jury finding Defendant liable for violating the

Fourth Amendment and awarding damages to compensate Plaintiff for such

violation. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human*

*Resources*, 532 U.S. 598, 605, 121 S.Ct. 1835, 1840 (2001); *see also Smalbein v.*

*City of Daytona Beach*, 353 F.3d 901, 904-05 (11th Cir. 2003).

Thus, the Court should find that Plaintiff is entitled to his reasonable attorneys' fees—at the trial and appellate level (which consideration has been transferred to this Court, *see* Doc. 59)—having prevailed on his § 1983 claim against Defendant.

**B. Plaintiff is entitled to his reasonable expenses under § 1988.**

[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" with respect to taxation or reimbursement of costs or litigation expenses. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).

Section 1988, however, creates such statutory authorization. Therein, "[w]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 438 (11th Cir.1999) (quoting *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983)); *see also Dowdell*, 698 F.2d at 1191–92 (citing *Loewen v. Turnipseed*, 505 F.Supp. 512, 517–19 (N.D.Miss.1980) (holding that awards should be limited to normally billable expenses but generously awarding, among other things, travel, food, and lodging expenses); *see Mallory v. Harkness,* 923 F.Supp. 1546, 1557 (S.D. Fla.

4

1996) ("[B]ecause the Plaintiff has sought attorneys' fees under 42 U.S.C. § 1988, the traditional limits of 28 U.S.C. § 1920 do not restrict the recovery of costs.").

Under § 1988, a plaintiff may recover all out-of-pocket expenses that "would normally be charged to a fee paying client" and are not "routinely absorbed in office overhead." *Yule v. Jones*, 766 F. Supp. 2d 1333, 1344–45 (N.D. Ga. 2010) (quoting *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994)); *see also Cherry v. Rockdale County,* 601 F.Supp. 78, 81 (N.D. Ga. 1984). Importantly, the Eleventh Circuit has directed that "the standard of reasonableness is to be given a liberal interpretation." *Dowdell,* 698 F.2d at 1192; *accord NAACP v. City of Evergreen,* 812 F.2d 1332, 1337 (11th Cir. 1987).

The Eleventh Circuit and district courts in this Circuit uniformly have allowed recovery of such expenses as photocopying, postage, necessary travel, and other matters under section 1988. *Cullens v. Georgia Dept. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994) ("The [district] court denied telephone and travel expenses on the ground that 28 U.S.C. § 1920 does not provide for their recovery. The government acknowledges that this was error ..."); *Dowdell,* 698 F.2d at 1192; *Cherry,* 601 F.Supp. at 81. This is because "[r]easonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." *Dowdell*, 698 F.2d at 1190. In civil rights cases attorneys must make "sizeable out-

5

of-pocket expenditures which may be as essential to the success as the intellectual skills of the attorneys." *Id.* "If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award correspondingly." *Id.*

Here, Plaintiff seeks taxation of costs under § 1920 but will submit additional expenses with his fee papers for costs taxed in excess of the limitations of §1920, but within the framework and limitations of § 1988. Those costs are ancillary court reporter fees, travel time, lodging, food expenses, parking costs, additional photocopying charges to the extent not taxable under § 1920, printing and binding costs for appellate matters, and other expenses necessarily incurred for this case. The Court should find that Plaintiff is entitled to seek reimbursement of his reasonable expenses under § 1988.

## III.   CONCLUSION

For these reasons, Plaintiff Terry Dukes, Sr. asks the Court to grant this motion and determine that he is entitled to recover his reasonable attorneys' fees and costs under § 1988.

Dated: June 30, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345

Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

**Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

**Local Rule 7.1(B) Certification**

I certify that I attempted to fully confer with opposing counsel on the issues and relief sought herein by phone call and email (including on June 22, 29, and 30) and did speak briefly with defense counsel (Gwen Adkins) by phone the week of June 15 generally about these issues. Notwithstanding, Deputy Gregory has not provided his position. To the extent he provides a position, the undersigned will file a supplemental certificate.

By: */s/ James M. Slater*
James M. Slater

7