UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                   CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

     Defendants.
_____/

## DEFENDANTS' MOTION TO TAX COSTS
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Northern District of Florida Local Rule 54.2, and Fed.R.Civ.P. 54(d), Defendants Robert McCallum, as Sheriff of Levy County, Franco Almeida, and Tucker Gaffey, move this Court for entry of an order awarding costs. As grounds for this motion, Defendants state:

1.     In March 2023, Plaintiff Terry Dukes, Senior, filed a Complaint against the above-named Defendants alleging seven separate claims related to an incident that occurred on May 25, 2019. [Doc.1].

2.     Plaintiff voluntarily dismissed the claims against Defendants Almeida and Gaffey by filing an Amended Complaint in August 2023 which did not include them as Defendants. [Doc.11]. This was months after the statute of limitations ran and the dropping of the claims acted as a dismissal with prejudice. *See Ctr. for Individual Rights v. Chevaldina*, No. 21-13453,

2022 U.S. App. LEXIS 26869, at *12 (11th Cir. Sep. 26, 2022) ("When a court dismisses a suit without prejudice, and the applicable statute of limitations bars further litigation, we typically review the dismissal as if it were made with prejudice. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).").

3.      Defendants Almeida and Gaffey are the prevailing parties. *See, e.g.*, *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314 (11th Cir. 2025) (where one plaintiff sues multiple defendants, there can be more than one prevailing party).

4.      The Amended Complaint brought one claim against Defendant Sheriff McCallum (Count VII). [Doc.11]. Defendant McCallum moved for summary judgment as to all claims against him and this Court granted the motion as to all claims against Defendant McCallum. [Docs.28 & 42]. Defendant McCallum is the prevailing party. *Head,* 62 F.3d at 354.

5.      The clerk entered Judgment on June 23, 2026 [Doc.124], and this motion is timely filed. Fed.R.Civ.P. 54(b).

6.      Under Fed.R.Civ.P. 54(d), costs shall be allowed to the prevailing party as a matter of course. *See Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984). Defendants Almeida and Gaffey are entitled to costs with respect to the claims against them. Defendant McCallum is entitled to costs as to the

2

single count against him (Count VII). It is incumbent on Plaintiff to overcome the presumption that they are entitled to costs. *Gilchrist,* at 1557.

7.   Taxable costs are generally limited to those items outlined in 28 U.S.C. § 1920. Defendants' Bill of Costs [Doc.129] identifies the following fees which are provided for by §1920 and are properly taxable under Rule 54(d)(1):

**A.   Fees for transcripts necessarily obtained in this case**

| FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS | | |
| --- | --- | --- |
| **EXHIBIT** | **DESCRIPTION** | **AMOUNT** |
| 1-A | Deposition of Corporal Franco Almeida Milestone Reporting Company, Invoice No. 255499 | $ 438.75 |
| | Deposition Deputy Tuckey Gaffey; Milestone Reporting Company, Invoice No. 255499 | $ 419.25 |
| 1-B | Deposition of Lieutenant Scott Tummond; Milestone Reporting Company, Invoice No. 255715 | $ 465.25 |
| | Deposition of Deputy Blake Murphy; Milestone Reporting Company, Invoice No. 255715 | $ 436.00 |
| 1-C | Deposition of 30(b)(6) for the Levy County Sheriff's Office; Milestone Reporting Company, Invoice No. 258286 | $ 555.50 |
| 1-D | Deposition of Detective Michael Wilkinson Milestone Reporting Company, Invoice No. 258484 | $ 292.00 |
| 1-E | Deposition of Deputy Chase Gregory Milestone Reporting Company, Invoice No. 255310 | $ 1,168.75 |
| 1-F | Deposition of Terry Dukes, Sr. Nature Coast Reporters, Invoice No. 5739 | $ 1,567.00 |

3

| 1-E | Taped Interview of Terry Dukes Sr. For the Record Reporting, Inc., Invoice No. 16798 | $ 217.30 |
|---|---|---|
| | **TOTAL:** | **$ 5,559.80** |

8.      These costs were reasonable, necessary and proper for counsel's effective preparation of the case and should be awarded to Defendants Almeida, Gaffey, and McCallum as taxable costs under Fed.R.Civ.P. 54(d)(1). [*See* Affidavit of Gwendolyn P. Adkins, Doc. 129-2]

**WHEREFORE**, in accordance with the rules of procedure, statutes, and case law, Defendants Almeida, Gaffey, and McCallum respectfully request this Court award them the above-stated taxable costs more fully described and identified in their Bill of Costs.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(A), Defendants file this memorandum of law in support of their Bill of Costs and Motion to Tax Costs.

