UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                    CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.

_____/

## DEFENDANT GREGORY'S MOTION
## <u>FOR ENTITLEMENT TO ATTORNEYS' FEES</u>

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules of the United States District Court for the Northern District of Florida, Defendant Chase Gregory hereby moves this Court for the entry of an order confirming his entitlement to attorneys' fees. Specifically, Defendant Gregory seeks in this bifurcated procedure a determination that he is entitled to a fee, prior to any determination of the amount of an award that may be granted. The grounds for this motion are set forth below.

1. In August 2023, Plaintiff Terry Dukes, Senior, filed an Amended Complaint against Sheriff McCallum and Chase Gregory. [Doc.11]. The Amended Complaint brought five claims against Defendant Gregory, including three claims under state law and two claims under federal law. [Doc.11].

2.     On September 22, 2023, Defendant Gregory served an Offer of Judgment / Proposal for Settlement on Plaintiff to resolve all of the state law claims. [Doc.18, and Exhibit 1]. Plaintiff did not accept the proposal within the 30 days allowed under Florida law.

3.     Defendant Gregory moved for summary judgment as to all claims against him and this Court granted the motion as to all state law claims on December 22, 2023. [Docs.28 & 42]. Defendant Gregory prevailed on these claims.

4.     The clerk entered Judgment on June 23, 2026 [Doc.124], and this motion is timely filed. Fed.R.Civ.P. 54.

5.     Defendant Gregory is entitled to attorneys' fees against Plaintiff on the state law claims of Invasion of Privacy, Trespass, and False Arrest/False Imprisonment pursuant to the Offer of Judgment procedures set forth in Florida Statute §768.79 and Florida Rules of Civil Procedure 1.442, from the date of service of the Offer of Judgment until the date of the Order disposing of the claims.

6.     Pursuant to Fed.R.Civ.P. 54(2)(B)(iii), Defendant Gregory fairly estimates the total amount of fees will be between $28,000 – 32,000. The details and final amount sought will be provided during the second phase of the fee determination.

WHEREFORE, Defendant Gregory moves this Court for an order granting fees and providing for the timeline to submit supporting documentation of the amounts thereof.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(E), Defendant Gregory offers the following memorandum of law in support of his motion.

Florida Statute §768.79 provides that if a defendant files an offer judgment which is not accepted by the plaintiff within 30 days then the defendant <u>shall</u> be entitled to recover reasonable costs and attorney's fees from the date of the filing of the offer if the judgment is one of no liability. The adjudication by this Court on all claims pursuant to Defendants' Motions for Summary Judgment is a final adjudication of no liability on all claims of Plaintiff.

The Florida statute applies when a state-law claim is litigated in federal court. *See Hale v. Bay Cty. Sch. Bd. & William Husfelt*, No. 5:17cv265-RH-GRJ, 2019 U.S. Dist. LEXIS 132745, at *6, 7 (N.D. Fla. Mar. 25, 2019) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir.2011) and *McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002)).

In compliance with Florida Statutes, §768.79, Defendant Gregory formally served upon Plaintiff his Offer of Judgment / Proposal for Settlement

3

to resolve all state law claims against him for the total sum of $100.00.[1] Defendant Gregory had good and reasonable grounds to believe he would eventually prevail on these claims and that his exposure was minimal, but the result was not certain. Plaintiff did not accept the offer within the prescribed 30-day time period.

Pursuant to the above statutory and procedural guidelines, Plaintiff is responsible for attorneys' fees incurred from the date of the offer until the Court's adjudication of no liability. *Anderson v. Hilton Hotels Corp.,* 202 So. 3d 846, 858 (Fla. 2016) ("[T]he plain language of both section 768.79 and Florida Rule of Civil Procedure 1.442 indicates that [plaintiff's] entitlement to attorneys' fees was actualized after he submitted sufficient offers and obtained satisfactory judgments in his favor.") The liability for fees begins on September 22, 2023, and runs through the date of the Order on summary judgment, December 22, 2023. Defendant Gregory is entitled to fees for the state law claims under the above authority and circumstances.

For the foregoing reasons, Defendant Gregory requests the entry of an order confirming his entitlement to attorneys' fees against Plaintiff Terry

---

[1] An offer under the statute may address fewer than all the claims in a case. *See Harris Specialty Chems., Inc. v. Punto Azul S.A. de C.V.*, 12 So. 3d 809, 810 (Fla. 3d DCA 2009) (citing *Jacksonville Golfair, Inc. v. Grover*, 988 So. 2d 1225, 1227 (Fla. 1st DCA 2008)) .

Dukes, Sr., for the state law claims in Counts I, II, and V pursuant to his successful Proposal for Settlement.

## CONCLUSION

For the foregoing reasons, Defendant Gregory requests that this Court enter an order confirming he is entitled to attorneys' fees against Plaintiff, reserving jurisdiction to determine the amount of any attorneys' fees pursuant to the authority cited herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), Northern District of Florida, the undersigned counsel for Defendant Gregory conferred telephonically with Plaintiff's counsel James Slater in a good faith effort to resolve this issue prior to the filing of the Motion. Plaintiff objects to the relief requested herein.

5

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

The undersigned certifies that the foregoing Motion and Memorandum of Law comply with Local Rule 7.1(F) because they contain less 1,050 words combined.

Respectfully submitted this 7th day of July 2026.

*/s/    Gwendolyn P. Adkins*



Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Scott J. Seagle, Esq.
(FBN: 57158)
gadkins@coppinsmonroe.com
sseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
CHASE GREGORY, individually

6

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ Gwendolyn P. Adkins
Attorney

7