UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

      Plaintiff,

v.

DEPUTY CHASE GREGORY,

      Defendant.

Case No. 1:23-cv-45-AW-HTC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR DETERMINATION OF ENTITLEMENT
TO AN AWARD OF ATTORNEYS' FEES**

Plaintiff Terry Dukes, Sr. files this response in opposition to Defendant Chase Gregory's motion for fees. (Doc. 131). In his motion, Defendant seeks attorneys' fees based on Plaintiff's rejection of Defendant's proposal for settlement ("PFS") as to Plaintiff's state-law claims. Among other reasons, because Defendant has not shown that Plaintiff's claims were frivolous or made in bad faith, or that acceptance of the PFS would resolve all damages at issue against Defendant in this case, its rejection does not entitle Defendant to attorneys' fees.

As grounds, Plaintiff states:

## MEMORANDUM OF LAW

### A. DEFENDANT HAS NOT DEMONSTRATED THAT PLAINTIFF'S CLAIMS WERE FRIVOLOUS OR MADE IN BAD FAITH

Florida Statute Section 768.79 governs offers of judgment, and Florida Rule of Civil Procedure 1.442 outlines the procedures that a party must follow in making a proposal for settlement, including an offer of judgment. Fla. Stat. § 768.79; Fla. R. Civ. P. 1.442.  Rule 1.442(c) requires that a proposal for settlement state with particularity any relevant conditions so that an offeree can make an informed decision. *Hill v. Allianz Life Ins. Co. of N. Am.*, 2018 WL 3635107, at *9–10 (M.D. Fla. Apr. 12, 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).

Section 769.79 is a substantive law that federal courts must apply in diversity jurisdiction cases and pursuant to supplemental jurisdiction. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007). A sister court concluded that "[w]here the Court has both a federal question and supplemental or diversity jurisdiction over Florida claims, § 768.79 applies only to the Florida claims." *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008). *See also Neira v. Gualtieri*, 2026 WL 764164, at *10 (M.D. Fla. Mar. 18, 2026). According to the court in *Neira*, "[b]ecause section 768.79 is a substantive state law it should be applied to state claims in federal court if its application does not directly conflict with federal law." *Id.* (internal and external

2

citations omitted). And conflicts "can be avoided if the state statute is applied only to state-law claims that are the objects of settlement offers pursuant to section 768.79." *Id.*

Plaintiff contends that Fla. R. Civ. P. 1.442(c)(2)(B) and section 768.79, Florida Statutes, conflict with the remedial purpose of 42 U.S.C. § 1988, to permit fee-shifting for civil rights plaintiffs, and only permit fee-shifting for defendants for frivolous or bad-faith claims. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (prevailing defendant can only recover fees "the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,'" quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978)); *see also Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985) (prevailing defendant in a section 1983 action may be awarded attorney's fees, at the discretion of the District Court, upon a finding that plaintiff's action was frivolous).

To permit Defendant to recover attorneys' fees for state-law claims predicated on action Defendant undertook under color of state law without a finding of bad faith or frivolity would undercut the remedial purpose of the Civil Rights Act and violate Florida law. The Eleventh Circuit agrees that Florida law requires a finding of frivolity or bad faith for state-law claims predicated on civil rights violations. *See Jones*, 494 F.3d at 1311 (Florida Civil Rights Act prevents

3

the recover of attorneys' fees under section 768.79 because Florida courts "have limited the application of § 768.79 in federal civil rights cases under § 1988 to those that are 'frivolous, unreasonable, or without foundation'") (citation omitted).

Because all "Plaintiff's civil rights claims were based on the same set of facts [,] [a]nd these facts—whether brought pursuant to state or federal civil rights statutes—are governed by the same legal standards[,]" "Florida law prevents awards of attorneys' fees, even after an offer of judgment, in state and federal civil rights cases absent a showing of frivolity, …" *Alansari v. Tropic Star Seafood Inc.*, 395 F. App'x 629, 632 (11th Cir. 2010). *See also JES Props., Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1293 (M.D. Fla. 2006) (finding that "[t]o award attorneys' fees under Fla. Stat. § 768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute, would impermissibly substitute the interests of Fla. Stat. § 768.79 for those expressly provided for by the Sherman Act.").

