UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

      Plaintiff,

v.

DEPUTY CHASE GREGORY,

      Defendant.

Case No. 1:23-cv-45-AW-HTC

## PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS

Pursuant to Local Rule 54.2(A), Plaintiff Terry Dukes, Sr. objects to

Defendants Franco Almeida, Tucker Gaffey, and Robert McCallum's Bill of Costs.

(Docs. 129, 130). As grounds, Plaintiff states:

**I.**     **Defendants Almeida and Gaffey are not prevailing parties, and the costs they seek were borne, primarily, after their dismissal.**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal

statute, these rules, or a court order provides otherwise, costs—other than

attorney's fees—should be allowed to the prevailing party." A "prevailing party"

for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered,

regardless of the amount of damages awarded. *Utility Automation 2000, Inc. v.*

*Choctawhatchee Elec. Coop., Inc.,* 298 F.3d 1238, 1248 (11th Cir. 2002); *see also*

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."

"A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). Such occurs when "a party has been awarded by the court at least some relief on the merits of his claim or ... a judicial imprimatur on the change in the legal relationship between the parties.' " *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, 2018 WL 6620314, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Smalbein v. Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

Here, judgment was entered in favor of Plaintiff against Defendant Gregory. (Doc. 124). Sheriff McCallum obtained summary judgment on the sole *Monell* claim directed to him. (Doc. 42). In contrast, Defendants Almeida and Gaffey were dismissed by operation of Rule 15. (Doc. 11). Even if the statute of limitations on any claim against them has been extinguished based on the passage of time (Doc. 130 at 2), there is no doubt that there has been no change in the legal relationship between Plaintiff and Defendants Gaffey and Almeida simply by their dismissal from the lawsuit through the filing of an amended complaint. *Sream*, 2017 WL 3007534, at *2 ("Ordinarily, a dismissal without prejudice is not a 'judgment on the merits' for purposes of declaring a prevailing party because it does not alter the

legal relationship of the parties, as the plaintiff may re-file the case."). Dismissal after the statute of limitations runs may mean a dismissal with prejudice, effectively, but it does not mean that there was an adjudication on the merits. For this reason, the Court should disallow costs as to Gaffey and Almeida.

Even if the Court concluded that Gaffey and Almeida were prevailing parties, Defendants do not explain how any costs were necessarily incurred by them in the case. They cannot in good faith make this argument for most of them, their motion is silent as to the reason why. The reason is that counsel did not pay for almost all these transcripts until after Almeida and Gaffey were dismissed from the lawsuit on August 10, 2023. (*See* Doc. 129-1 at 2 (Almeida and Gaffey transcripts paid on September 21, 2023)); (*see id.* at 6) (Rule 30(b)(6) transcript paid on September 6, 2023)); (*see id.* at 7) (Wilkinson transcript paid on September 6, 2023)). Three transcripts were paid a day or two before the dismissal. (*See id.* at 4 (Murphy and Tummond transcripts paid on August 9, 2023)); (*see id.* at 8) (Gregory transcript paid on August 9, 2023)). While Plaintiff's transcripts were paid for in May and July 2023.

Moreover, for the transcripts paid on August 9, 2023, it is undisputed that Defendants knew on that day that Plaintiff intended to dismiss Gaffey and Almeida from the case. *See* Exhibit 1. They should not be entitled to recover costs for transcripts they paid on the same date.

To the extent the Court determines that Gaffey and Almeida are prevailing parties, they should be limited to taxation of Plaintiff's deposition transcript and sworn statement, with the sums reduced to $1,699.32 based on the arguments below regarding permissible taxable amounts. Further, to the extent all movants are entitled to their costs, Defendants do not seek, nor could they seek, multiple reimbursements for the same transcripts. Thus, should Sheriff McCallum and these defendants be entitled to tax Plaintiff's deposition transcript costs and sworn statement transcript costs, they should be awarded a single amount for such transcripts.

## II.    Defendants concede Gregory is not seeking taxation of costs.

Next, Defendant Gregory should not be entitled to tax costs. While he is listed on the Bill of Costs (Doc. 129) as a prevailing party, Defendants concede he is not one by only addressing entitlement to costs as to Almeida, Gaffey, and Sheriff McCallum in their motion. (*See, generally*, Doc. 130) (indicating that only Almeida, Gaffey and Sheriff McCallum are seeking taxation of costs). Because Defendants do not seek costs for Gregory, the Clerk or Court should not tax any costs in his favor.

