UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

      Plaintiff,

v.                                     CASE NO. 1:23-cv-45-AW-HTC

CHASE GREGORY,

      Defendant.

_____/

## DEFENDANT GREGORY'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS & MOTION TO TAX COSTS

Pursuant to Northern District of Florida Local Rule 54.2, and Fed.R.Civ.P. 54(d), Defendant Chase Gregory responds to Plaintiff's Bill of Costs and Motion to Tax Costs [Docs.125, 126, & 128] as follows:

**Entitlement to Costs as prevailing party**

Defendant Gregory acknowledges that Plaintiff is the prevailing party on the single claim against Chase Gregory which proceeded to jury trial and that, as such, he is entitled to costs as provided for by 28 U.S.C. §1920.[1] *See Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir. 1984) ("Under Fed.R.Civ.P. 54(d), costs shall be allowed to the prevailing party as a matter of course.").

---

[1] This admission is solely for purposes of this motion at this moment in time and is specifically subject to any subsequent ruling from this Court or an appellate court which may affect Plaintiff's status as the prevailing party.

Plaintiff is **not** the prevailing party as to any other claim or party and his recoverable costs must be limited accordingly. *See, e.g.,* DFs Bill of Costs and Motion to Tax Costs. [Docs.129 & 130].

## Costs set forth in Plaintiff's Amended Bill of Costs [Doc.128]

At the outset, Defendant Gregory brings to the Court's attention the discrepancies between the amounts set forth on page 1 of Plaintiff's Amended Bill of Costs [Doc.128, p.1] seeking a total of $9,656.26:

### BILL OF COSTS

Judgment having been entered in the above entitled action on __June 23, 2026__ against __Defendant Chase Gregory__,
_Date_

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk | $ 402.00 |
| Fees for service of summons and subpoena | 554.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 7,410.25 |
| Fees and disbursements for printing | 1,027.76 |
| Fees for witnesses *(itemize on page two)* | 262.25 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | |
| Docket fees under 28 U.S.C. § 1923 | |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828 | |
| Other costs *(please itemize)* | |
| TOTAL | $ 9,656.26 |

and the Itemized List of Costs on pages 3 and 4 of Document 128 which seek a total of $10,166.01.

A court may only tax costs authorized by statute. *United States EEOC v. W&O Inc.*, 213 F.3d 600, 619 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L. Ed. 2d 385

2

(1987) (rejecting claim that "a federal court is empowered to exceed the limitations explicitly set out in [28 U.S.C.] §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections"), superseded on other grounds, 42 U.S.C. § 1988(c) (1991)).

28 United States Code §1920 allows for the taxation of only six categories of costs:

    (1)   Fees of the clerk and marshal;

    (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)   Fees and disbursements for printing and witnesses;

    (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)   Docket fees under section 1923 of this title;

    (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant Gregory objects to the following expenses sought by Plaintiff in his Amended Bill of Costs [Doc.128]:

3

**<u>Service of Process</u>**

Plaintiff seeks a total of $356.00 (or more) for service of process on all defendants in the case. This falls under 28 U.S.C. §1920(1), fees of the clerk and marshal. *W&O Inc.*, 213 F.3d at 624. As Plaintiff is the prevailing party solely as to the single claim against Chase Gregory, he is entitled only to service as to Chase Gregory. [Doc.128, pp.8-9]. Furthermore, a party is entitled to reimbursement of private process server fees only in an amount not exceeding that charged by the United States Marshal for performing the same service. 20040921 Administrative Order for the Northern District of Florida, *In re: Allowable Items for Taxation of Costs,* ¶2 (N.D. Fla. Sept. 21, 2004). *See also Hamilton v. Sheridan Healthcare, Inc.,* No. 13-62008-CIV-COHN/SELTZER, 2015 U.S. Dist. LEXIS 191801, at *4 (S.D. Fla. Jan. 21, 2015) (citing *W&O, Inc.*). The rate of the Marshal is $65 per hour. *Hamilton,* at *4, 5; and 28 C.F.R. §0.114(a)(3).

