UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

    Plaintiff,

v.                                                    CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DETERMINATION
OF ENTITLEMENT TO ATTORNEYS' FEES AND COSTS**

Pursuant to Northern District of Florida Local Rule 54.2, and Fed.R.Civ.P. 54(d), Defendants respond to Plaintiff's Motion for Determination of Entitlement to an Award of Attorneys' Fees and Costs [Docs.127 & 132] as follows:

**A.** **Reasonable attorneys' fees under §1988**

Plaintiff's Motion for Determination of Entitlement to an Award of Attorneys' Fees and Costs acknowledges that he prevailed on a single-count unlawful entry claim against Defendant Gregory at trial. [Doc.127, pp.1-2]. This is the only claim on which he prevailed. Defendants acknowledges that

Plaintiff is the prevailing party as to this single claim.[1] As the prevailing party, Plaintiff seeks unidentified additional expenses and attorneys' fees pursuant to 42 U.S.C. §1988.

Section 1988(b) provides that the Court has the discretion to allow the prevailing party a reasonable attorney's fee as part of the costs. However, a prevailing party's request for fees is neither guaranteed nor unlimited.

To be a prevailing party, one must have received at least some relief on the merits and, most critically, the relief must materially alter the legal relationship between the parties. *Royal Palm Props., Ltd. Liab. Co. v. Pink Palm Props., Ltd. Liab. Co.*, 38 F.4th 1372, 1380 (11th Cir. 2022) (citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)). In some instances, there may not be a prevailing party. *Royal Palm Props.,* 38 F.4th at 1380, 1381 (where each party rebuffed the other's claim and the district court essentially restored the status quo, it is a legal "tie" where it would make no sense to declare a prevailing party."); *see also Star-Brite Distrib. v. Gold Eagle Co.,* No. 14-CV-61841-COHN/SELTZER, 2016 U.S. Dist. LEXIS 137047, at *22 (S.D. Fla. July 14,

---

[1] This admission is solely for purposes of this motion at this moment in time and is specifically subject to any subsequent ruling from this Court or an appellate court which may affect Plaintiff's status as the prevailing party.

2016).  In others, there may be multiple prevailing parties. *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314 (11th Cir. 2025) (where one plaintiff sues multiple defendants, there can be more than one prevailing party).

The objectives of a plaintiff and defendant are different. "A party defending a claim [ ] has fulfilled its primary objective whenever the plaintiff's challenge is rebuffed." *Royal Palm Props.*, 38 F.4th at 1381 (cleaned up). While a jury award may have materially altered the legal relationship between the parties for the single claim that went to trial thus rendering Plaintiff a prevailing party on that claim, the history of the case and the defeat by the Defendants of the numerous other claims brought by Plaintiff must be considered. They too are prevailing parties as to all other claims.

In March 2023, Plaintiff Terry Dukes, Senior, filed a Complaint against the above-named Defendants alleging separate claims related to an incident that occurred on May 25, 2019. [Doc.1]. Plaintiff voluntarily dismissed the claims against Defendants Almeida and Gaffey by filing an Amended Complaint in August 2023 which did not include them as Defendants. [Doc.11]. This was months after the statute of limitations ran and the dropping of the claims acted as a dismissal with prejudice. *See Ctr. for Individual Rights v. Chevaldina*, No. 21-13453, 2022 U.S. App. LEXIS 26869, at *12 (11th Cir. Sep. 26, 2022) ("When a court dismisses a suit without prejudice, and the applicable statute of limitations bars further litigation, we typically review the dismissal

3

as if it were made with prejudice. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).").

The Amended Complaint brought two claims against Defendant Sheriff McCallum. [Doc.11]. Defendant McCallum moved for summary judgment as to all claims against him and this Court granted said motion. [Docs.28 & 42].

Despite receiving a favorable judgment on Count III, this count was only one of five claims brought by Plaintiff against Defendant Gregory. And the award to Plaintiff on the single claim was less than 20% of the total hard economic damages requested for that claim.[2] When accounting for all claims against all defendants, Plaintiff's verdict on one claim is not a "virtual tie" under *Royal Palm* where the plaintiff prevailed on four claims and the defendant on the other four, it is a virtual defeat of Plaintiff, receiving less than 20% of his request on 20% (one out of five) of his claims. Plaintiff's lack of overall success weighs against finding he is entitled to a fee. This Court should exercise its discretion to deny attorneys' fees to Plaintiff. Alternatively, at a minimum, the Court should consider Plaintiff's lack of overall success as a factor in determining the size of a reasonable fee. *See, e.g., Tartaglia v. Big Apple Consulting USA, Inc.,* No. 6:09-cv-591-Orl-28DAB, 2011 U.S. Dist.

---

[2] Total past loss of income/earning capacity: $196,433 [Dr. Kristi Kirby]. $32,619 [Verdict, Doc.121].

4

LEXIS 150218, at *12-13 (M.D. Fla. Nov. 22, 2011) ("Defendant is correct that the degree of Plaintiff's success in relation to the overall goals of his lawsuit should be considered as factor in the determination of the size of a reasonable fee.").

Should the Court decide in its discretion to award fees to Plaintiff, it should award solely the fees related to the claim for which Plaintiff prevailed with Plaintiff distinguishing between the claims. *See, e.g., Derhem v. Bay House Mia. Condo. Ass'n*, No. 20-22318-Civ-WILLIAMS/TORRES, 2025 U.S. Dist. LEXIS 145889, at *12-13 (S.D. Fla. July 30, 2025) (While there may exist overlap between [counts], we do not find that the substance of each of the claims are so intertwined that Mr. Brumsted must recover for all claims." The court noted that some claims were brought under federal law, which had an independent statutory authority for a fee award and required a distinct evidentiary framework.). . It is further noted that Plaintiff did not prevail on all issues on appeal which should be an additional factor for consideration.

## B. <u>Reasonable expenses under §1988</u>

Plaintiff states that he has sought costs under §1920 but that he intends to seek additional expenses under §1988 to include "ancillary court reporter fees, travel time, lodging, food expenses, parking costs, additional photocopying charges to the extent not taxable under § 1920, printing and binding costs for appellate matters, and other expenses necessarily incurred

for this case." While it is acknowledged that §1988 allows for the recovery of additional expenses beyond those set forth in 28 U.S.C. §1920, without more, Defendants cannot concede or object further to unknown claims for expenses. Defendants reserve the right to object once specifics are presented by Plaintiff as to the nature and need for specific expenses

## CONCLUSION

Though the Court is afforded discretion in making a determination to award fees, the lack of overall recovery must be considered when determining entitlement to fees initially and when considering a reasonable award. After all, Defendants fulfilled their primary objective when they successfully defended four of five claims brought by Plaintiff and his claim for damages on the fifth claim was largely rebuffed.

Respectfully submitted this 14th day of July 2026.

*/s/    Gwendolyn P. Adkins*



Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Scott J. Seagle, Esq.
(FBN: 57158)
gadkins@coppinsmonroe.com
sseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Gwendolyn P. Adkins*
Attorney