UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY DUKES, SR.,

     Plaintiff,

v.                                      CASE NO. 1:23-cv-45-AW-HTC

ROBERT B. MCCALLUM JR., ET AL.,

     Defendants.

_____/

**DEFENDANT GREGORY'S RULE 50(b) MOTION
FOR JUDGMENT AS A MATTER OF LAW
and <u>RULE 59 MOTION FOR NEW TRIAL</u>**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Defendant Chase Gregory hereby moves this Court for entry of judgment as a matter of law based on his defense of qualified immunity. Alternatively, pursuant to Rule 59, Defendant Gregory moves for a new trial on the grounds that the jury instructions were not accurate and that he was denied any opportunity to have they jury answer special interrogatories which would bear on his entitlement to qualified immunity. As grounds for this motion, Defendant Gregory states:

1.     On June 8, 2026, Plaintiff Terry Dukes, Senior, proceeded to trial against Chase Gregory, individually, on a single claim of unlawful entry under the Fourth Amendment.

2.      The jury returned a verdict in favor of Plaintiff by answering this question on the Verdict form:

**Do you unanimously find from a preponderance of the evidence:**

1.  That Mr. Dukes has proved his claim?

Answer Yes or No ____Yes____

[Doc.121].

3.      The question the jury was answering, as explained in the Jury Instructions, was whether Deputy Gregory unlawfully entered Mr. Dukes's home. [Doc.116, p.3]. The jury was further instructed that the question was "only whether a reasonable *person* in Deputy Gregory's situation would have understood there to be consent to enter the home." [Doc.116, p.4]. The reasonable *person* standard may be the determining factor for whether consent existed. It is *not,* however, the standard for qualified immunity which instead requires the perspective of a reasonable *officer* on the scene. See, e.g., *Edwards v. Grubbs,* Nos. 24-12787, 24-12925, 2026 U.S. App. LEXIS 19147, at *13, 14 (11th Cir. June 30, 2026) (applying reasonableness in context of excessive force).

4.      Since the inception of the case, Deputy Gregory has raised the defense of qualified immunity. [Docs. 5, 12, 28, 44, 45, 79, 80, 81, 90, 100, 111, appeal]. This defense is "conceptually distinct from the merits of the plaintiff's

2

claim that his rights have been violated." *Simmons v. Bradshaw*, 879 F.3d 1157, 1162-63 (11th Cir. 2018).

5.     At every opportunity during the three pretrial conferences held before this Court (May 26, May 29, and June 4, 2026 – Docs.88, 94, and 97) – indeed likely to the exhaustion of the Court, Deputy Gregory raised the issue of qualified immunity, arguing the evidence which should be admitted as relevant to law enforcement training on implied consent, and requesting instructions and special interrogatories to address the issue. [See also Docs. 80, 81, 90].

6.     Following the pretrial conferences, multiple additional requests were made for instructions and special interrogatories to address the issue of qualified immunity. [Docs.100, 111]. All requests made by Defendant to include evidence related to law enforcement training on the issue of implied consent and to address the issue of qualified immunity in any way were denied.

7.     At trial, following the close of Plaintiff's case and again at the close of all the evidence, Deputy Gregory moved for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a) on the issue of qualified immunity. [Docs.137, 138]. On both occasions, this Court denied the motion.

8.     At trial, requests for jury instructions and special interrogatories to address the issue of qualified immunity were repeated during charge conferences. All requests were denied.

9.      Post-verdict, under Federal Rule of Civil Procedure 50(b), Deputy Gregory again renews his Motion for Judgment as a Matter of Law on the issue of qualified immunity as there was no evidence presented at trial to demonstrate that no reasonable officer could have believed that Dukes's actions communicated consent. The question before this Court is once again whether the evidence is legally sufficient to find for Plaintiff on this issue. *See, e.g., McGinnis v. Am. Home Mortg. Servicing, Inc.,* 817 F.3d 1241, 1260-61 (11th Cir. 2016).

10.     The jury finding that Dukes's actions on May 25, 2019, did not convey consent to enter his home is a wholly separate question from the question critical to the issue of qualified immunity, i.e. whether any reasonable officer *could have believed* his actions conveyed consent under the totality of the circumstances.

