**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**TERRY DUKES, SR.,**

**Plaintiff,**

**v.** **Case No. 1:23-cv-45-AW-HTC**

**ROBERT McCALLUM, JR., in his official capacity as Sheriff of Levy County, et al.,**

**Defendants.**

_________________________________/

**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL**

A jury returned a verdict in favor of Plaintiff Terry Dukes on his Fourth Amendment claim against Defendant Chase Gregory. ECF No. 121. Dukes claimed that Gregory violated the Fourth Amendment by entering his home without a warrant and without consent. The parties agreed the entry was warrantless and that no other exception applied, so the jury's inquiry was all about consent. Gregory now moves for judgment as a matter of law or, alternatively, a new trial. ECF No. 140. The motion is denied as to both requests.

**I.**

Gregory first argues he is entitled to judgment as a matter of law based on qualified immunity. He acknowledges that "the jury determined that Dukes's actions did not constitute consent." ECF No. 140 at 12. And he acknowledges the jury was

instructed that consent was to be evaluated objectively and that "the question is only whether a reasonable person in Deputy Gregory's situation would have understood there to be consent to enter the home." ECF No. 116 at 4. Still, in Gregory's view, Dukes failed to present evidence that no reasonable *officer* could have believed that Dukes consented to the entry.

Gregory's argument boils down to his contention—often repeated in this case—that, under the exact same set of circumstances, an *officer* might be reasonable in believing he had consent to enter a home (and accordingly entitled to qualified immunity) even if a reasonable non-officer would believe otherwise. Gregory has never supported this argument with any legal authority, other than cases using the term "reasonable officer" instead of "reasonable person." It is true that courts use both terms in Fourth Amendment cases. *See, e.g.*, *United States v. Estadella*, 167 F.4th 1163, 1176 (11th Cir. 2026) ("The permissible reach of a consent search is limited by the scope of the given consent, as understood by a reasonable person."); *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) ("We conclude, therefore, that a reasonable officer in Collier's position could have believed he had Fuqua's effective consent to enter The Pig to conduct an inspection."). But Gregory points to nothing showing these differences to be significant. He points to nothing suggesting that the Fourth Amendment allows a law enforcement officer to enter based on consent in a circumstance in which a reasonable person would find no consent. *Cf.*

*Florida v. Jardines*, 569 U.S. 1, 8 (2013) ("[A] police officer not armed with a warrant may approach a home and knock, *precisely because that is no more than any private citizen might do*." (marks omitted) (emphasis added)); *Florida v. Jimeno*, 500 U.S. 248, 251 (1991) ("The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?").[1]

The jury here was asked "whether a reasonable person in Deputy Gregory's situation would have understood there to be consent to enter the home." ECF No. 116 at 4. It found he would not. And there was evidence on which a reasonable jury could reach that conclusion.

At this stage, I must view the evidence in the light most favorable to Dukes. *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1290 (11th Cir. 2000). The evidence viewed in that light makes the post-trial qualified immunity analysis virtually identical to the analysis at summary judgment. There was evidence that

[1] Gregory misquotes *Edwards v. Grubbs*, 179 F.4th 909, 924 (11th Cir. 2026), to say "'reasonableness' must be judged from the perspective of a reasonable *officer* on the scene." ECF No. 140 at 10 (misquoting *Edwards*, 179 F.4th at 924 (emphasis in motion)). That was an excessive-force issue, and the complete quote was, "The 'reasonableness' *of a particular use of force* must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Edwards*, 179 F.4th at 924 (emphasis added) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The case was not about consent.

Dukes opened his door in response to loud knocking and then turned around and walked away. There was evidence that he had no verbal communication with Gregory. (Gregory testified that before the door opened, he heard some mumbling he could not make out but that no words were exchanged before entry.) Plus, there was evidence that Gregory never saw more of Dukes than his hand opening the door, so he could not evaluate any nonverbal cues like body language or gestures either. As the Eleventh Circuit already concluded, under those circumstances, "materially similar caselaw pre-dating Officer Gregory's actions makes clear that the Fourth Amendment prohibited his conduct." *Dukes v. Sheriff of Levy Cnty.*, 155 F.4th 1291, 1298 (11th Cir. 2025).

Gregory's request for judgment as a matter of law based on qualified immunity is denied.

**II.**

Next, Gregory seeks a new trial. He argues the trial was unfair because the jury was not given special interrogatories that would allow the court to determine his entitlement to qualified immunity.

Gregory is correct, of course, that "a defendant is entitled to have any evidentiary disputes upon which the qualified immunity defense turns decided by the jury so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense." ECF No. 140 at 15 (quoting *Edwards*,

179 F.4th at 923). As Dukes notes in his response, this was repeatedly addressed at the pretrial conferences. The problem for Gregory is that he never proposed—and still cannot identify—an appropriate special interrogatory that would have allowed the jury to decide "the issues of historical fact that are determinative of the qualified immunity defense." *Edwards*, 179 F.4th at 923 (quoting *Johnson v. Breeden*, 280 F.3d 1308, 1318 (11th Cir. 2002)); *see also, e.g.*, ECF No. 81 at 3; ECF No. 100 at 3; ECF No. 111 at 2. Dukes addresses this failure in detail in his response.

Gregory proposed that the court ask the jury, "Could a reasonable officer in Deputy Gregory's position believe that Mr. Dukes's actions, in the totality of the circumstances, communicated consent to enter his home?" ECF No. 100 at 3. This would have been error, because it is essentially asking the reasonableness question that is not for the jury. *See Simmons v. Bradshaw*, 879 F.3d 1157, 1166 (11th Cir. 2018) (finding jury interrogatory about reasonableness of officer's mistake improper "because it effectively delegated resolution of the issue of qualified immunity to the jury").

To be sure, Gregory proposed other questions that were factual. For example, he proposed the court ask the jury, "Did Mr. Dukes intend for his conduct of opening the door to communicate permission for the person(s) knocking outside to enter his home?" ECF No. 100 at 3. But he could not tie this to the qualified immunity issue. Gregory has not shown that Dukes's subjective intent in opening the door is relevant

to the qualified immunity issue. The same is true for Gregory's other proposed special interrogatories.

Requests for special interrogatories are properly denied where "the answer to each requested special interrogatory was either covered by the verdict and jury findings, or it was irrelevant to the qualified immunity issue in light of the verdict and jury findings." *Johnson*, 280 F.3d at 1318. That was the case here—Gregory proposed special interrogatories that were irrelevant or redundant and confusing about the question of whether there was a constitutional violation—or that sought to directly ask the jury the ultimate question about qualified immunity. Even when given additional opportunities, Gregory could not propose interrogatories that addressed the "who-what-when-where-why type of historical fact issues" as required. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1488 (11th Cir. 1996). He has thus not shown that the court's refusal to ask special interrogatories justifies a new trial.

Finally, to the extent Gregory contends a new trial is warranted because the court disallowed testimony about his law enforcement training regarding consent, the argument fails. As noted above, the inquiry turns on an objective standard—not Gregory's subjective belief. So training that may or may not have shaped those subjective beliefs was irrelevant.

* * *

Gregory's motion (ECF No. 140) is DENIED.

SO ORDERED on November 12, 2026.

s/ *Allen Winsor*
Chief United States District Judge