## I.  COSTS

The Court is afforded great discretion in ascertaining taxable costs. *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir. 1985). This discretion must be exercised within the parameters of 28 U.S.C. §1920, which defines "costs" under Rule 54. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed. 2d 385 (1987), *superseded on other grounds,* 42 U.S.C. § 1988(c) (1991) (*see United States EEOC v. W &*

*O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)). All of the categories of costs itemized in the Bill of Costs are specifically allowed by 28 U.S.C. § 1920, which includes (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and (2) fees for witnesses.

**A.    Fees for transcripts necessarily obtained for use in the case.**

"Taxation of deposition costs is authorized by Section 1920(2)." *W & O, Inc.,* 213 F.3d at 620 ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.'"). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Wish v. MSC Crociere S.A.,* No. 07-60980-CIV, 2009 WL 347793, (S.D. Fla. Feb. 11, 2009) (citing *W & O, Inc.* at 620-21). "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Wish* at *2 (quoting *Jeffries v. Ga. Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga.1981)).

A trial judge has great discretion to tax the costs of a deposition if any part of the deposition was necessarily obtained for use in a case, regardless of whether the deposition is actually admitted at trial. *See e.g. Desisto College,*

5

*Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 912 (M.D. Fla. 1989) ("this circuit has rejected any blanket rule that a deposition must be admitted in evidence in order to be recoverable") (citing *Murphy v. Flagler Beach*, 761 F.2d 622, 631 (11th Cir. Fla. 1985)).

Plaintiff's deposition was taken in order to address the most basic, essential facts relating to Plaintiff's claims and was used to defend against Plaintiff's claims. The depositions of the other witnesses identified by Plaintiff as having knowledge of the claims were also necessary to ascertain the existence of any admissible evidence, or lack thereof, to support Plaintiff's claims. The cost of these depositions is properly taxable. *W & O, Inc.,* 213 F.3d at 621.

The transcripts were reasonable and necessary in the defense of the case. All transcripts for which recovery is requested were cited by Defendant McCallum in his Motion for Summary Judgment, Statement of Facts, and Memoranda of Law. [Docs.27 & 28]. While some of the witnesses would have overlapped with claims against Defendant Gregory, the depositions of Lieutenant Scott Tummond and the Sheriff's 30(b)(6) representative (W.O. Beauchamp) were almost exclusively related to the claim against Sheriff McCallum. Moreover, neither Tummond, Beauchamp, Franco Almeida, nor Mike Wilkinson, testified at the trial of the case against Defendant Gregory.

Pursuant to 29 U.S.C. §1920, Defendants are entitled to the costs for their purchase of the transcripts.

**Total fees for depositions and transcripts: $ 5,559.80**

## II. INTEREST

When costs are awarded, the prevailing party is further entitled to recover interest on the award from the date of entry of the final judgment in accordance with 28 U.S.C. § 1961. This federal rate of interest is calculated from the date of the entry of the judgment at a rate outlined by section 1961(a) and distributed to the Courts by the Director of the Administrative Office of the United States Courts. *See also BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045 (11th Cir. 1994). Such interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961. Defendants request interest at the published rate, accruing from the date of judgment.

## III. CONCLUSION

A trial court has great discretion in the taxation of costs and its award will not be overturned unless there is a clear abuse of discretion. *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir. 1991). The expenses requested by Defendants were reasonably necessary to the defense of this

action and are properly assessed as taxable costs provided for by statutes and case law.

## Certificate of Compliance

In accordance with Local Rule 7.1, counsel for Defendants certifies that she has conferred with Plaintiff's counsel in a good faith attempt to resolve the issue through a meaningful conference with Plaintiff's counsel. Plaintiff's counsel opposes the relief sought herein.

Respectfully submitted this 7<u>th</u> day of July 2026.

/s/    *Gwendolyn P. Adkins*



Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Scott J. Seagle, Esq.
(FBN: 57158)
gadkins@coppinsmonroe.com
sseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420    Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
McCALLUM, ALMEIDA, and GAFFEY

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Gwendolyn P. Adkins*
Attorney