Because Defendant cannot show that Plaintiff's state-law claims were frivolous or made in bad faith—particularly where Plaintiff prevailed on federal claims related to the identical set of facts—Defendant's request for entitlement to fees under Florida's offer of judgment statute should be rejected. And even if Defendant could make such showing, he has forfeited such effort by failing to advance that argument in his motion.

4

### B.  THE OFFER IS INVALID ON ITS FACE

Even if Defendant could pursue his offer in this Court, it is nevertheless invalid for two principal reasons.

First, the offer was also made as to the claims addressed in the initial complaint. (*See* Doc. 131-1 at 1, referencing Doc. 1). At the time the offer was made on September 22, 2023, that complaint was superseded by amendment. (Doc. 11, filed on August 10, 2023). While references to the counts in both complaints are the same, an offer made to resolve claims in a complaint that was superseded and lacking in force or effect is null and void.

Second, Defendant's offer failed to precisely account for whether all damages sought by Plaintiff in the action were implicated.

The Florida Rule of Civil Procedure 1.422, which "applies to all proposals for settlement authorized by Florida law," requires that a proposal "state that the proposal resolves *all damages* that would otherwise be awarded in a final judgment *in the action* in which the proposal is served." Fla. R. Civ. P. 1.442(c)(2)(B) (emphasis supplied).

Here, Defendant's offer did not comply with either Fla. R. Civ. P. 1.442(c)(2)(B) or section 768.79, Florida Statutes. *See Primo v. State Farm Mutual Automobile Insurance Company*, 661 F. App'x 661, 664 n.1 (11th Cir. 2016) (Rule 1.442 is substantive law and applies to whether a party is entitled to fees under

section 768.79). That is, Defendant's PFS was expressly limited to Plaintiff's state-law damages, or, at a minimum, was ambiguous on this issue. (Doc. 131-1 at 1) (Defendant "hereby proposes or offers to settle Count I, Invasion of Privacy Under Florida Law; Count II, Trespass Under Florida Law; Count V, False Arrest/False Imprisonment Under Florida Law"). The PFS stated:

> This proposal or offer is attempting to resolve **only Plaintiff's state law claims against Defendant Chase Gregory in Count I, II, and V of the Complaint**, and all damages that would otherwise be awarded in a final judgment in this action and all claims against Chase Gregory, **associated with Count I, II, and V of the Complaint**, as well as any other claims which Plaintiff might otherwise have or assert against Defendant Chase Gregory, including punitive damages, **relating in any manner to the claims made in Count I, II and V of the Complaint against Defendant Chase Gregory**.

(Doc. 131-1, at 4) (emphasis added).

Breaking this down, the PFS addresses:

- "only Plaintiff's state law claims" in Counts I, II, and V;

- "all damages that would otherwise be awarded in a final judgment in this action and all claims against Chase Gregory, associated with Count I, II, and V of the Complaint";

- "any other claims which Plaintiff might otherwise have or assert against Defendant Chase Gregory, including punitive damages, relating in any manner to the claims made in Count I, II and V."

While the PFS includes phrases like "all damages" and "any other claims," each of these phrases was specifically linked to the state-law claims raised in Counts I, II and V—for invasion of privacy, trespass, and false imprisonment/false arrest, respectively. Thus, the PFS was necessarily limited to state-law claims and damages. Indeed, Defendant was clear and unambiguous that Plaintiff's acceptance of the PFS would not affect his federal claims: "No other claims will be affected by the acceptance of this Proposal for Settlement," except Counts I, II, and V. (Doc. 131-1 at 4).

And all of this makes sense: Defendant knows that he can only address state-law claims to render a valid and effective PFS. But the fact that the PFS did not clearly delineate resolution of all damages in the action—that is Plaintiff would be permitted to proceed in recovering damages against Defendant for his federal claims if he accepted the offer—vitiates its effectiveness. A proper offer would have addressed the state-law claims but offered to resolve all damages in the case, meaning that if Plaintiff accepted the offer, he would clearly and unambiguously agree to forfeit damages for any other claims against Defendant, including his federal claims.