To the extent Defendants claim the failure to reference him in their motion is an oversight, the time period with which to have raised the matter has now passed under Rule 54, and even so Gregory prevailing on his state-law claims does not

4

necessarily render him a prevailing party where he lost on factually identical claims at trial. Moreover, Gregory's failure to advance any argument as to why he is a prevailing party dooms any request.

**III.   Defendant McCallum did not necessarily use most of the transcripts for which he seeks costs.**

While Sheriff McCallum prevailed on Plaintiff's *Monell* claim, he seeks taxation of costs for *every* deposition taken in the case in addition to the procurement of a transcript of Plaintiff's audio-recorded sworn statement. (Doc. 129-1 at 1). He claims that the transcripts were necessary and reasonable for his motion for summary judgment, statement of facts, and memorandum of law. (Doc. 130 at 6).

But let's review the facts. A careful review of Sheriff McCallum's summary judgment papers demonstrates that he primarily used excerpts from Lieutenant Tummond's deposition, Undersheriff Beauchamp's deposition, and Deputy Gregory's deposition in support of summary judgment related to his *Monell* claims. (*See* Doc. 28 at 17–26) (motion for summary judgment) (citing Docs. 26-2, 26-3, and 26-8); *see also* Doc. 41 at 14 (reply in support of summary judgment) (citing Doc. 26-3).[1]

---

[1] The only other use of depositions in the motion for summary judgment were single-page references to officer training by Defendants Almeida and Gaffey. (*See* Doc. 28 at 20 (citing Doc. 26-6 at 19 & 26-4 at 101); (*see* Doc. 28 at 21 (citing

Other than the use of three pages on officer training from the depositions of Almeida and Gaffey—information he could have obtained or used from other discovery, such as interrogatory responses or personnel files—Sheriff McCallum never relied on or used any other depositions or sworn statements listed in his bill of costs at summary judgment. Indeed, when considering that the claims against the Sheriff were for his agency's practices and policies regarding warrantless entry. For Plaintiff to succeed, he had to demonstrate a "pattern of similar constitutional violations by untrained employees" because "[w]ithout notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). To show an unconstitutional custom or practice, Plaintiff would be required to show a widespread pattern of conduct "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Plaintiff would need to show a "pattern" with specific facts of other incidents. *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1328 (S.D.

---

Doc. 26-4 at 21)). Sheriff McCallum did not use or reference these excerpts in his reply.

6

Fla. 2018) ("[T]he plaintiff must allege a 'pattern' of excessive force including specific facts of numerous incidents[.]").

So while this case involved deputies' conduct at Plaintiff's home in May 2019, the *Monell* claim touched on broader concepts of agency-wide policies, customs, and practices. And even if the other transcripts—and the fleeting use of Almeida and Gaffey's transcripts—were justified or necessary, it was Sheriff McCallum's burden to demonstrate why these depositions not used at summary judgment were "necessary for use in the case." *Diagnostic Leasing, Inc. v. Associated Indem. Corp.*, 2019 WL 13021017, at * 3 (M.D. Fla. July 23, 2019) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

As for Almeida and Gaffey, while the depositions were minimally used in summary judgment, and while the transcripts briefly touched on their training and the events that occurred at Plaintiff's home, Sheriff McCallum's use of the transcripts was not *necessary* for his arguments at summary judgment. The information he relied on was available elsewhere in discovery and thus the use of three pages of deposition transcripts for a point at summary judgment that would not have affected the outcome should not result in taxation of the entirety of the deposition transcripts for these defendants. And even if it were necessary, Sheriff McCallum failed to fully develop any argument in support of taxation. All he has done is provide an attorney affidavit stating that the depositions were "necessarily

incurred in the defense of this action," (*see* Doc. 129-2), and repeated that assertion in his motion. (Doc. 130 at 6). That is not sufficient. Without explaining how these other depositions were relevant to the *Monell* claims against him, he cannot seek their taxation.