The invoice supporting Plaintiff's service of process does not identify the time spent serving the initial process nor any travel or out-of pocket expenses, accordingly the fee should be capped at the Marshal's rate for one hour. *See, e.g., Hamilton,* at *5 (citing Curry v. Montgomery,* No. 07-22899, 2010 U.S. Dist. LEXIS 21102, 2010 WL 883798, at *6 (S.D. Fla. Mar. 9, 2010) (Ungaro, D.J.) (adopting Report and Recommendation of White, M.J.) (where invoices did not reflect time spent by private process servers in serving subpoenas nor

4

any travel or out-of-pocket expenses, service fee for each subpoena capped at the Marshal's rate for one hour)) (quotations omitted).



**SERVICE OF PROCESS**

| | |
|---|---|
| Service of process (Chase Gregory) | $89.00 |
| ~~Service of process (Tanner Almeida)~~ | ~~$89.00~~ |
| ~~Service of process (Tucker Coffey)~~ | ~~$89.00~~ |
| ~~Service of process (Robert McCollum)~~ | ~~$89.00~~ |
| | Subtotal ~~$356.00~~ |

**Total costs allowable:          $65.00**

## Trial Subpoenas

Plaintiff's request for "trial subpoenas" falls under subsection (3) of §1920, fees and disbursements for printing and witnesses.

Tessy Korah was listed by Plaintiff as a "treater/expert." [Doc.79-3, p.1]. She would not have been entitled to any greater fee than any other witness nor any higher award for service of the subpoena on her beyond the $65 of the Marshal. 20040921 Administrative Order for the Northern District of Florida, *In re: Allowable Items for Taxation of Costs,* ¶4 (N.D. Fla. Sept. 21, 2004) ("Expert witness fees in excess of those payable to nonexpert witnesses are not taxable."). *See also Turner v. Charter Sch. United States,* No. 18-24005-CIV-GAYLES/MCALILEY, 2020 U.S. Dist. LEXIS 209997, at *11 (S.D. Fla. Nov. 9, 2020) ("Federal courts may tax expert witness fees in excess of the limit set out in § 1821(b) only when the witness is court appointed."). Moreover, Korah was not deposed and Plaintiff did not call her at trial. He should not recover these

costs. *Regions Bank v. Chi. Title Ins. Co.*, No. 10-CV-80043-RYSKAMP/VITUNAC, 2011 U.S. Dist. LEXIS 165866, at *4-5 (S.D. Fla. Dec. 8, 2011) ("Under section 1920(3), fees for non-party witnesses, including expert witnesses, *who appear in court or for deposition* are taxable as costs at a maximum of $40.00 per day plus travel expenses.") (Emphasis added). Last, Tessy Korah was not a court-appointed expert as allowed for under subsection (6), and no recovery should be had.

As noted above with respect to the cost of service of process, the fee for service of the trial subpoena to witness Pamela Smith must be reduced to $65. *Hamilton,* at *4, 5; 28 C.F.R. §0.114(a)(3); and 20040921 Administrative Order for the Northern District of Florida, *In re: Allowable Items for Taxation of Costs,* ¶4 (N.D. Fla. Sept. 21, 2004).

**TRIAL SUBPOENAS**

| | |
|---|---|
| Trial subpoena fees (Jerry Mongo) | $75.00 |
| Trial subpoena fees (Alvin Robinson) | $75.00 |
| Trial subpoena fees (Pamela Smith) | $55.00 |
| ~~Trial subpoena fees (Tessy Korah)~~ | ~~$57.25~~ |
| ~~Service of trial subpoena (Tessy Korah)~~ | ~~$99.00~~ |
| Service of trial subpoena (Pamela Smith) | $99.00 |

Subtotal: ~~$460.25~~

**Total costs allowable:      $270.00**

**Fees for Printed or Electronically Recorded Transcripts**

28 United States Code §1920(2) provides for a district court to tax costs "for printed or electronically recorded transcripts *necessarily obtained for use in the case.*" The taxation of deposition costs falls within these parameters. *W&O,* 213 F.3d at 620.

Plaintiff is the prevailing party solely as to Chase Gregory. See DF Motion to Tax Costs [Doc.130] and Motion for Entitlement to Attorneys Fees [Doc.131], establishing Sheriff McCallum and Defendants Almeida and Gaffey as the prevailing party as to all other claims. *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314 (11th Cir. 2025) (where one plaintiff sues multiple defendants, there can be more than one prevailing party). Plaintiff cannot recover the cost of depositions associated with his claims against the Sheriff on which he did not succeed or for witnesses who were not called at trial as these were not expenses reasonably or necessarily incurred with respect to the claim against Chase Gregory for which he is entitled to costs.