11.     On this issue, there was no evidence presented at trial, period. Accordingly, it is impossible for there to have been evidence *sufficient* for a jury to find that no reasonable officer could have believed Dukes's actions communicated consent. Such instructions were not given and such a question was not posed.

12.     Deputy Gregory renews his Motion for Judgment as a Matter of Law as he is entitled to qualified immunity. Even if a constitutional violation occurred on May 25, 2019, there has been no evidence presented to

demonstrate that *no reasonable officer could have believed* that he had consent to enter Mr. Dukes's home. Accordingly, Plaintiff has failed to defeat Deputy Gregory's qualified immunity defense and Deputy Gregory is entitled to judgment in his favor as a matter of law.

13.   In granting a renewed motion under Rule 50(b), this Court must also rule on any motion for a new trial. Federal Rule of Civil Procedure 50(c)(1). Deputy Gregory also moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a).

14.   As noted above, Deputy Gregory has asserted his entitlement to qualified immunity throughout this case. "For qualified immunity, a defendant is entitled to have any evidentiary disputes upon which the qualified immunity defense turns decided by the jury so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense." *Edwards,* Nos. 24-12787, 24-12925, 2026 U.S. App. LEXIS 19147, at *10 (cleaned up) (citation omitted).

15.   Yet, at trial, Deputy Gregory was not permitted to present any evidence, instruct the jury, or question the jury as to the particulars that would subsequently allow this Court to rule on the legal issue of qualified immunity.

16.   The rejection of Deputy Gregory's requested instructions, verdict form, and special interrogatories resulted in a trial that was unfair to Deputy Gregory and warrants a new trial under Rule 59. *See Subsea Marine Servs. v.*

5

*Sint Maarten Int'l Telecomms. Servs.*, No. 24-14016-CIV-CAN, 2026 U.S. Dist. LEXIS 111162, at *6 (S.D. Fla. Mar. 27, 2026) ("A party may move for a new trial on a number of bases, including that [ ] the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.") (cleaned up) (citing *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940)).

17.    Plaintiff did not challenge that Deputy Gregory was acting under color of law and in the course and scope of his duties when the allegedly wrongful act occurred.

18.    The Fourth Amendment requires reasonableness. For qualified immunity, this reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Edwards,* 2026 U.S. App. LEXIS 19147, at *13, 14 (applying reasonableness in context of excessive force).

19.    The question presented the jury regarding whether a Fourth Amendment violation occurred solely addressed the question from the standpoint of a reasonable *person,* not a reasonable *officer.*

20.    In a previous appeal, the Eleventh Circuit determined that the law regarding consent to enter one's home was clearly established. However, at no

time did the Eleventh Circuit Court of Appeals or this Court use a reasonable *officer* standpoint to analyze Deputy Gregory's claim for qualified immunity.

21.    Qualified immunity provides complete protection for government officials allowing them to carry out their discretionary duties without the fear of personal liability or harassing litigation. Qualified immunity has been wrongly denied to Deputy Gregory.

WHEREFORE, Deputy Gregory moves this Court:

a) For Judgment as a Matter of Law on the grounds that there was no evidence on which a jury (or this Court) could find that no reasonable officer in Deputy Gregory's situation could have believed that Mr. Dukes's actions communicated consent to enter his residence; or, alternatively,

b) For a new trial as he was erroneously denied the opportunity to present evidence, instruct the jury, and inquire of the jury related to a reasonable officer's perspective such that this Court could make a subsequent determination regarding qualified immunity as a matter of law.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(E), Deputy Gregory offers the following memorandum of law in support of his motion.

Rule 50(b) Motion for Judgment as a Matter of Law

Post-verdict, pursuant to Federal Rule of Civil Procedure 50(b), Deputy Gregory again renews his Motion for Judgment as a Matter of Law on the issue of qualified immunity.

Because all previous determinations of the qualified immunity issue were based upon assumptions that construed all facts in the light most favorable to Plaintiff, the analysis must be conducted anew following trial and the jury's specific factual determinations. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996) ("[A] defendant who does not win summary judgment on qualified immunity grounds may yet prevail on those grounds at or after trial on a motion for a judgment as a matter of law."); *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002) ("a defendant is entitled to have any evidentiary disputes upon which the qualified immunity defense turns decided by the jury so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense.").

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly

8

established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (cleaned up).