The offer therefore is, at a minimum, ambiguous on whether Plaintiff could continue to pursue damages for his federal claims if he accepted the offer. Such ambiguity as to whether Plaintiff could continue to pursue damages for his federal

claims means that the proposal failed to satisfy the particularity requirement. *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 2019 WL 3214243, at \*2 (M.D. Fla. July 17, 2019) (citing *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 852–53 (Fla. 2016) (noting that only reasonable ambiguities can invalidate a proposal). "Proposals for settlement are intended to end judicial labor, not create more." *TMH Med. Servs., LLC*, 2019 WL 3214243, at \*2 (quoting *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002)). Looking at the entirety of the proposal, *see Allen v. Nunez*, 258 So. 3d 1207, 1217 (Fla. 2018), acceptance would create, at a minimum, ambiguity as to whether Plaintiff could pursue damages for his section 1983 claims against Defendant. Thus, the offer was ineffective and is unenforceable. *OJ Com. LLC v. Kidkraft LP*, 2022 WL 1164627, at \*1 (S.D. Fla. Mar. 17, 2022) (finding an offer unenforceable because it did not resolve all damages in the case, specifically damages for federal claims).

Finally, while Defendant references several state-law cases that suggest he can address fewer than all claims in his PFS, (*see* Doc. 131 at 4, n.1), those cases are from almost two decades ago before the rule was amended in 2013 to require a PFS or offer to address all damages in the action. *See In re Amendments to Fla. R. Civ. P.*, 131 So. 3d 643, 643-44 (Fla. 2013) (deletion of "requirement that the proposal for settlement 'identify *the claim or claims* the proposal is attempting to resolve' and replace it with the requirement that the proposal 'state that [it]

resolves *all damages* that would otherwise be awarded in a final judgment in the action.'") (emphasis added). The "clear intention of th[is] amendment to Rule 1.442(c)(2)(B) was to prevent partial proposals for settlements of actions and to bring the enabling Rule in conformity with the underlying offer of judgment statute." *Harrington v. RoundPoint Mortg. Servicing Corp.*, 2018 WL 4100957, at *5 (M.D. Fla. Aug. 9, 2018), *R&R adopted*, 2018 WL 4094840 (M.D. Fla. Aug. 27, 2018) (citation omitted). Defendant's clear reliance on these cases to convince the Court that his partial or ambiguous offer is valid is inapposite.

## C. THE OFFER WAS NOT MADE IN GOOD FAITH

Finally, the PFS should be rejected because it was not made in good faith. "In determining if an offer was made in good faith [under Fla. Stat. § 768.79], the question to be considered is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability." *JES Props., Inc.*, 432 F. Supp. 2d at 1294. "In cases where only a nominal offer was made," like here, "a reasonable basis exists [for the offer] only where the undisputed record strongly indicates that the defendant had no exposure. A nominal offer should otherwise be stricken." *JAWHBS LLC v. Arevalo*, 2017 WL 11681027, at *5 (S.D. Fla. Mar. 21, 2017) (quoting *General Mech. Corp. v. Williams*, 103 So. 3d 974, 976 (Fla. 1st DCA 2012). The fact that Defendant prevailed on his state-law claims is "meaningless" for the good faith analysis. *See*

9

*Pickett v. R.J. Reynolds Tobacco Co.*, 948 F. Supp. 2d 1314, 1322 (M.D. Fla. 2013). On the other hand, the losing party's good-faith actions and the arguable merit of a legal position by the losing party can justify the Court's exercise of discretion in disallowing fees. *Sherry Mfg. Co. v. Towel King of Fla.*, 822 F.2d 1031, 1034 (11th Cir. 1987).

Here, Defendant made a nominal $100 offer to compromise Plaintiff's state-law claims. To demonstrate good faith, Defendant must show that he essentially had no exposure for the state-law claims. While the Court ruled that Defendant was entitled to sovereign immunity on the state-law claims, the fact that the Eleventh Circuit rejected Defendant's qualified immunity arguments and a federal jury found Defendant liable for federal claims predicated on the same conduct, dispels the notion that Defendant had no exposure for Plaintiff's trespass, invasion of privacy, and false imprisonment claims. Because Plaintiff acted in good faith by bringing these claims and had at least some merit to his argument as to these claims, the Court should, in the event it finds that the PFS is otherwise valid and enforceable, exercise its discretion to disallow Defendant's request for attorneys' fees.

## CONCLUSION

For all these reasons, Plaintiff Terry Dukes, Sr. respectfully requests that the Court deny Defendant Chase Gregory's motion for entitlement to attorney's fees.

10

Dated: July 8, 2026.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
josh@tarjanlawfirm.com

*Attorneys for Plaintiff*

**Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 2,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

11