For this reason, Sheriff McCallum should be limited to taxation of transcripts for Undersheriff Beauchamp, Lieutenant Tummond, and Deputy Gregory, as reduced pursuant to section 1920 below.

## IV.    The costs sought are in excess of the amounts permitted by law.

Whether Defendants can recover their costs in part or whole depends on the limitations of section 1920. *W&O*, 213 F.3d at 620.

While Plaintiff objects to Almeida and Gaffey recovering any costs and Sheriff McCallum recovering costs for every single deposition in this case (and Plaintiff's sworn statement), the costs sought here exceed the bounds of section 1920.

That is, not every charge appearing on a court reporter's invoice is taxable. Convenience items such as expedited transcripts, condensed transcripts, summaries, and similar add-ons are generally not recoverable unless the prevailing party shows necessity. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012) (affirming reduction of deposition-related costs incurred for convenience). Here, no defendant makes any showing that any additional or

convenience costs were necessarily incurred in this case. Yet, for the depositions of Lieutenant Tummond, Deputy Murphy, Undersheriff Beauchamp, Detective Wilkinson, Deputy Gregory, and Plaintiff, Defendants ask the Clerk to tax such costs. Also for Plaintiff's sworn statement, Defendants appear to generate a taxable amount for the transcript cost and audio writing time by dividing the court reporter's audio writing time rate by a certain number of hours—as the court reporter billed a flat fee for transcribing eight sworn statements, seven of which were not used by Defendants in the case. Each of these issues is addressed in turn.

<u>Deposition Costs</u>

First, Defendants seek read and sign costs for certain deponents, hyperlinked exhibits for others, and exhibit scanning. Because they have provided no basis for these costs, they should be disallowed, reducing the transcript amounts to:

- Tummond: $445.25 (reducing by $20 for read and sign fees);

- Murphy: $416.00 (reducing by $20 for read and sign fees);

- Beauchamp (Rule 30(b)(6): $471.25 (reducing by $20 for read and sign fees and $64.25 for exhibit scanning and hyperlinking));

- Wilkinson: $260.00 (reducing by $32 for exhibit scanning and hyperlinking);

- Gregory: $1,023.75 (reducing by $20 for read and sign fees and $125 for exhibit scanning and hyperlinking); and

- Plaintiff: $1,551 (reducing by $16 for exhibit scanning and hyperlinking).

Plaintiff's Sworn Statement

Second, Defendants seek taxation of the time to prepare a transcript of Plaintiff's sworn statement. But while they include time allocated specifically to that task, to derive the audio writing time, they essentially reduce the number of time spent on *all* sworn statements in this matter to arrive at a figure. They do not show their work, so to say, and expect the Clerk to trust their math. Because they did not obtain a separate invoice for Plaintiff's transcript, and because they did not provide a basis for the audio writing time as to Plaintiff's transcript specifically (based on how long the tape recording was), those fees should be disallowed. Defendants should be limited to $148.32 for Plaintiff's sworn statement based on the transcript costs specifically delineated for that task.

\*\*\*

In sum, Plaintiff Terry Dukes, Sr., requests that the Clerk or Court reject Defendants Gaffey and Almeida's attempt to tax costs.

As for Sheriff McCallum, he should be limited to costs related to the transcripts for the Rule 30(b)(6) deposition (Beauchamp), Lieutenant Tummond's deposition and Deputy Gregory's deposition, the only ones he necessarily obtained for use at summary judgment with respect to his policies and practices. Reducing the nontaxable convenience fees in the bill of costs, Sheriff McCallum should be

10

limited to $1,940.25 in taxable costs. To the extent Sheriff McCallum can recover costs for Plaintiff's transcripts, he should only be permitted $3,639.55 in costs.

Alternatively, should the Court find that additional transcripts sought were necessarily obtained, the Court should excise convenience costs, as set forth above, as well as audio writing time for Plaintiff's sworn statement.

Dated: July 9, 2026.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
Tel. (404) 458-7283
james@slater.legal

Joshua Tarjan (FBN 107092)
THE TARJAN LAW FIRM P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
josh@tarjanlawfirm.com

*Attorneys for Plaintiff Terry Dukes, Sr.*

11

## **Local Rule 7.1(F) Certification**

Pursuant to Local Rule 7.1(F), I hereby certify that the above document contains fewer than 2,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

12