There can be no question that the depositions of Sheriff McCallum's 30(b)(6) representative and Lieutenant Scott Tummond are *unrelated* to the claims against Deputy Chase Gregory individually. Plaintiff's Notice for the 30(b)6) deposition, attached hereto as Exhibit 1, makes clear that the topics to be discussed related to the Sheriff in his official capacity, not to Chase Gregory individually. Lieutenant Tummond was deposed on three issues primarily:

policies and procedures, training, and internal investigations. [Doc.26-8]. The facts about which these two witnesses had knowledge focused on claims against Sheriff McCallum / the Levy County Sheriff's Department, not on Chase Gregory. Indeed, information sought by Defendant Gregory to be introduced at trial from Lt. Tummond related to police training or the conclusions from the internal investigation were specifically excluded by this Court for the sole claim which was presented to the jury. [Doc.105, p.4].

**FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS**

| | |
|---|---|
| ~~Milestone Reporting Company (30(b)(6) Deposition, Sheriff's Office)~~ | ~~$1,030.00~~ |
| Milestone Reporting Company (Det. Michael Wilkinson Deposition) | $510.00 |
| Milestone Reporting Company (Chase Gregory Deposition) | $1,925.00 |
| Milestone Reporting Company (Franco Almeida Deposition) | $1,082.00 |
| Milestone Reporting Company (Tucker Gaffey Deposition) | $580.50 |
| Milestone Reporting Company (Blake Murphy Deposition) | $576.00 |
| ~~Milestone Reporting Company (Scott Tummond Deposition)~~ | ~~$1,123.50~~ |
| For the Record Reporting Company (Chase Gregory Sworn Statement) | $532.25 |
| Nature Coast Reporting Company (Terry Dukes Deposition) | $561.00 |
| | Subtotal: ~~$7,920.00~~ |

**Total costs allowable:     $5,766.75**

8

**Printing Costs for Trial**

"Printing Costs" are governed by 28 U.S.C. §1920(4) allowing "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiff provides only limited information about the two entries labeled "deposition transcripts and exhibits for trial" stating they were transcripts of witnesses deposed in the case to be used in the event of impeachment. As noted above, some witness testimony was excluded by the court and witnesses deposed early in the case may have had no relevance to the claim at trial. It is impossible to ascertain the identity of the witnesses and Plaintiff fails to meet his burden to demonstrate they were needed for trial. These costs should be disallowed.

**PRINTING COSTS FOR TRIAL**

| | |
|---|---|
| FedEx (Order #2010424952359683) (Kirby Demonstrative) | $125.39 |
| ~~FedEx (Order #2010029520900107) (Deposition transcripts and exhibits)~~ | ~~$481.93~~ |
| ~~FedEx (Order #2010090557110717 (Deposition transcripts and exhibits)~~ | ~~$301.40~~ |
| FedEx (Order #2010110682549540 (trial exhibits) | $51.79 |
| CVS (Order #RFAWXA9K) (trial exhibit photographs) | $67.25 |

Subtotal: ~~$1,027.76~~

**Total costs allowable:        $244.43**

The total of Plaintiff's recoverable costs on his Amended Bill of Costs [Doc.128] should be reduced to **$6,346.18,** in accordance with the costs allowed by statute.

9

## CONCLUSION

Though the Court is afforded great discretion in ascertaining taxable costs, *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir. 1985), this discretion must be exercised within the parameters of 28 U.S.C. §1920, which defines "costs" under Rule 54. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed. 2d 385 (1987), *superseded on other grounds,* 42 U.S.C. § 1988(c) (1991) (*see United States EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)). Taxable costs are generally limited to those items outlined in 28 U.S.C. § 1920. *W&O Inc.,* 213 F.3d at 619.

Plaintiff has not provided appropriate documentation or authority for an award of costs in the categories or as to the itemized costs to which Defendant Gregory has objected herein and such costs should not be allowed.

Respectfully submitted this 14th day of July 2026.

/s/    *Gwendolyn P. Adkins*



Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Scott J. Seagle, Esq.
(FBN: 57158)
gadkins@coppinsmonroe.com
sseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420    Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

/s/ *Gwendolyn P. Adkins*
Attorney

11