Where, as here, there is no dispute that Deputy Gregory was acting under color of law, the burden is on Plaintiff "to show: (1) that the ... official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Fuqua v. Turner*, 996 F.3d 1140, 1149 (11th Cir. 2021) (cleaned up).

On Gregory's interlocutory appeal on the issue of qualified immunity, the Eleventh Circuit panel determined that "*construing all facts in favor of Dukes,* [ ] Gregory's entry violated Dukes's clearly established Fourth Amendment rights." *Dukes v. Sheriff of Levy Cty.*, 155 F.4th 1291 (11th Cir. 2025) [Doc.54, p.4] (cleaned up, emphasis added). It also recognized that when an official moves for judgment based on qualified immunity, the determination has two parts, the second of which is "whether a reasonable public official *could have believed* that the questioned conduct was lawful under clearly established law." [Doc.54, p.8 (emphasis added) (citing *Koch v.*

9

*Rugg,* 221 F.3d 1283, 1295 (11th Cir. 2000)].

The appellate court found it clearly established that:

- "The Fourth Amendment prohibits warrantless entry into a home without either an exigency justifying entry or consent to enter. *Bashir v. Rockdale County*, 445 F.3d 1323, 1328 (11th Cir. 2006)." [Doc.54, p.9].

- "[A] resident's decision to open a door in response to an officer's knock does not by itself give an officer permission to enter a home. *See McClish*, 483 F.3d at 1247–49. [Doc.54, p.12].

- "And we said that *Gonzalez* clearly established a reasonable officer in the defendant officer's position could not infer consent from Bashir's conduct. *Id.* at 1331. That was so, we concluded, because the officer neither asked Bashir for permission to enter nor received an invitation to come inside." [Doc.54, p.14 (cleaned up)].

Deputy Gregory does not dispute this law. However, as the Eleventh Circuit reconfirmed last month in *Edwards,* 2026 U.S. App. LEXIS 19147, at *13, 14, for qualified immunity, the Fourth Amendment's "reasonableness must be judged from the perspective of a reasonable *officer* on the scene." (Emphasis added). Deputy Gregory has never been afforded that perspective.

The Eleventh Circuit's decision turned on facts in the light most favorable to Dukes.[1] It did not take into consideration the meaningful communication that had already occurred on scene and that was *known to*

---

[1] "Viewed in the light most favorable to <u>*Dukes,*</u> we conclude that a reasonable jury could find that Dukes never consented, either explicitly or implicitly, to Officer Gregory entering his home." [Doc.54, p.11 (Emphasis added)].

*Gregory* – the knock and announce, the verbal response, the opening of the door in temporal response, the leaving the door open, the retreat inside the home, the lack of any show of force. It is true that the Eleventh Circuit credited the knock and announce, but it did so only from Dukes's point of view noting that he was hard of hearing, did not hear the announcement, and did not know that police officers were outside in the dark. Moreover, the Eleventh Circuit focused on what Dukes thought – that his son was home. [Doc.54, p.11]. If Dukes was hard of hearing and did not hear the announcement, if Dukes *thought* that his son was home, these are facts which were not, *and could not have been,* known to Deputy Gregory.

It is Plaintiff's burden – not Gregory's – to demonstrate that *no reasonable officer* could have believed his actions were lawful under the circumstances. No such evidence has ever been presented. Indeed, this Court did not allow testimony on the way law enforcement officers – and Gregory specifically – are trained on implied consent and nonverbal cues. This Court did not allow evidence on what other public officials may have interpreted from the totality of the circumstances or believed as to the lawfulness of their actions.

It is true that Deputy Gregory did not verbally request permission to enter. It is true that Dukes did not explicitly invite Gregory to enter. But there

11

is caselaw instructing law enforcement officers that explicit verbal consent is not required and that body language, such as "yielding the right-of-way," may provide implied consent. *United States v. Ramirez-Chilel,* 289 F.3d 744, 752 (11th Cir. 2002); *Holmes v. Kucynda,* 321 F.3d 1069 (11th Cir. 2003) (overt physical act was sufficient to reasonably infer consent had been given); *Gill as Next Friend of K.C.R. v. Judd,* 941 F.3d 504, 525 (11th Cir. 2019) (consent *may be implied* from the resident's conduct declining to recognize a distinction between an explicit request to enter versus an announcement), and *Fuqua v. Turner,* 996 F.3d 1140, 1153 (11th Cir. 2021) ("some affirmative indication, *even if non-verbal,* that the officers are welcome to enter may be enough") (emphasis added).

The jury concluded that Deputy Gregory violated Plaintiff's Fourth Amendment rights. Implicitly, the jury determined that Dukes's actions did not constitute consent. However, this does not answer the question of whether Deputy Gregory is entitled to qualified immunity. Despite a finding of a Fourth Amendment violation, Deputy Gregory is nonetheless entitled to qualified immunity to the extent that the specific ground(s) upon which the jury's determination rested were not "clearly established." And there is no basis to know the grounds upon which the jury made its determination. There were no factual determinations submitted to the jury which would allow this

12

Court to answer the second question of "whether a reasonable public official *could have believed* that the questioned conduct was lawful under clearly established law." [Doc.54, p.8 (citing *Koch v. Rugg,* 221 F.3d 1283, 1295 (11th Cir. 2000)].

Plaintiff has never offered evidence that, and the jury was never asked whether, "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up). Without such proof, Deputy Gregory is entitled to qualified immunity. To deny qualified immunity in these circumstances, would be to ignore the Supreme Court's longstanding admonishment "that clearly established law should not be defined at a high level of generality," but must be particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quotation omitted). *Id*. (quotation omitted)."

As there was no evidence presented at trial to demonstrate that no reasonable officer could have believed that Dukes's actions communicated consent under the circumstances, the only finding that can be made is that the evidence was legally *insufficient* to find for Plaintiff on Deputy Gregory's claim of qualified immunity. *See, e.g., McGinnis v. Am. Home Mortg. Servicing, Inc.,* 817 F.3d 1241, 1260-61 (11th Cir. 2016). Deputy Gregory is entitled to judgment as a matter of law in his favor.

Rule 59 Motion for New Trial

In considering a renewed motion under Rule 50(b), this Court must also rule on any motion for a new trial. Federal Rule of Civil Procedure 50(c)(1). In addition to his Motion for Judgment as a Matter of Law, Deputy Gregory also moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a).

Deputy Gregory has asserted his entitlement to qualified immunity repeatedly at every stage of this case. Yet, at trial, he was not permitted to present any evidence, instruct the jury, or question the jury as to the particulars that would subsequently allow this Court to rule on the legal issue of qualified immunity. *Subsea Marine Servs. v. Sint Maarten Int'l Telecomms. Servs.*, No. 24-14016-CIV-CAN, 2026 U.S. Dist. LEXIS 111162, at *6 (S.D. Fla. Mar. 27, 2026) ("A party may move for a new trial on a number of bases, including that [ ] the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.") (cleaned up) (citing *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940)). The denial of Deputy Gregory's multiple requests for evidence, instruction, and special interrogatories related to qualified immunity rendered the trial unfair to him.

Federal Rule of Civil Procedure 59(a)(1) provides in relevant part:

14

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

The Eleventh Circuit has previously granted a new trial to a deputy on the finding that an erroneous jury instruction deprived him of his defense of qualified immunity. *See, e.g., Simmons,* 879 F.3d at 1160. A motion for a new trial may be brought on "various grounds, including[] erroneous jury instructions." *Id.* at 1161.

> For qualified immunity, a defendant is entitled to have any evidentiary disputes upon which the qualified immunity defense turns decided by the jury so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense. When the case goes to trial, the jury itself decides the issues of historical fact that are determinative of the qualified immunity defense, but the jury does not apply the law relating to qualified immunity to those historical facts it finds; that is the court's duty.

*Edwards,* Nos. 24-12787, 24-12925, 2026 U.S. App. LEXIS 19147, at *10-11 (internal quotations and citations omitted).

In *Simmons v. Bradshaw,* 879 F.3d 1157, 1160 (11th Cir. 2018), Deputy Lin asserted his entitlement to qualified immunity at the outset of the case. The district court denied him qualified immunity at the summary judgment stage and he took an interlocutory appeal. The Eleventh Circuit affirmed the denial at that stage of the proceedings agreeing with the district court that a

15

jury could find that the force was excessive. *Id.* at 1161. The jury returned a verdict finding the deputy's use of force excessive and awarding damages. Deputy Lin challenged the post-trial denial of his motion for a new trial contending two jury instructions were erroneous, one of which related to his qualified immunity defense, and challenging "the district court's denial of his request for a jury instruction that an officer's actions must be viewed from the perspective of a reasonable officer on the scene, and not with 20/20 hindsight vision." *Id.* at 1161.

The Eleventh Circuit Court of Appeals found the *Simmons* district court abused its discretion by not granting the deputy's motion for a new trial. The district court's improper belief [2] that the jury instruction properly covered both excessive force and qualified immunity, did not "answer the qualified immunity question, which must be considered and resolved by the court as a legal issue." *Simmons,* at 1167. The instruction was erroneous where "there was no room for the jury to find that Deputy Lin used excessive force and also the district court to decide that he was entitled to qualified immunity." *Id.*

In the case at bar, the jury instructions, Verdict Form, and lack of special interrogatories were erroneous as they failed to provide any opportunity for

---

[2] The district court wrote, "[i]n light of the jury instructions given in this case—which the jury is presumed to have understood and followed—the jury's verdict reflects an implicit finding that Deputy Lin did not commit an objectively reasonable mistake when he shot Dontrell Stephens." *Simmons,* 1167.

the qualified immunity issue to be considered for Deputy Gregory. Relevant

instructions provided in this case are as follows:

> There is a single claim in this case. Mr. Dukes claims that Deputy Gregory, while acting under color of law, unlawfully entered Mr. Dukes's home. Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to an unreasonable entry into one's home or dwelling. A warrantless entry is generally unreasonable. But there are certain exceptions to this general rule. One exception (and the only one relevant in this case) is entry based on consent. If a person in lawful possession of a home invites or consents to entry, law enforcement officers may lawfully enter the home.
>
> The parties have agreed that Deputy Gregory did not have a warrant, so you must accept that as a proven fact. The parties also agree that Mr. Dukes had lawful possession of the home, such that he was authorized to consent. The issue is whether there was consent.
>
> To succeed on his claim, Mr. Dukes must prove each of the following facts by a preponderance of the evidence:
>
> > First: That Deputy Gregory's entry was without consent;
> >
> > Second: That Deputy Gregory's entry caused Mr. Dukes's injury; and
> >
> > Third: That Deputy Gregory acted under color of law. (The parties have agreed that Deputy Gregory acted under color of law, so you should accept that as a proven fact.)
>
> Whether consent has been given is determined based on the totality of all the circumstances known to Deputy Gregory at the time. This is an objective inquiry, and the question is what the typical reasonable **person** would have understood based on all the circumstances. Consent may be implied by non-verbal physical conduct. However, consent cannot be implied solely from an occupant's decision to answer the door. Nor can it be implied solely based on an occupant's failure to object to entry. You may

17

> nonetheless consider these facts as you evaluate the totality of all the circumstances.
>
> There is no issue here about the scope of any consent given. In other words, the question is only whether a reasonable **person** in Deputy Gregory's situation would have understood there to be consent to enter the home. There is no separate issue about whether, if there was consent to enter the home, there was also consent to remain in the home or enter the bedroom.

[Doc.116, p.3-4]. These instructions, while perhaps an accurate statement of the law as to whether a Fourth Amendment violation occurred, fail to separate the conceptually distinct question of qualified immunity from the merits of Plaintiff's claim that his rights were violated. No instructions were provided that addressed Deputy Gregory's claim for qualified immunity.

This error was not cured, but rather exacerbated, by the Verdict Form which asked only one question related to liability, effectively, "Did Plaintiff prove his claim?" Despite repeated requests from Deputy Gregory, there were no special interrogatories submitted to the jury which would allow this Court to make a legal determination as to Deputy Gregory's entitlement to qualified immunity. *See, e.g., Simmons,* 879 F.3d at 1167 (citing *Johnson,* 280 F.3d at 1321 ("[T]he existence of a valid Fourth Amendment excessive force claim is not inconsistent with qualified immunity."); *Saucier,* 533 U.S. at 197 ("[T]he ruling on qualified immunity requires an analysis not susceptible of fusion with the question whether unreasonable force was used . . . .")).

When we "examine the challenged instructions as part of the entire charge, in light of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues," the only conclusion which can be reached is that Deputy Gregory was deprived of a fair trial. Once the case was submitted to the jury, within the first hour, the jury wrote two telling questions to the Court regarding the law on implied consent and verbal confirmation.[3] [Doc.117]. The instructions given the jury, the Verdict form which does not differentiate between Plaintiff's claim and Deputy Gregory's defense, and the particular questions posed by the jury, can leave no doubt that the jury was not properly guided in its deliberations. *Simmons,* 879 F.3d at 1162 (If the instructions do not accurately reflect the law and "do not correctly instruct the jury so that we are 'left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations,'" then "we will reverse and order a new trial."). This Court should grant Deputy Gregory's Rule 59 Motion for a New Trial.

This Court recognized at the summary judgment stage that there were factual issues to be determined which precluded summary judgment. [Doc.42,

---

[3] Deputy Gregory has refrained from stating the specific questions here given that they are sealed on the Court docket. However, he will gladly supplement this Motion should the Court deem it appropriate to state them.

pp. 7, 9]. It also recognized Plaintiff's burden to "show that the circumstances are sufficiently clear that every reasonable officer would have understood he was not consenting to entry. *See Fuqua v. Turner*, 996 F.3d 1140, 1150 (11th Cir. 2021)." [Doc.42, p.9 (internal quotations omitted)]. Despite these recognitions, and despite multiple requests for special interrogatories through motions, pretrial conferences, and requests at trial, this Court denied all attempts by Deputy Gregory to avail himself of the defense to which he is entitled.

> Because a public official who is put to trial is entitled to have the true facts underlying his **qualified immunity** defense decided, a timely request for jury interrogatories directed toward such factual issues should be granted. *Denial of such a request would be error, because it would deprive the defendant who is forced to trial of his right to have the factual issues underlying his defense decided by the jury.*

*Simmons,* 879 F.3d at 1164 (emphasis added). The *Simmons* court further determined:

> Because of these errors, Deputy Lin was not afforded the opportunity to have his claimed defense of qualified immunity determined by the court, as he was entitled to have. Furthermore, the errors were not harmless because this is not a case in which the jury verdict itself, viewed in the light of the jury instructions, and any interrogatories that were answered by the jury, indicate without doubt what the answers to the refused interrogatories would have been, or make the answers to the refused interrogatories irrelevant to the qualified immunity defense. Because the jury instructions did not accurately reflect the law, and moreover because Deputy Lin was improperly deprived of the opportunity to have his defense of qualified immunity considered by the district court, it was an

20

abuse of discretion for the district court to have denied Deputy Lin's motion for a new trial. Accordingly, we will reverse and order a new trial.

*Simmons*, 879 F.3d at 1165-67 (cleaned up, internal quotations and citations omitted).

For the same reasons, Deputy Gregory is entitled to a new trial. He has not been afforded the opportunity to have his defense of qualified immunity determined by the Court. The instructions did not reflect the law, no interrogatories were submitted to the jury, and the verdict itself does not indicate what the answers to the refused interrogatories would have been or otherwise make them irrelevant to the qualified immunity defense.

## CONCLUSION

Plaintiff has not met his burden of demonstrating that no reasonable officer in the same circumstances as Deputy Gregory could have believed Dukes's actions under the totality of the circumstances implied consent to enter the home. As such, Deputy Gregory is entitled to qualified immunity and judgment as a matter of law in his favor pursuant to Federal Rule of Civil Procedure 50(b). Alternatively, Deputy Gregory is entitled to a new trial under Federal Rule of Civil Procedure 59 as the jury instructions, verdict form, and absence of special interrogatories, and denial of his request to present evidence

21

related to a reasonable officer's understanding failed to provide him with a fair trial.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), Northern District of Florida, the undersigned counsel for Defendant Gregory conferred with Plaintiff's counsel James Slater in a good faith effort to resolve this issue prior to the filing of the Motion. Plaintiff objects to the relief requested herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned certifies that the foregoing Motion and Memorandum of Law comply with Local Rule 7.1(F) because they contain less 6,000 words combined.

Respectfully submitted this 21st day of July 2026.

*/s/ Gwendolyn P. Adkins*



Gwendolyn P. Adkins, Esq.
(FBN: 949566)
Scott J. Seagle, Esq.
(FBN: 57158)
gadkins@coppinsmonroe.com
sseagle@coppinsmonroe.com
kflemming@coppinsmonroe.com
kwillis@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420    Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT
CHASE GREGORY, individually

23

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Gwendolyn P. Adkins*
Attorney